# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS and MICHELLE MORRIS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF FRESNO and FRESNO POLICE DEPARTMENT,<br><br>　　　　　Defendants. | 1:08-cv-01422 OWW GSA<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

　　　　Plaintiffs Robert Morris and Michelle Morris ("Plaintiffs"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on September 23, 2008. Plaintiffs allege false arrest and imprisonment, police brutality, violation of due process of law, conspiracy to deprive equal protection of laws, officer misconduct and conspiracy. Plaintiffs name the City of Fresno and the Fresno Police Department as Defendants.

## DISCUSSION

A.　　Screening Standard

　　　　Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiffs, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiffs' favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiffs must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiffs' claims. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

B.     Plaintiffs' Allegations

According to the allegations in the complaint, which are very sparse, Plaintiff Robert Morris' car was towed and impounded, his left shoulder was injured by a Fresno Police Department employee, officers did not conduct an investigation of the Plaintiffs' allegations of being assaulted and robbed, and incomplete and false information was given to the District Attorney causing an indictment to issue against Plaintiff Robert Morris.

Plaintiffs request payment of all medical bills incurred from October 28, 2007, through the present, compensation for pain and suffering, mental stress, loss of career and permanent injury, disciplinary action against the officers, and a letter of apology. The total amount of relief is identified as "Unlimited." Complaint, at 2.

C.     <u>Analysis</u>

     1.    *Rule 8(a)*

Although Plaintiffs attempt to allege multiple causes of action in paragraph form, they do not provide factual allegations regarding the alleged incident(s) at issue. In short, they provide insufficient information to state legally cognizable causes of action. It is Plaintiffs' burden, not that of the Court, to separately identify claims and state facts in support of each claim.

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 47 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but does require a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. Here, several of the allegations are simply phrases, without a sufficient factual statement. For example, Plaintiffs should include a statement of basic facts underlying their claims, such as the date, the place, the individuals involved and the surrounding circumstances.

Plaintiffs will be given an opportunity to amend their complaint to comply with Rule 8(a). In addition to the following legal standards, Plaintiffs are advised that their complaint must contain all necessary factual allegations.

     2.    *Applicable Legal Standards*

In the paragraphs that follow, the Court will provide Plaintiffs with the legal standards that appear to apply to their claims. Plaintiffs should carefully review the standards and amend only those claims that they believe, in good faith, are cognizable.

         a.    Civil Rights Claims

             *42 U.S.C. § 1983*

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates

in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)(quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).  Moreover, a municipality may not be sued under section 1983 solely because an injury was inflicted by is employees or agents.  A municipality as an entity may only be responsible when execution of a government's policy or custom inflicts the injury.  Long, 442 F.3d 1185.

   Therefore, in order to state a claim for relief under section 1983, Plaintiffs must link a named defendant with some affirmative act or omission that demonstrates a violation of their federal rights or link the municipality to the execution of a policy or custom.  However, Plaintiffs' complaint does not contain facts that link the defendant municipality to the execution of a policy or custom or that link a named defendant to acts of deprivation.  Although Plaintiffs refer to Fresno Police Department employee Christopher Long, Mr. Long is not listed as a defendant.  The complaint also does not clearly identify Mr. Long's "direct, personal" participation.

   Plaintiffs also attempt to allege a conspiracy by Defendants.  A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

b.   *Due Process*

The Due Process Clause of the Fourteenth Amendment protects individuals from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, procedural due process claims require (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003). Plaintiffs generally assert that their due process rights were violated by the alleged failure of unidentified officers to conduct an investigation into Plaintiffs' "allegations of being assaulted & robbed." Complaint, at 1. Plaintiffs provide no other facts to demonstrate the deprivation of a protected liberty or property interest or denial of procedural protections.

c.   *Equal Protection*

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).

In their fourth cause of action, Plaintiffs make vague allegations that their right to equal protection has been denied because an unidentified person or entity "knowingly and unlawfully gave incomplete and false information...to the District Attorney causing an indictment to be issued against [Plaintiff Robert Morris]." Complaint, at 2. There is no allegation or indication that Plaintiff Robert Morris is a member of a protected class. Plaintiffs also fail to explain who was responsible for the alleged acts and how Plaintiff Robert Morris was denied equal protection.

d.   State Law Claims

*False Imprisonment*

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998)

5

(quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)).  "The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) *without lawful privilege*, and (3) for an appreciable period of time, however brief."  Lyons v. Fire Ins. Exchange, 161 Cal.App.4th 880, 888 (2008) (internal citations omitted)(emphasis added).  Although Plaintiffs' first cause of action is labeled "False Arrest and Imprisonment," Plaintiffs have not alleged facts supporting this claim.  Complaint, at 1.

*Intentional and Negligent Infliction of Emotional Distress*

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by defendant's outrageous conduct.  Sabow v. United States, 93 F.3d 1445, 1454 (9th Cir. 1996) (citing to Christensen v. Superior Court, 54 Cal.3d 868 (1991)) (quotations omitted).

Negligent infliction of emotional distress, however, is not an independent tort, but the tort of negligence, Burgess v. Superior Court, 2 Cal.4th 1064 (1992), and "contains the traditional elements of duty, breach of duty, causation and damages."  Jacoves v. United Merchandising Corp., 9 Cal.App.4th 88, 107 (Ct. App. 1992).  To the extent Plaintiffs may be attempting to pursue a separate claim for relief for the negligent infliction of emotional distress, they may not do so.

## CONCLUSION

For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiffs' amended complaint is due within thirty (30) days of the date of service of this order.  If Plaintiffs fail to file an amended complaint, the Court will recommend that this action be dismissed for failure to follow a court order.

Plaintiffs are reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220.  Plaintiffs are warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IT IS SO ORDERED.

Dated:     **November 21, 2008**                             **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE