# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT MORRIS and MICHELLE MORRIS, | ) | 1:08-cv-01422 OWW GSA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| v. | ) | WITH LEAVE TO AMEND |
| | ) | |
| CITY OF FRESNO and FRESNO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs Robert Morris and Michelle Morris ("Plaintiffs"), appearing pro se and proceeding in forma pauperis, filed the instant amended complaint on January 28, 2009. Plaintiffs allege false arrest and imprisonment, police brutality, violation of due process of law, conspiracy to deprive equal protection of laws, officer misconduct and conspiracy. Plaintiffs name the City of Fresno, Mayor Ashley Swearington, former-Mayor Alan Autry, the Fresno Police Department, Officer Christopher Long, Officer Jeromey DeMoss, Detective Branden Rhames, Lieutenant Martinez, and Chief of Police Jerry Dyer as Defendants.

## I.

## DISCUSSION

A.  <u>Screening Standard</u>

In light of the amended complaint, and pursuant to Title 28 of the United States Code Section 1915(e)(2), the court has reviewed the complaint for sufficiency to state a claim. The

court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Although Plaintiffs attempt to allege many causes of action and provide a description of their alleged experiences, the narrative-style complaint is insufficient to state legally cognizable causes of action. It is Plaintiffs' burden, not that of the Court, to separately identify claims and state facts in support of each claim. If Plaintiffs wish to allege causes of action they must separate each claim and state facts in support of each individual claim. It is very difficult for the court to sift through the complaint and attempt to speculate as to which facts go with which claim, or how each Defendant relates to each cause of action. Moreover, Plaintiffs' complaint does not comport with Local Rule 7-130 which provides that documents must be "double-spaced." Plaintiffs' complaint is single-spaced.

B.      Plaintiffs' Allegations

Plaintiffs Robert and Michelle Morris bring this action against the City of Fresno, Mayor Ashley Swearengin, former Mayor Alan Autry, the Fresno Police Department, Officers Christopher Long and Jeremy DeMoss, Detective Rhames, Lieutenant Martinez and Chief of Police Jerry Dyer.

The best the Court can discern, is Plaintiffs' allegations arise from an incident that

occurred on October 28, 2007, wherein Plaintiffs were apparently awaiting law enforcement assistance for a purported assault and robbery committed by unidentified third persons, however, the response ultimately resulted in Plaintiff Robert Morris's arrest for unspecified criminal charges.

Plaintiff Robert Morris seeks reimbursement for medical costs incurred as a result of Officer Long's actions, compensation for pain and suffering, and for the loss of his career as a floor covering installer due to permanent injury, disciplinary action against involved officers, a letter of apology from the City of Fresno and the Fresno Police Department, and punitive damages. Plaintiff Robert Morris's demand is "UNLIMITED." (Am. Comp., at 5.) Plaintiff Michelle Morris seeks "relief for her losses" and states "a demand of UNLIMITED." (Am. Comp., at 7.)

C.  Section 1983 Claims

1.  *Preliminary Matters*

As a preliminary matter, the Court notes the following:

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a section 1983 claim, a plaintiff must plead that (1) defendant acted under color of state law at the time the complained of act was committed, and (2) defendant deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the

deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

        a. *Named Defendants City of Fresno & Fresno Police Department*

Insofar as Plaintiffs name the City of Fresno and the Fresno Police Department, neither agency is a "person" for purposes of section 1983. Accordingly, the City of Fresno and the Fresno Police Department are not proper defendants.

        b. *Supervisory Personnel*

Plaintiffs are advised that supervisory personnel, such as Mayor Swearengin and Former Mayor Alan Autry, as well as Fresno Chief of Police Jerry Dyer and Lieutenant Martinez are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To show a prima facie case of supervisory liability, plaintiffs must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiffs have failed to state how Mayor Swearengin or Former Mayor Autry personally participated in the alleged deprivation of their constitutional rights, how either the mayor or former mayor knew of the violations and failed to act to prevent them, or how either of them "promulgated or implemented a policy 'so deficient that the policy itself is a repudiation of constitutional rights.'" *Hansen v. Black*, 885 F.2d at 646.

Finally, with specific regard to Police Chief Dyer and Lieutenant Martinez, while

Plaintiffs' complaint states that Chief Dyer and Lieutenant Martinez had knowledge of the constitutional violations alleged, neither could have prevented any violation, for, assuming Dyer and Martinez had such knowledge, it was only after the alleged deprivation had taken place.

Absent additional facts, as currently alleged, Plaintiffs cannot state a prima facie case of supervisory liability against Chief Dyer or Lieutenant Martinez, Mayor Swearengin or Former Mayor Autry.

   c. *Monell Claims*

To the degree that Plaintiffs allege "municipal liability" (Am. Comp., at 3-4) for numerous instances of "police misconduct", a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436 U.S. at 691; *Webb v. Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003); *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. *Gibson*, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. *Gibson*, at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." *Id*. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." *Id.*

Plaintiffs have failed to allege that the Fresno Police Department or the City of Fresno have a "policy, custom, or practice [that] was the 'moving force' behind" (*Galen v. County of Los Angeles,* 477 F.3d at 667) the constitutional violation suffered. Neither have Plaintiffs

5

shown that either the Fresno Police Department or the City of Fresno were on "actual or constructive notice that its omissions would likely result in a constitutional violation" (*id.*). Therefore, Plaintiffs have failed to link the municipality to the execution of a policy or custom, required to state a claim for relief under section 1983.

      2. *Excessive Force*

While it is not entirely clear from the complaint, and is not specifically listed as a cause of action, where Plaintiffs reference "police brutality," the Court will construe this claim to be one of excessive force.

Plaintiff Robert Morris asserts he was the victim of "police brutality" by Officer Long on October 28, 2007, wherein, during a blood draw, Officer Long "turned Mr. Morris's wrist into a arm-bar lock," using force such that Plaintiff's shoulder was "dislocated and his ligament torn." According to Plaintiff Robert Morris, Officer Long was screaming at him, telling him "to move so that [Officer Long] could brake [*sic*] the arm." (Am. Comp., at 2.)

Plaintiffs further assert that such action was unnecessary for Robert Morris was compliant, quiet and calm during the procedure. Plaintiffs contend Officer Long's actions were in violation of their Fourteenth Amendment rights.

It appears that Plaintiffs can successfully state a claim for excessive force as against Officer Long.

      3. *Due Process Violation*

Plaintiffs claim Officers Long and DeMoss violated their rights to due process under the Fourteenth Amendment by refusing to investigate Plaintiffs' complaint regarding an assault, and where the officers "clearly" knew Plaintiffs to be victims. (Am. Comp., at 2, 5-6.) Further, Plaintiffs claim Detective Rhames similarly violated their due process rights by refusing to return stolen property belonging to Plaintiffs, and for failing to investigate the assault and robbery. (Am. Comp., at 2-3.)

The Due Process Clause of the Fourteenth Amendment protects individuals from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, procedural due process claims require (1) a deprivation of a

constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).

Plaintiffs' conclusory allegation that they were deprived of their constitutional right to due process when certain law enforcement officials failed to investigate their claims of being the victims of assault and robbery, is insufficient. Plaintiffs do not have a constitutional right that permits them to force law enforcement officials to conduct investigations. *See DeShaney v. Winnebago County Dept. Of Social Services*, 489 U.S. 189, 196-197 (1989) ("'Although the liberty protected by the Due Process Clause affords protection against unwarranted government interference . . ., it does not confer an entitlement to such [government aid] as may be necessary to realize all the advantages of that freedom . . ."); *cf. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). "Put simply, not every social injustice has a judicial remedy." *Nunez v. City of Los Angeles*, 147 F.3d 867, 874 (9th Cir. 1998).

With regard to Plaintiffs' claim that Detective Rhames refused to "return the stolen property (valued at $500.00-Felony)" (Am. Comp., at 3 & 6), Plaintiffs fail to even identify what property they claim was stolen from them and why it was not returned by Detective Rhames. In fact, it is not clear to the Court how the property even came to be in possession of law enforcement officials. While Plaintiffs include the fact that Detective Rhames told Plaintiffs that "he wasn't going to deal with the matter, and for [Plaintiffs] to just deal with it" (Am. Comp., at 3), Plaintiffs also fail to assert that they made no other efforts to seek the return of the property or

that they have no other adequate post-deprivation procedure available to them under state law if in fact the property were seized pursuant to a search warrant. *See King v. Massarweh*, 782 F.2d 825, 827 (9th Cir. 1986), citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981). Absent more information, Plaintiffs fail to assert a due process violation against any Defendants regarding the purported "stolen property," and as such, have failed to state a cognizable claim.

        4.     *Equal Protection Violation*

Plaintiffs allege that Officers DeMoss and Long violated their constitutional rights to equal protection, under the Fourteenth Amendment, by failing to file a police report regarding the assault and robbery of Plaintiffs. (Am. Comp., at 3 & 6.) Plaintiffs assert that Officer DeMoss "clearly knew he refused doing a proper investigation" (Am. Comp., at 3), and by so failing, deprived Plaintiffs of their "right to be protected against criminal acts committed" (Am. Comp., at 3) because the Fresno County District Attorney's Office would be unable to investigate the matter "without the referal [*sic*]." (Am. Comp., at 3.) Plaintiffs also allege that Lieutenant Martinez violated Plaintiff Michelle Morris's constitutional right to equal protection when he "refused to recognize" her right to have the "officers held accountable." (Am. Comp., at 6.) It is also asserted that Chief Dyer failed to investigate complaints. (Am. Comp., at 6.) Moreover, Plaintiff Michelle Morris claims a violation of her equal protection rights where the mayor of Fresno failed to uphold the oath of office, to "serve the citizens of Fresno" and to "resolve matters of the city" and its employees. (Am. Comp., at 7.)

Further, Plaintiff Robert Morris asserts that his rights to equal protection were also violated by Officers Long and DeMoss when the officers failed to conduct "a line-up at the in-field show-up" because the officers knew "that the assailants [of the assault and robbery] were inside the residence." (Am. Comp., at 3.) Plaintiffs claim his equal protections rights were violated when the officers "refused to allow [him] to be seen by E.M.S." that had been called to the scene. (Am. Comp., at 3.)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal

protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." *Squaw Valley*, 375 F.3d at 944; *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiffs' claims of equal protection violations are insufficient and conclusory. They make no effort to identify themselves as members of a suspect or identifiable class. *Thornton v. City of St. Helens*, 425 F.3d at 1167. Further, Plaintiffs have not alleged they are members of an identifiable class, intentionally treated differently from others similarly situated, or that there was no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564. Plaintiffs makes no claim of selective enforcement as the result of an impermissible motive. As but a single example, Plaintiff Robert Morris complains the officers would not permit him to be seen by EMS, yet he fails to provide any information beyond a vague reference to an "assault" - there is no information about what injuries he may have incurred that would have even required

he be seen by medical personnel.[1] While Plaintiffs' amended complaint certainly provides more information than the original complaint, it is nevertheless insufficient to state a claim for an equal protection violation.

    5. *Conspiracy*

Plaintiffs contend a conspiracy by Defendants "to cover-up by ignoring . . . consistant [*sic*] attempts for justice" where the Fresno Police Department "clearly knew of the issues in this case, matter, and was willing to let false charges be placed against" Robert Morris. (Am. Comp., at 4.) Plaintiffs also assert the "Mayor is not immune" as the "head of government." (Am. Comp., at 7.)

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights'" (*Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001); quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights (*Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006), quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441, quoting *United Steel Workers*, 865 F.2d at 1541.

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the

---

[1] *Cf. Dean v. City of Fresno*, 546 F.Supp.2d 798, 820-821 (E.D. Cal. 2008) (City was not liable under § 1983 for police officers' violation of detainee's Fourteenth Amendment right to medical care after swallowing cocaine since there was no showing that any policies or customs by city amounted to deliberate indifference to constitutional rights; furthermore, city was not liable on failure to train theory since the officers were particularly trained to obtain medical care for those who ingested drugs).

grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id*. at 1964-65 (internal quotations & citations omitted).

Plaintiffs' bare allegation that Defendants conspired to violate their constitutional rights will not suffice to give rise to a conspiracy claim under section 1983. Simply stating Defendants conspired against Plaintiffs because they "knew" of the "issues" does not establish proof of "'an agreement or meeting of the minds to violate constitutional rights.'" *Franklin v. Fox*, 312 F.3d at 441. As stated, Plaintiffs' claim is pure speculation.

D.    *False Arrest and Imprisonment*

Plaintiffs allege Robert Morris was falsely arrested and imprisoned on October 28, 2007. (Am. Comp., at 1-2.) It appears Plaintiffs were stopped by Fresno Police Officer Christopher Long at about 10:06 p.m. that evening. Plaintiffs allege that Officer Long "clearly knew and understood" that they were victims of assault and robbery, yet, for reasons unclear in the amended complaint, Plaintiff Robert Morris was transported by Officer Long to a facility in order to provide a blood sample, then ultimately transported to the Fresno County Jail. He was released October 29, 2007.

Further, Plaintiffs allege that Officer DeMoss "directly allowed the suspects to go inside their residence" (Am. Comp., at 1), and as a result deprived Plaintiffs of an "in-field show-up" (Am. Comp., at 1).

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting *Asgari v. City of Los Angeles*, 15 Cal.4th 744, 757 (1997)). "The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) *without lawful privilege*, and (3) for an appreciable period of time, however brief." *Lyons v. Fire Ins. Exchange*, 161 Cal.App.4th 880, 888 (2008) (internal citations omitted & emphasis added).

Plaintiffs fail to state facts sufficient to establish nonconsensual, intentional confinement, and in the absence of lawful privilege. It is not clear from the amended complaint upon what basis Plaintiff Robert Morris was arrested. He does not so state. Rather, he merely states that he

1  "drove directly as a necessity, in <u>fear of his life</u>" and that he was thereafter transported and
2  "forced to give a blood draw at the traffic bureau," prior to ultimately being taken to the Fresno
3  County Jail.  (Am. Comp., at 1, emphasis in original.)
4       As presented, Plaintiffs' claim regarding false arrest and imprisonment is insufficient to
5  state a claim for relief.

**CONCLUSION**

7       For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND.
8  Plaintiffs' second amended complaint is due within thirty (30) days of the date of service of this
9  order.  If Plaintiffs fail to file a second amended complaint, the Court will recommend that this
10 action be dismissed for failure to follow a court order.
11      The "court's discretion to deny leave to amend is particularly broad where the court has
12 already given the plaintiff an opportunity to amend his complaint."  *Fidelity Financial Corp. v.*
13 *Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986).  Plaintiffs are
14 afforded another opportunity to amend their complaint in a clear and concise manner, and in light
15 of the foregoing deficiencies identified by the Court.
16      Plaintiffs are reminded that an amended complaint supercedes the original complaint
17 (*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565,
18 567 (9th Cir. 1987)), and must be "complete in itself without reference to the prior or superceded
19 pleading."  Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an
20 original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d
21 at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord*
22 *Forsyth*, 114 F.3d at 1474.

26      IT IS SO ORDERED.
27     **Dated:  February 23, 2009**             **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE