# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT MORRIS and MICHELLE MORRIS, | ) | 1:08-cv-01422 OWW GSA |
| | ) | |
| Plaintiffs, | ) ) | FINDINGS AND RECOMMENDATIONS FOLLOWING SCREENING OF SECOND AMENDED COMPLAINT |
| v. | ) | |
| FRESNO POLICE DEPARTMENT OFFICERS CHRISTOPHER LONG, JEREMY DeMOSS, and DETECTIVE BRENDAN RHAMES, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs Robert Morris and Michelle Morris ("Plaintiffs"), appearing pro se and proceeding in forma pauperis, filed a second amended complaint on March 18, 2009. Plaintiffs allege excessive force, false arrest and imprisonment, a violation of equal protection rights, defamation, and a violation of due process of law. Plaintiffs name Fresno Police Department Officers Christopher Long and Officer Jeremy DeMoss, and Detective Brendan Rhames as Defendants.

**I.**

**DISCUSSION**

A. <u>Screening Standard</u>

In light of the second amended complaint, and pursuant to Title 28 of the United States Code Section 1915(e)(2), the court has reviewed the complaint for sufficiency to state a claim.

The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

B.   Plaintiffs' Allegations

Plaintiffs Robert and Michelle Morris bring this action against Fresno Police Department Officers Christopher Long and Jeremy DeMoss, and Detective Rhames.

Plaintiffs' allegations arise from an incident that occurred on October 28, 2007, wherein Plaintiffs were awaiting law enforcement assistance for a purported assault and robbery committed by unidentified third persons; however, the response ultimately resulted in Plaintiff Robert Morris's arrest for driving under the influence.

Plaintiff Robert Morris seeks reimbursement for medical costs incurred as a result of Officer Long's actions, and unlimited damages for compensation for pain and suffering, and for the loss of his career as a floor covering installer due to permanent injury. He also seeks punitive damages for the violations of his civil rights. Plaintiff Michelle Morris seeks reimbursement of $500.00 for the loss of her boxer puppy and punitive damages for the civil rights violations in an unlimited amount.

C. The Federal & State Claims

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a section 1983 claim, a plaintiff must plead that (1) defendant acted under color of state law at the time the complained of act was committed, and (2) defendant deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiffs must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiffs' federal rights.

1. *Excessive Force*

A claim of excessive force in the course of making an arrest, an investigatory stop, or other seizure, may be brought in a section 1983 claim. This claim is properly analyzed under the Fourth Amendment's objective reasonableness standard. *Scott v. Harris*, 127 S. Ct. 1769 (2007); *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865 (1989). This assessment involves determining whether the force was objectively reasonable "in light of the facts and circumstances confronting the officer without regard to the underlying intent or motivation." *Graham v. Connor*, 109 S. Ct. at 1865. Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing

governmental interests at stake. *Gregory v. County of Maui*, 523 F. 3d 1103, 1106 (9th Cir. 2008), citing *Graham v. Connor*, 109 S. Ct. at 1865. The factors the court uses in this analysis are: (1) the severity of the crime at issue, (2) whether a suspect poses an immediate threat to the safety of the officer and others, and (3) whether a suspect resists arrest. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F. 3d 912, 921 (9th Cir. 2001). The absence of probable cause of an arrest does not grant an individual the right to offer resistance. *United States v. Span*, 970 F. 2d 573, 580 (9th Cir. 1992).

Plaintiff Robert Morris asserts he was the victim of excessive force by Officer Long. On October 28, 2007, during a blood draw, Officer Long turned Robert Morris's wrist using such force that Plaintiff's shoulder was dislocated and a ligament was torn. According to Plaintiffs, Officer Long threatened to break his arm. Plaintiffs further assert that such action was unnecessary for Robert Morris was compliant, quiet and calm.

Plaintiff Michelle Morris asserts she was the victim of excessive force due to the actions of Officer DeMoss. On October 28, 2007, Officer DeMoss, having already placed Plaintiff Michelle Morris in handcuffs, quickly and unexpectedly pulled her up from a sitting position on the curb, causing large bruises on Plaintiff Michelle Morris's arm.

Plaintiffs state cognizable claims for excessive force in violation of their federal constitutional rights.

2. *Equal Protection Violations*

Plaintiffs assert their constitutional rights to equal protection were violated. More particularly, Mr. Morris asserts his equal protection rights were violated because Officer Long failed to permit Mr. Morris to be treated by EMS personnel, thereby denying him necessary medical care. Mr. Morris was bleeding from the ears with blood running down both sides of his face, and he suffered from numerous bruises and abrasions.

As previously indicated in the Order dated February 23, 2009, the Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that

4

the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." *Squaw Valley*, 375 F.3d at 944; *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiffs fail to state a claim for a violation of equal protection. Plaintiffs do not show Robert Morris was intentionally discriminated against on the basis of his membership in a protected class. Neither does Plaintiff Robert Morris allege that he is a member of an identifiable class.

Plaintiffs do state that they believe they were treated differently because the residents of the home at which the disturbance arose operated towing companies and/or were tow truck operators that performed services at the request of the Fresno Police Department. But again, whereas that information may be relevant to motive or a lack of rational basis, Plaintiffs have failed to identify that Robert Morris was a member of an identifiable class.

Plaintiffs have failed to state a claim for a violation of equal protection rights.

3.  *False Arrest and Imprisonment*

Plaintiffs allege Robert Morris was falsely arrested and imprisoned on October 28, 2007. Officer Long followed Plaintiffs from the area of the initial disturbance at 2904 Austin Way in Fresno. During his contact with Plaintiffs, Officer Long apparently took note of their injuries and called for emergency medical services to respond. Rather than permitting Plaintiff Robert Morris to be treated by EMS personnel, Officer Long arrested Mr. Morris for driving under the influence and transported him to the jail. Mr. Morris claims he was not permitted to perform field sobriety tests, nor the breath test. He also complains that he was not permitted to call his private attorney so that his attorney could be present.[1]

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting *Asgari v. City of Los Angeles*, 15 Cal.4th 744, 757 (1997)). "The elements of a tortious claim of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2)

---

[1] The Sixth Amendment to the United States Constitution provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel attaches only upon "the initiation of adversary judicial criminal proceedings" against the defendant. *United States v. Gouveia*, 467 U.S. 180, 189 (1984). This right applies to all "critical stages" of the prosecution both before, during, and after trial. *Gouveia*, 467 U.S. at 189 (citing *United States v. Wade*, 388 U.S. 218, 225-27 (1967)). However, there is no Sixth Amendment right to counsel when the plaintiff is asked to submit to a chemical test because the plaintiff is "not entitled to assert the privilege [against self-incrimination]" by refusing to submit to a chemical test. *Schmerber v. California*, 384 U.S. 757, 760-66 (1966).

Also, Plaintiffs complain that Officer Long permitted six to eight unidentified subjects, who purportedly robbed and assaulted Plaintiffs, to get away. As previously discussed in this Court's order of February 23, 2009, however, Plaintiffs does not have a constitutional right that permits them to force law enforcement officials to conduct investigations. *See DeShaney v. Winnebago County Dept. Of Social Services*, 489 U.S. 189, 196-197 (1989) ("'Although the liberty protected by the Due Process Clause affords protection against unwarranted government interference . . ., it does not confer an entitlement to such [government aid] as may be necessary to realize all the advantages of that freedom . . .'"); *cf. Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Thus, Plaintiffs cannot assert a cause of action related to Officer's Long purported failure to investigate.

without lawful privilege, and (3) for an appreciable period of time, however brief." *Lyons v. Fire Ins. Exchange*, 161 Cal.App.4th 880, 888 (2008) (internal citations omitted).

Although it is not entirely clear from the second amended complaint, this Court will presume that Plaintiff Robert Morris was not convicted of a violation of the California Vehicle Code for driving under the influence. Assuming the lack of conviction, Plaintiffs state a cognizable claim for false arrest and imprisonment based upon Robert Morris's arrest in the absence of lawful privilege.

    4.    *Defamation*

Plaintiffs assert defamation of character as against Officer Long. More particularly, on April 29, 2008, Plaintiffs claim Officer Long made statements at a DMV administrative hearing that Plaintiff Michelle Morris had been placed under arrest for "being drunk in public, and that Officer DeMoss had taken Plaintiff Mrs. Morris to jail . . .." On a second occasion, on June 12, 2008, Officer Long stated that Mrs. Morris had been "taken into custody for violat[ing Penal Code section] 647f." Mrs. Morris was never arrested.

Plaintiffs' complaint expressly states the purported defamation by Officer Long is "[a] violation of California [l]aw. Federal Court has jurisdiction over state claims, when there [*sic*] [c]ivil in nature." Federal courts may exercise supplemental jurisdiction.[2]

---

[2] Reputation alone does not implicate any "liberty" or "property" interests sufficient to invoke the procedural protection of the due process clause, and something more than simple defamation by a state official must be involved to establish a claim under section 1983. *Paul v. Davis*, 424 U.S. 693, 701 (1976). A plaintiff's allegation that is based solely on the charge of defamation is not sufficient to state a claim under section 1983, unless the act by the public official significantly altered a protected status previously recognized by state law. *Id.*, at 710-11; *see also Grennier v. Frank*, 453 F.3d 442, 445 (7th Cir. 2006) (citing *Paul v. Davis*, and noting that "the shame and humiliation of being called a criminal is not enough by itself to require a hearing under the Due Process Clause"); *Kaylor v. Fields*, 661 F.2d 1177, 1181 (8th Cir. 1981) (allegation that prosecutor made baseless accusation of criminal activity to the media without filing charges was not actionable under § 1983). In *Gabbert v. Conn*, 131 F.3d 793, 800-01 (9th Cir. 1997), *rev'd on other ground sub nom. Conn v. Gabbert*, 526 U.S. 286 (1991), the court held that injury to professional reputation is not a liberty interest protected by the Fourteenth Amendment. Additionally, to support a section 1983 claim based on injury to reputation, a plaintiff must allege "that the stigma was accompanied by some additional deprivation of liberty or property . . . protected by the state that directly affects the plaintiff's rights." *Miller v.*

Based on the above, Plaintiffs' complaint appears to assert a claim for defamation under California law.

"Defamation is an invasion of the interest in reputation. The tort involves the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Ringler Associates Inc. v. Maryland Cas. Co.*, 80 Cal.App.4th 1165, 1179, 96 Cal.Rptr.2d 136 (2000). "Publication, which may be written or oral, is defined as a communication to some third person who understands both the defamatory meaning of the statement and its application to the person to whom reference is made." *Id.* Publication to a single individual is sufficient to satisfy the publication element of a defamation claim. *Id.; see Smith v. Maldonado*, 72 Cal.App.4th 637, 645, 85 Cal.Rptr.2d 397 (1999); *see also* Cal. Civ.Code § 46.

Plaintiffs assert that Officer Long damaged Mrs. Morris's reputation by falsely testifying at the administrative per se hearing that Mrs. Morris was arrested for a violation of California Penal Code section 647f, when in fact Mrs. Morris was not arrested for any violation. Rather, after initial detention by Officer DeMoss, Mrs. Morris was released. Thus, Plaintiffs have stated a cognizable claim for defamation under California law.

5. *Due Process Violation*

Plaintiffs claim Detective Brendan Rhames violated their rights to due process of law. Plaintiff assert, as they did in their first amended complaint, that Detective Rhames failed to return stolen property to them, now identified as a purebred boxer puppy worth $500. Plaintiffs assert that Detective Rhames's failure to return the puppy was unreasonable and "without morals."

The Due Process Clause of the Fourteenth Amendment protects individuals from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S.

---

*California*, 355 F.3d 1172, 1178 (9th Cir. 2004) (citation omitted). Plaintiffs' claim does not assert an act by a public official that significantly altered a protected status previously recognized by state law, nor does Plaintiffs' complaint contain a stigma plus allegation regarding any additional deprivation of liberty or property.

539, 556 (1974). However, procedural due process claims require (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).

Here, Plaintiffs' claim fails because the puppy was never seized or in the possession of Detective Rhames or the Fresno Police Department. Rather, Plaintiffs' complaint indicates that the puppy was found in possession of a third party, who claimed ownership of the animal, when Detective Rhames located it. The puppy was left in the care of the third party. Thus, Detective Rhames cannot be said to have denied Plaintiffs their due process rights because the government never possessed the puppy and as such did not deprive Plaintiffs of a constitutionally protected liberty or property interest, nor did it deny Plaintiffs adequate procedural protections.

## CONCLUSION AND RECOMMENDATION

Plaintiffs state cognizable claims against Defendants Long and DeMoss for excessive force. Relatedly, Plaintiff Robert Morris asserts cognizable state law claims for false arrest and imprisonment, and defamation against Defendant Long. However, Plaintiffs fail to state cognizable claims for violations of their equal protection and due process rights. Plaintiffs have been granted leave to amend on two prior occasions, and have been provided with the legal standards applicable to their claims, yet Plaintiffs have failed to cure these deficiencies previously addressed. Because the deficiencies pertaining to Plaintiffs' equal protection and due process claims cannot be cured by amendment, this Court recommends that further leave to amend not be granted.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed against Defendants Long and DeMoss for excessive force in violation of Plaintiffs' federal constitutional rights for the injuries suffered by Robert and Michelle Morris, and against Defendant Long for state law claims of false arrest and imprisonment, and defamation by Plaintiff Robert Morris;

2. Plaintiffs' equal protection and due process claims arising under the Fifth and Fourteenth Amendments be dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

3. Defendant Detective Brendan Rhames shall be dismissed from this action as a result of Plaintiffs' failure to state a claim for a violation of due process against him.

These Findings and Recommendations will be submitted to the Honorable United States District Judge Oliver W. Wanger, pursuant to the provisions of Title 28 U.S.C. Section 636(b)(1). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections to the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: April 17, 2009**          /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE