# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS and MICHELLE MORRIS,<br><br>  Plaintiffs,<br><br>  v.<br><br>FRESNO POLICE DEPARTMENT OFFICERS CHRISTOPHER LONG, JEREMY DeMOSS, and DETECTIVE BRENDAN RHAMES,<br><br>  Defendants. | 1:08-cv-01422 OWW GSA<br><br>ORDER REGARDING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT<br><br>(Docs. 34 & 35.) |

      Plaintiffs Robert Morris and Michelle Morris ("Plaintiffs"), appearing pro se and proceeding in forma pauperis, filed objections to the Magistrate Judge's Findings and Recommendations of April 17, 2009.  (Doc. 34.)  On June 5, 2009, in the Order Adopting Findings and Recommendations, the Honorable Oliver W. Wanger construed Plaintiffs' objections or opposition to be a motion for leave to amend and remanded the matter to this Court for further consideration.  (*See* Doc. 35 at 2.)

//

//

//

//

//

# I.

# DISCUSSION

**A.   Legal Standard**

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  When considering a motion for leave to amend, the Ninth Circuit has summarized the factors for the court to consider as follows: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment.  *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  However, not all factors merit equal weight.  *Eminence Capital, LLC, v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir. 2003).  It is the consideration of prejudice that carries the greatest weight.  *Id*.

Granting or denial of leave to amend rests in the sound discretion of the trial court. *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir.1996).  Moreover, despite the policy favoring amendment under Rule 15, where the court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is "particularly broad." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir.1999).  Leave to amend may also be denied if the proposed amendment is futile or would be subject to dismissal.  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991).

**B.   Analysis**

Plaintiffs seek to amend their complaint to state a cause of action against the City of Fresno Police Department, asserting it had "'a deliberate policy, custom, and practice . . . and that in itself was a 'moving force' behind the constitutional violation'" (Doc. 34 at 2) from which Plaintiffs suffer.

//
//

**1.      Undue Delay**

Relevant to evaluating the delay issue is "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990); *see also Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court did not abuse its discretion in denying a motion to amend based on undue delay where facts were available to a plaintiff before previous amendments to the complaint).

Plaintiffs have been given two previous opportunities to amend their complaint to state a cause of action against the City of Fresno or Fresno Police Department.  (*See* Docs. 15 & 29.) *Griggs v. Pace Am. Group, Inc.*, 170 F.3d at 879.   Plaintiffs knew or should have known the facts previously. *Jackson v. Bank of Hawaii*, 902 F.2d at 1388; *Chodos v. West Publishing Co.*, 292 F.3d at 1003.

**2.      Bad Faith**

As to the issue of "bad faith," there is no evidence in the record that would indicate a "wrongful motive" on the part of Plaintiffs in seeking leave to amend.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("Since there is no evidence in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith.").

**3.      Prejudice To The Opponent**

Here, where the Court has yet to issue summonses and where no appearances have been made on behalf of any Defendant, there is no prejudice to the opponent.

**4.      Futility Of Amendment**

A claim is considered futile and leave to amend shall not be given if there is no set of facts that can be proved under the amendment that would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988).  Denial on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D.Cal. 2003) (citing Schwarzer, California Practice Guide:

1  Federal Civil Procedure Before Trial at 8:422 (The Rutter Group, 2002)).  Accordingly, should
2  the court deny the motion to amend on other grounds it would not be necessary to address futility
3  of the amendment. Conversely, should the court address the issue of futility, then leave to amend
4  may be denied based upon futility alone.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.
5  1995).

6     While far from clear in the motion for leave to amend, Plaintiffs seem to assert that the
7  Fresno Police Department has a policy, custom and practice with regard to the department's
8  handling of persons suspected of driving under the influence, whom apparently refuse to undergo
9  field sobriety tests, and a forced blood draw results in the absence of any admonition.  That
10 policy, custom and practice was then carried out during Robert Morris's arrest by Officer
11 Christopher Long of the Fresno Police Department.  (Doc. 34 at 2-5.)

12    As Plaintiffs have been advised previously, a local government unit may not be held
13 responsible for the acts of its employees under a respondeat superior theory of liability.  *Monell*
14 *v. Department of Social Services*, 436 U.S. at 691; *Webb v. Sloan*, 330 F.3d 1158, 1163-64 (9th
15 Cir. 2003); *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local
16 government unit may only be held liable if it inflicts the injury complained of.  *Gibson*, 290 F.3d
17 at 1185.

18    Generally, a claim against a local government unit for municipal or county liability
19 requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force'
20 behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652,
21 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989).  Alternatively,
22 and more difficult to prove, municipal liability may be imposed where the local government
23 unit's omission led to the constitutional violation by its employee.  *Gibson*, at 1186.  Under this
24 route to municipal liability, the "plaintiff must show that the municipality's deliberate
25 indifference led to its omission and that the omission caused the employee to commit the
26 constitutional violation."  *Id*.  Deliberate indifference requires a showing "that the municipality
27
28 was on actual or constructive notice that its omissions would likely result in a constitutional

violation." *Id.*

Plaintiffs allege that the Fresno Police Department has a "'deliberate policy, custom, and practice . . and that in itself was a 'moving force' behind" the constitutional violation suffered here.  In a rather confusing explanation in support of the motion to amend, Plaintiffs reference a Department of Motor Vehicles administrative hearing of June 12, 2008, wherein Officer Long testified about the circumstances of Robert Morris's arrest, complaints filed with the Fresno Police Department's internal affairs unit and correspondence related thereto, as well as Robert Morris's participation in a forum at Fresno City Hall regarding an independent police auditor and his having approached the mayor and chief of police regarding his concerns.  In the amended complaint, Plaintiffs should clearly explain the policy, custom or practice it asserts was employed by the Fresno Police Department, and how that policy, custom or practice, through the actions of Officer Long, resulted in a violation of Plaintiff Robert Morris's constitutional rights.

Plaintiffs have been given two previous opportunities to amend their complaint.  This civil rights action was originally filed in September 2008; more than nine months have passed, yet the complaint has not yet been served.  Plaintiffs will be given a final opportunity to amend their complaint.  Plaintiffs shall file a "Third Amended Complaint" that presents all claims in a single, whole pleading.  Local Rule 15-220.  Plaintiffs are cautioned that they may not assert claims concerning violations of their due process and equal protection rights under the Fifth and Fourteenth Amendments as those claims were dismissed with prejudice by the district court in its June 5, 2009, order.

## CONCLUSION

For the above reasons, the motion for leave to amend the complaint to assert a claim against the Fresno Police Department is GRANTED.  Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiffs be granted a *final* opportunity to amend their complaint, to incorporate a claim against the City of Fresno Police Department as requested;

2. Plaintiffs are cautioned that they may not assert claims in the amended complaint

alleging violations of their due process or equal protection rights as those claims were dismissed with prejudice by the District Judge, as were any claims against Branden Rhames;

3. Plaintiffs shall file their Third Amended Complaint no later than **August 8, 2009**. Plaintiffs are again reminded that an amended complaint supercedes the original complaint (*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiffs are warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114 F.3d at 1474

IT IS SO ORDERED.

Dated:  **July 9, 2009**           /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE