# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS and MICHELLE MORRIS, <br><br> Plaintiffs, <br><br> v. <br><br> FRESNO POLICE DEPARTMENT, OFFICERS CHRISTOPHER LONG, JEREMY DeMOSS, <br><br> Defendants. | 1:08-cv-01422 OWW GSA <br><br> ORDER DIRECTING PLAINTIFFS TO FILE USM-285 FORMS |

    Plaintiffs, appearing pro se and proceeding in forma pauperis, filed their Third Amended Complaint pursuant to Title 42 of the United States Code Section 1983 on July 28, 2009. Plaintiffs name the Fresno Police Department, and Officers Christopher Long and Jeremy DeMoss, as Defendants and allege claims based upon an October 2007 incident.

## DISCUSSION

**A.  Screening Standard**

    Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court

determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiffs, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

**B.     Analysis**

Plaintiffs Robert and Michelle Morris allege that on October 28, 2007, while Plaintiffs were awaiting law enforcement assistance for a purported assault and robbery committed against them by unidentified third persons, Fresno Police Department Officers Christopher Long and Jeremy DeMoss used excessive force against each Plaintiff thereby violating his or her constitutional rights. Additionally, it is alleged that at a subsequent related administrative proceedings, Officer Long defamed Ms. Morris in violation of state law.

More particularly, in the first cause of action brought pursuant to Title 42 of the United States Code Section 1983, Michelle Morris asserts Officer DeMoss employed excessive force by grabbing her up off of the curb where she had been detained in handcuffs. Ms. Morris was grabbed by the right elbow, lifted straight up without warning, and manhandled in such a way as to suffer large bruises on the inside of her forearm. Ms. Morris was never arrested, and was in fact driven to her nearby residence by Officer DeMoss.

In the second cause of action brought pursuant to Title 42 of the United States Code Section 1983, Plaintiff Robert Morris asserts a claim against Officer Long wherein Officer Long employed excessive force upon Mr. Morris's wrist, despite Mr. Morris's calm, quiet and cooperative demeanor, during a blood draw following Mr. Morris's arrest for driving under the influence. Mr. Morris suffered a dislocated and torn ligament in his shoulder as a result of Officer Long's use of excessive force.

In the third cause of action, Michelle Morris asserts a state law defamation claim against Officer Long. At Department of Motor Vehicles administrative hearings held on April 29 and

June 12, 2008, concerning Mr. Morris's October 2007 arrest for driving under the influence, Officer Long testified that Ms. Morris had been arrested that same date for public drunkenness, and was transported and booked into the jail.  Ms. Morris was neither arrested nor transported to jail following the incident in October 2007, and asserts that Officer Long testified in this manner in an attempt to discredit Ms. Morris's testimony concerning the events in question.

Finally, in the final cause of action asserting a violation of Plaintiffs' civil rights, Plaintiffs assert that the Fresno Police Department has a deliberate policy, custom, and practice to force suspects to have blood withdrawn, rather than permit a field sobriety test or breath test, in the absence of any admonition so as to deny the individual due process, and that in itself is a 'moving force' behind the constitutional violation from which Plaintiffs suffer.  Plaintiffs further contend the Fresno Police Department is deliberately indifferent to the actions of its officers as evidenced by the Internal Affairs office's handling of its complaints.

The Third Amended Complaint appears to state cognizable claims for relief under Title 42 of the United States Code Section 1983, as well as a state law defamation claim. Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following Defendants:

    Fresno Police Department

    Fresno Police Officer Christopher Long

    Fresno Police Officer Jeremy DeMoss

2. The Clerk of the Court shall send Plaintiffs three USM-285 forms, three summons, an instruction sheet and a copy of the Third Amended Complaint filed July 28, 2009.

3. Within THIRTY (30) DAYS from the date of this Order, Plaintiffs shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summonses;

    b. One completed USM-285 form for each Defendant listed above; and

    c. Four copies of the endorsed complaint filed July 28, 2009.

1    4.    Plaintiffs need not attempt service on Defendants and need not request waiver of service.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5.    <u>The failure to comply with this Order will result in a Recommendation that this action be dismissed.</u>

IT IS SO ORDERED.

**Dated:**   **August 4, 2009**           /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE