# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS and MICHELLE MORRIS,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO POLICE DEPARTMENT, OFFICERS CHRISTOPHER LONG, JEREMY DeMOSS,<br><br>Defendants. | 1:08-cv-01422 OWW GSA<br><br>ORDER ON PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT<br><br>(Doc. 43) |

On September 3, 2009, Plaintiffs filed a Request for Judgment by Default. (Doc. 43.) For the reasons given below, Plaintiffs' request is DENIED.

**BACKGROUND**

On September 23, 2008, Plaintiffs initiated this action by filing a complaint with this Court. (Doc. 1.) On July 28, 2009, Plaintiffs filed a Third Amended Complaint (Doc. 37) and summonses were issued on August 5, 2009. (Doc. 40.)

On August 11 and 12, 2009, all Defendants were served. (Docs. 44-45.) Thereafter, on September 1, 2009, Defendants filed a Motion to Dismiss and set the matter for hearing before the Honorable Oliver W. Wanger on November 16, 2009, at 10:00 a.m. in Courtroom 3. (Doc. 42.) Subsequently, Plaintiffs filed the instant request for default judgment.

1

# DISCUSSION

Plaintiffs complain that because Defendants have failed to file an "answer" to their Complaint, they are entitled to judgment as a matter of law, and thus request default be entered as against all Defendants. Plaintiffs are mistaken.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits Defendants to file a motion to dismiss as its responsive pleading:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief may be granted . . ..

In other words, Defendants are not limited to filing an answer to Plaintiffs' complaint. Defendants may in fact properly move to dismiss the complaint - in this instance, the Third Amended Complaint - rather than file an answer.

Additionally, Rule 12(b)(e) of the Federal Rules of Civil Procedure permits Defendants to file a motion for a more definite statement regarding the complaint, in place or instead of filing an answer to the complaint:

> (e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. . . .

A responsive pleading was due twenty (20) days after service upon the Defendants was effected. Defendant DeMoss was served on August 11, 2009 (Doc. 46); Defendants Long and the Fresno Police Department were served on August 12, 2009 (Docs. 44-45). Thus, responsive pleadings were due on August 31, 2009, and September 1, 2009, respectively. All Defendants filed a motion to dismiss the complaint on September 1, 2009. (Doc. 42.) Thus, Defendants Long and the Fresno Police Department timely filed a responsive pleading. Therefore, there is no basis upon which to enter default against those Defendants.

If Plaintiffs wish to assert they are entitled to default against Defendant DeMoss because his responsive pleading was due on August 31, 2009, Plaintiffs must make a renewed request as to Defendant DeMoss alone. Plaintiffs are cautioned to familiarize themselves with the Federal

Rules of Civil Procedure and this Court's Local Rules. More particularly, Plaintiffs should refer to Rule 55 of the Federal Rules of Civil Procedure regarding default judgments.

In conclusion, Plaintiffs' Request to Enter Judgment of Default (Doc. 43), filed September 2, 2009, is **DENIED.**

IT IS SO ORDERED.

Dated: **September 8, 2009**                    /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE