# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS and MICHELLE MORRIS,<br><br>                Plaintiffs,<br><br>   v.<br><br>FRESNO POLICE DEPARTMENT, OFFICERS CHRISTOPHER LONG, JEREMY DeMOSS,<br><br>                Defendants. | 1:08-cv-01422 OWW GSA<br><br>ORDER ON PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT AS TO DEFENDANT JEREMY DEMOSS<br><br>(Document 50) |

On September 11, 2009, Plaintiffs filed a "Renewed Request As Ordered To Defendant Jeremy DeMoss Alone For Default." (Doc. 50.) For the reasons given below, Plaintiffs' request is DENIED.

**BACKGROUND**

On September 23, 2008, Plaintiffs initiated this action by filing a complaint. (Doc. 1.) On July 28, 2009, Plaintiffs filed a Third Amended Complaint (Doc. 37) and summonses were issued on August 5, 2009. (Doc. 40.)

Following an earlier request for default as to all Defendants, Plaintiffs were advised in this Court's September 8, 2009, Order that Defendants Long and the Fresno Police Department filed a timely response to Plaintiffs' complaint by the filing of a motion to dismiss on September

1, 2009.  This was so because Long and the Fresno Police Department were served with service of process on August 12, 2009 (Docs. 44-45), thus a responsive pleading was on file within twenty days.  Further, Plaintiffs were advised that while it appeared a response by Defendant DeMoss was untimely, if they wished to seek default as to Defendant DeMoss they should make a renewed request as to that Defendant and they were "cautioned to familiarize themselves with the Federal Rules of Civil Procedure and this Court's Local Rules." (Doc. 47 at 7-8.)

On September 11, 2009, Plaintiffs filed the instant "renewed request." (Doc. 50.)  On September 15, 2009, Defendant DeMoss filed his objection. (Doc. 51.)  Plaintiffs did not file a reply.

## DISCUSSION

Plaintiffs assert that because Defendant DeMoss's responsive pleading was due on August 31, 2009, they are entitled to entry of default where the responsive pleading was filed one day later on September 1, 2009.  (Doc. 50 at 1.)  Defendant DeMoss responds by indicating the one-day late filing was the result of mistake, inadvertence, and excusable neglect, and that Plaintiffs have not been prejudiced as a result.  (Doc. 51 at 1.)

Rule 55 of the Federal Rules of Civil Procedure provides as follows, in relevant part:

> (a) Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> (b) Entering a Default Judgment.
>    (1) *By the Clerk*.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>    (2) *By the Court*.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals - preserving any federal statutory right to a jury trial - when, to enter or effectuate judgment, it needs to:
>    (A) conduct an accounting;
>    (B) determine the amount of damages;

                    (C) establish the truth of any allegation by evidence; or
                    (D) investigate any other matter.
        (c) Setting Aside Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

Here, the Clerk of the Court will not enter default against Defendant DeMoss because on the date of the request a responsive pleading had been filed with the Court. Additionally, even had Defendant failed to file any responsive pleading, the Clerk could not enter default because a sum certain was not available. *See* Fed. R. Civ. P. 55(a) & (b)(1).

The Court construes Plaintiffs' request to be an application for entry of default judgment. Defendant DeMoss's opposition treats the request similarly. The Court finds no need to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or to investigate any other matter. *See* Fed. R. Civ. P. 55(b)(2). Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Here, the sixth factor weighs heavily against any entry of default. Defense counsel has filed a declaration under penalty of perjury wherein she advised she was retained by the City of Fresno to represent the Defendants in this matter on August 19, 2009. In relation thereto, she received a copy of a summons directed to all Defendants that reflected a date and time stamp of August 12, 2009, at 8:55 a.m. (Doc. 51, Decl. of McGuire, ¶ 2 & Ex. A.) She understood that all three named Defendants had been served on August 12, 2009, believing therefore that a responsive pleading was due on or before September 1, 2009. (Doc. 51, Decl. of McGuire, ¶ 3.) She explains that the fact Defendant DeMoss filed a responsive pleading one day late, when he was actually served on August 11, 2009, was due to her "mistaken understanding" regarding the date of service. (*See* Doc. 51, Decl. of McGuire, ¶ 4.)

//

In fact, it was not until September 4, 2009, when the separate summonses were returned executed and became a part of this Court's record, that counsel realized Defendant DeMoss had actually been served on August 11, 2009.  (Doc. 51 at 2; *see also* Doc. 46.)

The first *Eitel* factor also weighs against default.  Plaintiffs have alleged no prejudice as the result of Defendant DeMoss's one-day late filing.

Notwithstanding the aforementioned, and presuming for the sake of argument that default had been entered against Defendant DeMoss, this Court would set aside such a default judgment for good cause.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside the entry of default for good cause.  Fed. R. Civ. P. 55(c).  Because of the parallels that exist between granting relief from entry of default and judgment on default, a court should consider the list of the factors used to set aside a default judgment under Rule 60.  *Hawaii v. Carpenter's Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *see also Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982) (explaining that the same factors that constitute "good cause" under Rule 55(c) govern the lifting of default judgments under Rule 60(b)).

Rule 60(b) of the Federal Rules of Civil Procedure, in relevant part, grants district courts discretion to relieve a party from a default judgment or order for reason of mistake, inadvertence, surprise or excusable neglect.  When a default is challenged, three factors inform a court's exercise of discretion: (1) whether there was some culpable conduct by a defendant which led to the default; (2) whether a plaintiff would be unduly prejudiced by a set-aside, and (3) whether a defendant can present a meritorious defense to a claim.  *TCI Group Life Insurance Plan v, Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *see also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).  These grounds are liberally interpreted when applied to a motion to set aside entry of default.  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d at 696; *see also Hawaii v. Carpenter's Trust Fund v. Stone*, 794 F.2d at 513 ("The standards for setting aside entry of default under Rule 55(c) are less rigorous than those for setting aside a default").  Furthermore, in general, default judgments are appropriate only in extreme circumstances and whenever possible, a case should be decided on the merits.  *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d at

696, citing *Falk v. Allen*, 739 F.2d at 463.  "Put another way, where there has been no merits decision, the appropriate exercise of district court discretion . . . requires that the finality of interests should give way fairly readily, to further the competing interests in reaching the merits of a dispute." *TCI Group Life Plan v. Knoebber*, 244 F.3d at 696; *see also  United Coin Meter Co. F. Seaboard Coastline Railroad*, 705 F. 2d 839, 846 (6th Cir. 1983) ("Any doubt should be resolved in favor of the petition to set aside judgment so that cases may be decided on the merits").

Culpable conduct is established when conduct is willful, deliberate, or where there is evidence of bad faith.  *TCI Group Life Plan v. Knoebber*, 244 F.3d at 697.  There is no culpable conduct on Defendant DeMoss's part here.  Rather, it is clear that the material provided to defense counsel regarding service of process of all Defendants reflected a date of August 12, 2009, and thus her belief that a responsive pleading was due on September 1, 2009, and subsequent filing of a responsive pleading on that date, was neither willful nor deliberate, nor is there any evidence of bad faith.

As noted previously, there is no prejudice to Plaintiffs.  "To be prejudicial, the setting aside of a default or default judgment must result in greater harm than simply delaying the resolution of this case.  Rather, the standard is whether Plaintiff's claim will be hindered." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d at 701.  To be considered prejudicial, "the delay must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d at 701, citing *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 433-434 (6th Cir. 1996). Here, Plaintiffs were delayed receipt of Defendant DeMoss's responsive pleading by *one day*. The Court has found no evidence, nor was it presented with such evidence, that this delay resulted in a tangible loss, such as the loss of evidence, increased difficulties of discovery or any opportunity for fraud or collusion.  Plaintiffs' claims have not been hindered.

Moreover, as pointed out by Defendant DeMoss, even had he filed his responsive pleading on August 31, 2009, the matter would not have been heard any sooner. (Doc. 51 at 2 & Decl. of McGuire, ¶ 4.)  In other words, whether the Motion to Dismiss had been filed on August

31 or September 1, 2009, the first available hearing date before the Honorable Oliver W. Wanger is Monday, November 16, 2009.

In sum, this is not an extreme circumstance warranting default judgment.

## CONCLUSION

Default judgments are generally disfavored. It is the policy of the law that, wherever possible, cases should be decided on their merits. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Accordingly, Plaintiffs' Renewed Request As Ordered To Defendant Jeremy DeMoss Alone For Default (Doc. 50), filed September 11, 2009, is **DENIED.**

IT IS SO ORDERED.

**Dated:   September 24, 2009**          /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE