1  Rosemary T. McGuire, Esq.   Bar No. 172549

2  WEAKLEY, ARENDT, MCGUIRE, LLP
   1630 E. Shaw Avenue, Suite 176
3  Fresno, CA  93710
   Telephone:  (559) 221-5256
4  Facsimile:  (559) 221-5262

5  Attorneys for Defendants, FRESNO POLICE DEPARTMENT, OFFICER CHRISTOPHER
   LONG and OFFICER JEREMY DEMOSS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT MORRIS and MICHELLE MORRIS, pro se<br><br>Plaintiffs,<br><br>vs.<br><br>FRESNO POLICE DEPARTMENT, OFFICER CHRISTOPHER LONG, OFFICER JEREMY DEMOSS,<br><br>Defendants. | CASE NO. 1:08-CV-01422-OWW-GSA<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Complaint Filed: 07/28/09 |

Defendants' motion to dismiss, or in the alternative, motion for a more definite statement came on for hearing on December 7, 2009.  Defendants, CITY OF FRESNO POLICE DEPARTMENT, OFFICER CHRISTOPHER LONG and OFFICER JEREMY DEMOSS were represented by Rosemary T. McGuire.  Plaintiffs ROBERT MORRIS and MICHELLE MORRIS who are proceeding in pro per, appeared on their own behalf.

After reviewing the papers submitted by the parties and hearing oral argument on the issues presented the court orders that the motion is granted in part and denied in part.

    1.    With respect to the excessive force claim alleged by Mrs. Morris:

        a.    Defendants' motion to dismiss is GRANTED on the ground that the TAC does not sufficiently allege that Officer DeMoss was acting under color of state law. This claim is dismissed WITH LEAVE TO AMEND.

    b.    In light of the admitted typographical error in the TAC with respect to the date of the alleged excessive force "10/28/09," Defendants' motion for a more definite statement is GRANTED WITH LEAVE TO AMEND. Plaintiffs are given leave to amend to correct the typographical error.

2. With respect to the excessive force claim alleged by Mr. Morris:

    a.    Defendants' motion to dismiss is DENIED on the ground that the TAC does not sufficiently allege that Officer Long was acting under color of state law.

    b.    Defendants' motion for a more definite statement on the ground that the TAC failed to plead the date on which Officer Long allegedly used excessive force is DENIED. Defendants' motion for a more definite statement on the ground that Mr. Morris's excessive force claim is impermissibly vague is GRANTED. If Mr. Morris wishes to pursue a Fourth Amendment claim under Nelson on the basis that it was unreasonable to require him to submit to a blood test because he agreed to submit to a breath or urine test which was available and of similar evidentiary value, he needs to allege such a claim.

3. With respect to the Monell claim (i.e., the municipal liability claim):

    a.    Defendants' motion to dismiss is GRANTED on the ground that the Fresno Police Department is not the proper party to Plaintiffs' § 1983 claim. The Fresno Police Department is DISMISSED. Plaintiffs are given leave to amend to name the City of Fresno as a defendant.

    b.    Defendants' motion for a more definite statement is GRANTED on the ground that the basis for the Monell claim is unclear. Leave to amend is given to allege what constitutional violation allegedly occurred as a result of the Fresno Police Department's policy, custom or practice regarding blood draws. In addition, if Mr. Morris wishes to assert a Monell claim based on some other policy, custom or practice, he must allege what this other policy, custom or practice consists of, and what constitutional violation allegedly occurred as a result of this policy, custom or practice.

4. With respect to the defamation claim:

    a. Defendants' motion to dismiss is GRANTED on the ground that, to the extent the TAC attempts to assert a "defamation-plus" claim cognizable under § 1983, it is insufficiently pled. Any such claim is DISMISSED WITH LEAVE TO AMEND.

    b. Defendants' motion to dismiss is GRANTED on the ground that, to the extent the TAC asserts a state law defamation claim, it is barred by the absolute privilege in California Civil Code § 47(b). To the extent the TAC asserts a state law defamation claim, it is DISMISSED WITHOUT LEAVE TO AMEND.

    c. Defendants' motion to dismiss on the ground that, to the extent the TAC asserts a state law defamation claim, the TAC fails to plead compliance with the Government Claims Act is DENIED as moot.

Any amended complaint is due within thirty (30) days of the electronic filing of this Memorandum Decision. Defendants' responsive pleading is due within twenty (20) days of notice of the electronic filing of any such amended complaint. Plaintiffs' "Amended Complaint" (Doc. 60), filed after the hearing on this motion but before the issuance of this Memorandum Decision, is ordered stricken.

**IT IS SO ORDERED.**

DATED: January 26 , 2010            /s/ OLIVER W. WANGER
                                                United States Senior District Court Judge