UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS and MICHELLE MORRIS,<br><br>         Plaintiffs,<br><br>  v.<br><br>FRESNO POLICE DEPARTMENT, OFFICERS CHRISTOPHER LONG, JEREMY DEMOSS,<br><br>         Defendants. | 08-CV-01422-OWW-GSA<br><br>MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS (Doc. 66) |

## I.  INTRODUCTION

Before the court is a motion to dismiss by defendants City of Fresno Police Department, Officer Christopher Long and Officer Jeremy DeMoss (collectively "Defendants"). The motion is directed at the claims asserted by *pro se* plaintiffs Robert Morris and Michelle Morris in their Fifth Amended Complaint ("FAC"). Plaintiffs, who are proceeding *in forma pauperis*, oppose the motion. The following background facts are taken from the FAC (Doc. 65) and other documents on file in this case.

## II.  BACKGROUND

### A.  Procedural History

Plaintiffs filed their initial complaint on September 23, 2008, and applied for and were granted the right to proceed *in forma pauperis* ("IFP"). Given their IFP status, the magistrate judge screened their initial complaint. *See* 28 U.S.C. § 1915(e)(2). The initial complaint contained claims for "False Arrest and Imprisonment," "Police Brutality," "Violation of Right to Due Process of Law," "Conspiracy to Deprive Equal Protection of Laws,"

**1**

"Physical and Emotional Problems," and "Officer Misconduct." The magistrate judge dismissed the complaint with leave to amend. (Doc. 15.)

Plaintiffs filed a first amended complaint which the magistrate judge screened and dismissed, again with leave to amend. (Doc. 29). Plaintiffs filed a second amended complaint, it was screened, and the magistrate judge issued findings and recommendations which recommended that certain claims proceed while others, along with a named defendant (Brendan Rhames), be dismissed. (Doc. 31).

In response to the magistrate judge's findings and recommendations, Plaintiffs filed a document entitled "Objection To Magistrate Judges Findings and Recommendation With Request For Amendment To Complaint." In this submission Plaintiffs agreed to voluntarily dismiss one claim, i.e., the false arrest and imprisonment claim. Plaintiffs also requested to add a claim for "municipal liability."

In an order adopting the magistrate judge's findings and recommendations, Plaintiffs' request to add a claim for municipal liability was construed as a motion to amend the complaint. This motion to amend was referred to the magistrate judge for consideration. In light of Plaintiffs' voluntarily dismissal of the false arrest and imprisonment claim, that claim was dismissed without prejudice and the magistrate judge's findings and recommendations were otherwise adopted. (Doc. 35 at 2).

Subsequently, the magistrate judge granted Plaintiffs' motion to amend to add the municipal liability claim and Plaintiffs' Third Amended Complaint (TAC) followed. (Doc. 36). The magistrate judge

**2**

reviewed the TAC and concluded, in an order dated August 4, 2009, that Plaintiffs appeared to state cognizable claims for relief. (Doc. 38).  Among other things, that order stated "service is appropriate" for Defendant "Fresno Police Department."

Defendants filed a motion to dismiss the TAC on September 1, 2009. (Doc. 42).  Plaintiffs filed a Fourth Amended Complaint on December 30, 2009. (Doc. 60).[1]  Defendants' motion to dismiss the TAC was granted in part on January 27, 2010.  (Doc. 63).

Plaintiffs filed a Fifth Amended Complaint ("FAC") on February 18, 2010. (Doc. 65).  Defendants filed a motion to dismiss the FAC on March 10, 2010. (Doc. 66).  Plaintiffs' filed opposition to the motion to dismiss on April 28, 2010.  (Doc. 71).

**B.   Plaintiffs' FAC**

Plaintiffs' FAC names three defendants: the City of Fresno, Officer Christopher Long, and Officer Jeremy DeMoss.  The opening paragraph of the FAC reads:

> Plaintiffs Mr. & Mrs. Morris claim that their Constitutional [sic] protected Civil Rights were violated.  The Plaintiffs claim action under 42 U.S.C. § 1983.

(FAC at 1).  The remainder of the FAC is organized into two sections: one section contains "Allegations by Plaintiff Mrs. Morris" followed by her request for relief, and another section contains "Allegations by Plaintiff Mr. Morris" followed by his request for relief. (FAC at 1).

In her allegations, Mrs. Morris asserts a claim for excessive force against officer DeMoss.  In his allegations, Mr. Morris

---

[1] Plaintiffs filed their Fourth Amended Complaint before the court entered its order dismissing the TAC. The Fourth Amended Complaint was stricken.  (Doc. 61)

**3**

asserts a claim for excessive force against officer Long and a "municipal liability" claim against the City of Fresno. Both plaintiffs request "unlimited" and punitive damages.

### 1. Mrs. Morris's Allegations

#### a. Excessive Force

Mrs. Morris asserts a claim for "Excessive Force" against officer DeMoss stemming from an incident on "10/28/07." (FAC at 1). According to the FAC, Mrs. Morris was "a victim of an assault and robbery," presumably by some third party. (FAC at 1). It appears that DeMoss was the first officer to arrive at the scene of the assault and robbery, which occurred at 2904 E. Austin Way in Fresno, California. (FAC at 1). Defendant Long stopped Plaintiffs a few blocks away from Austin Way at the intersection of Holland Avenue and Fresno Street. (FAC at 1). At some point, a police officer identified in the FAC as "Alexander" placed Mrs. Morris in handcuffs. (FAC at 2). As Mrs. Morris sat on the curb handcuffed, she demanded that her "rights be observed," prompting officers to laugh. (FAC at 2). DeMoss walked over to Mrs. Morris and, without warning, "snatched Plaintiff up" by "quickly and unexpectedly...grabbing [Mr. Morris'] right elbow from behind and lifting her up." (FAC at 2). The force used by DeMoss caused large bruses approximately three to four inches in diameter on the inside of Mrs. Morris' right forearm and bicep. (FAC at 2). Mrs. Morris alleges that she was not under arrest and had not broken any laws at the time DeMoss exercised force against her. (FAC at 2). DeMoss placed Mrs. Morris in his patrol car, drove her to her residence, and "dropped [Mrs. Morris] off." (FAC at 2).

///

**4**

Mrs. Morris contends that "officer DeMoss's actions clearly were a violation of the [Plaintiff's] Fourth Amendment Rights." (FAC at 2).

### 2. Mr. Morris's Allegations

#### a. Excessive Force

Mr. Morris contends that Defendant Long "committed excessive force" against him on October 28, 2007 by conducting a "forced blood draw." (FAC at 3). Mr. Morris contends that Long drove him to a Fresno Police Department substation and forced him to submit to a blood draw, denying him the "right" to have either a breath test or urine test. (FAC at 4). Mr. Morris refers to the forcible blood draw as "count 1" of his excessive force claim. (FAC at 3).

Mr. Morris also alleges that during the blood draw, Long turned Mr. Morris' wrist backwards and twisted his arm into an arm-bar lock. (FAC at 3). While he held Mr. Morris in the arm-bar lock, Long threatened him by saying "move so I can break your arm." (FAC at 3). Mr. Morris refers to the arm-bar lock as "count 2" of his excessive force claim. (FAC at 3-4). Mr. Morris contends that both the forced blood draw and arm-bar lock violated his rights under the Fourth Amendment. (FAC at 4).

#### b. Municipal Liability

Mr. Morris asserts a claim for municipal liability against the City of Fresno based on its policy, custom and/or practice of "exonerating officers" accused of excessive force. (FAC at 5). Mr. Morris contends that in response to a formal Internal Affairs report signed by the Deputy Chief of Police, the Department indicated that Long was "within the departments [sic] policy." (FAC at 5). Mr. Morris alleges that the official city policy is

one of "discriminatory enforcement" and amounts to "an official policy of 'inaction.'" (FAC at 5).

### III. **LEGAL STANDARD**

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or

**6**

where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

## IV.  DISCUSSION

### A.  Mrs. Morris' Excessive Force Claim

Fourth Amendment excessive force claims are analyzed under an objective reasonableness standard. *Espinosa v. City & County of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010)(citation omitted). Determining whether an officer's use of force was objectively reasonable entails three steps:

> First, we must assess the severity of the intrusion on the individual's Fourth Amendment rights by evaluating "the type and amount of force inflicted." Next, we must

**7**

> evaluate the government's interests by assessing (1) the severity of the crime; (2) whether the suspect posed an immediate threat to the officers' or public's safety; and (3) whether the suspect was resisting arrest or attempting to escape. Third, "we balance the gravity of the intrusion on the individual against the government's need for that intrusion." Ultimately, we must balance the force that was used by the officers against the need for such force to determine whether the force used was "greater than is reasonable under the circumstances."

*Id*. (citations omitted).

Defendants contend that Mrs. Morris' allegations are insufficient to state a violation of her Fourth Amendment rights because "[if] the detention was not invalid, Officer DeMoss' limited use of force was not unreasonable in a constitutional sense because...it served the completely legitimate purpose of releasing Mrs. Morris from the officers' custody." (Motion to Dismiss at 7). Defendants argument fails to account for the factors that must be considered in determining the reasonableness of an officer's use of force. *See id.*

The FAC alleges that DeMoss grabbed Mrs. Morris without warning and yanked her to her feet by her elbow while her hands were handcuffed behind her back from a seated position on the curb. (FAC at 2). DeMoss used force sufficient to cause large bruses on Mrs. Morris' arms. (FAC at 2). According to the complaint, Mrs. Morris had not committed any crime, did not pose an immediate threat to officers or to public safety, and was not resisting arrest or attempting to escape, the complaint is sufficient to allege that the force used by DeMoss was "greater than [was] reasonable under the circumstances." (FAC at 2).

///

///

**8**

**B.   Mr. Morris' Excessive Force Claim**

### 1.   "Forced" Blood-Draw

Mr. Morris makes the conclusory allegation that a "forced blood-draw" was performed on him by Defendant Long. (FAC at 3). The complaint states "Officer Long never once let the plaintiff Mr. Morris answer if Mr. Morris wanted [a blood test]." (FAC at 4). The complaint alleges that Mr. Morris was "denied the right" to a breath test and urine test, however, the complaint does not allege that Mr. Morris consented to or requested alternatives to his blood draw. (FAC at 4).

"The Fourth Amendment is not violated by ...failure to advise [an arrestee], who did not request or consent to a urine or breath test, of their right to choose among the alternative tests." *Nelson v. City of Irvine*, 143 F.3d 1196, 1203-1204 (9th Cir. 1998). Because the complaint does not allege that Mr. Morris consented to alternative testing, the compliant fails to state a Fourth Amendment violation with respect to Mr. Morris' blood test. *See id*. Mr. Morris' blood test claim is DISMISSED.

This claim is insufficient after five attempts. Case law reveals that this claim is only be cognizable to the extent that Mr. Morris consented to an alternate testing procedure, refused the blood test, but was nonetheless subjected to a forced blood test. *See Nelson*, 143 F.3d at 1203-1204. Mr. Morris has never alleged these facts. On the other hand, this claim is close to being properly pled, because to the extent the officer told Mr. Morris his options but then refused to give him an opportunity to express his consent and forcibly drew blood over Plaintiff's objection, such facts may support a Fourth Amendment claim.

**9**

### 2. Excessive Force Claim

Mr. Morris alleges that he was calm, quiet, cooperative, and "quite nice" during his blood draw. (FAC at 3). Mr. Morris further alleges that while he was calmly having his blood drawn, Defendant Long turned his wrist backwards and twisted Morris' arm into an arm-bar lock, using so much force that Mr. Morris suffered a dislocated shoulder and a torn ligament. (FAC at 3). Mr. Morris' allegations are sufficient to state a Fourth Amendment claim for excessive force. *See Espinosa*, 598 F.3d at 537 (balancing need for use of force against amount of force used). The motion to dismiss is DENIED.

### C. Municipal Liability

Municipalities such as the City of Fresno, "are 'persons' under 42 U.S.C. § 1983 and thus may be liable for causing a constitutional deprivation." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). In a § 1983 case, a municipality cannot be liable for a constitutional violation on the basis of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a municipality is "liable only when 'action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (quoting *Monell*, 436 U.S. at 691). The "official municipal policy" can be an expressly adopted policy or "a longstanding practice or custom." *Id*. (internal quotation marks omitted).

Defendants contend that Plaintiffs' municipal liability claim must be dismissed because Plaintiffs have failed to establish that the blood testing procedure employed on Mr. Morris was

**10**

unconstitutional. (Motion to Dismiss at 7). Defendants cite *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) for the proposition that "*Monell* liability may not be imposed absent an underlying violation of the plaintiff's rights that is related to the official policy or custom in question." *Id.*

The police department's blood testing policy is not per se the basis for Plaintiffs' claim of municipal liability. Rather, the complaint alleges that the city's policy "violate[s] ones rights [sic] to be protected from 'excessive force'" and that the city "prevents the citizen(s) from holding the officer accountable....for violating ones [sic] rights." (FAC at 5). Plaintiffs contend that the city employs a "policy of inaction" with respect to excessive force claims. Plaintiffs' municipal liability claim based on an alleged "policy of inaction," i.e. failure to investigate and hold officers accountable regarding excessive force claims is raised for the first time in the FAC; Plaintiffs' previous municipal liability claims were based on the City of Fresno's blood draw policy. (See Doc. 60; 37).

The complaint fails to state sufficient facts that the city does not investigate and discipline its officers for conduct which violates citizens' constitutional rights to be free from excessive force. The complaint alludes to Plaintiffs filing a complaint with Internal Affairs, and that Internal Affairs concluded that Defendants acted reasonably. (FAC at 5). However, the fact that Internal Affairs may have cleared Defendants of wrongdoing does not, without more, establish a policy of "inaction" or wrongdoing with respect to excessive force claims. *See, e.g., Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1253-54 (9th Cir. 2010)

**11**

(rejecting municipal liability claim based on failure to discipline defendants for unconstitutional acts because allegations did not establish that municipality made a conscious, affirmative choice to approve unconstitutional actions and adopt them as official policy). Plaintiffs' claim against the City of Fresno must be dismissed, without prejudice. However, there must be an end to pleading. Where a court instructs a party regarding a specific pleading deficiency, the party's failure to remedy the deficiency may warrant dismissal of a claim with prejudice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## V.  CONCLUSION

For the reasons stated, Defendants' motion is GRANTED in part and DENIED in part, as follows:

1) Defendants' motion to dismiss Michelle Morris' excessive force claims is DENIED;

2) Defendants' motion to dismiss Robert Morris' excessive force claim based on the arm-bar lock is DENIED;

3) Defendants' motion to dismiss Robert Morris' blood draw claim is GRANTED, and the blood draw claim is DISMISSED without prejudice;

4) Defendants' motion to dismiss Plaintiffs' claim for municipal liability is GRANTED, and Plaintiffs' municipal liability claim is DISMISSED without prejudice;

5) Any amended complaint is due within thirty (30) days of the electronic filing of this Memorandum Decision. Defendants' responsive pleading is due within twenty (20) days of notice of the electronic filing of any such amended complaint; and

6) Defendants shall submit a form of order consistent with this Memorandum Decision within five (5) days following electronic service of this decision.

IT IS SO ORDERED.

**Dated:   May 28, 2010**                              **/s/ Oliver W. Wanger**
                                                      UNITED STATES DISTRICT JUDGE