**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| ROBERT MORRIS and MICHELLE MORRIS,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>FRESNO POLICE DEPARTMENT, OFFICERS CHRISTOPHER LONG, JEREMY DeMOSS,<br><br>　　　　　Defendants.<br>_____ / | CASE NO.   1:08-cv-01422 OWW SKO<br><br>**ORDER DENYING PLAINTIFFS' REQUEST FOR DEFAULT JUDGMENT**<br><br>(Docket No. 76) |

On June 9, 2010, Plaintiffs filed a "Request for Entry of Default" as to all Defendants. For the reasons provided below, Plaintiffs' request is DENIED.

**I. BACKGROUND**

On September 23, 2008, Plaintiffs, proceeding pro se, initiated this action by filing a complaint. On February 18, 2010, Plaintiffs filed a Fifth Amended Complaint against the City of Fresno, Officer Christopher Long, and Officer Jeremy DeMoss (collectively "Defendants"). On March 10, 2010, Defendants filed a motion to dismiss the Fifth Amended Complaint. The hearing on Defendants' motion was scheduled for May 24, 2010. Due to the pending motion to dismiss, on April 30, 2010, the Court rescheduled the initial scheduling conference in this matter from May 14, 2010, to July 7, 2010.

1

On May 7, 2010, Plaintiffs filed an "Attempted Joint Scheduling Conference and Personal Scheduling Report." In their May 7, 2010, scheduling conference report, Plaintiffs stated that Defendants' counsel informed them that the scheduling conference had been reset, and that Defendants' counsel refused to meet with them personally and was unwilling to discuss the joint scheduling report. Ostensibly, Defendants' counsel's unwillingness to participate in filing a joint scheduling report was due to the fact that the scheduling conference had been continued to July 7, 2010, in light of the pending motion to dismiss. Thus, no scheduling conference report would need to be filed until a week prior to July 7, 2010, if at all, given the pending motion to dismiss.

On May 28, 2010, the Court granted Defendants' motion to dismiss in part and allowed Plaintiffs to file an amended complaint within thirty (30) days of the Court's order. The Court also explicitly ordered Defendants to "submit a form of order consistent with this Memorandum Decision within five (5) days following electronic service of this decision." Defendants failed to timely comply with the Court's order in this regard. On June 9, 2010, Plaintiffs filed this request for an entry of default, contending that Defendants' failure to participate in filing the joint scheduling report on May 7, 2010, and Defendants' failure to file a proposed order as required by the Court on May 28, 2010, entitled them to an entry of default against Defendants. On June 10, 2010, apparently alerted by Plaintiffs' filing that they had failed to comply with the Court's May 28, 2010, order, Defendants belatedly filed a proposed order regarding their motion to dismiss Plaintiffs' Fifth Amended Complaint. Plaintiffs' "Request for Entry of Default" is currently pending before the Court.

## II. DISCUSSION

**A.   Legal Standard: Default Judgment**

Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Rule 55 of the Federal Rules of Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). After the entry of default has been entered by the clerk of court, the party seeking default

may file a motion requesting a judgment of default. Fed. R. Civ. P. 55(b). If a party has made an appearance in the case, Rule 55(b) requires that the court, not the clerk, enter the judgment of default. Fed. R. Civ. P. 55(b)(2); *see also Eitel*, 782 F.2d at 1471 ("[b]ecause McCool had filed a notice of appearance, entry of judgment by the clerk under Rule 55(b)(1) . . . would have been improper.").

There is no right to a default judgment; its entry is entirely within the discretion of the district court. *See Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986); *see also*, *Rashidi v. Albright*, 818 F.Supp. 1354, 1356, n.4 (D.Nev. 1993). Defaults are generally disfavored (*see Eitel*, 782 F.2d at 1472), and courts will attempt to resolve motions for entry of default so as to encourage a decision on the merits. *TCI Group Life Ins. Plan v. Knoebber*, 224 F.3d 691, 696 (9th Cir. 2001). Courts consider several factors in exercising discretion as to the entry of default judgment, including: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

The court also possesses inherent power to sanction a party through dismissal or entry of default judgment. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 ("The inherent powers of federal courts are those which are necessary to the exercise of all others," and include "the well-acknowledged inherent power . . . to levy sanctions in response to abusive litigation practices."). In the Ninth Circuit, "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Fjelstad v. Am. Honda Motor Co.*, *Inc.*, 762 F.2d 1334, 1338 (9th Cir. 1985) (internal quotations omitted). However, due process limits the imposition of the severe sanctions of dismissal or default judgment to "extreme circumstances" and such sanctions not to be imposed "merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *Fjelstad*, 762 F.2d at 1338.

**B.    Analysis**

As an initial matter, Defendants have made an appearance in this case; thus, the Clerk of Court will not enter default. Fed. R. Civ. P. 55(a), (b). Rather, Plaintiffs are requesting entry of default as a sanction for Defendants' procedural errors and non-compliance with Court orders. Given this procedural posture, the Court will construe Plaintiff's request as an application for entry of default judgment as a case terminating sanction.[1]  *See* Fed. R. Civ. P. 55(b)(2).

### 1.    Plaintiffs are Not Entitled to Default Judgment for Defendants' Perceived Failure to Participate in Filing a Joint Scheduling Report.

Plaintiffs first assert that they are entitled to default judgment against Defendants because of Defendants' failure to participate in filing the joint scheduling report as required by the Court's scheduling order. On November 7, 2008, the Court issued an "Order Setting Mandatory Scheduling Conference," directing the parties to appear on February 12, 2009, so that case deadlines could be set. In preparation for the joint scheduling conference, the parties were directed to prepare and file a joint scheduling report due "one (1) full week prior to the Scheduling Conference." Thereafter, Plaintiffs' complaint was dismissed and the February 12, 2009, scheduling conference was vacated by the Court. Due to a series of motions to dismiss and subsequent amendments to the complaint, the scheduling conference in this matter was rescheduled several times. On April 30, 2010, the Court ordered that the initial scheduling conference be continued **from** May 14, 2010, **to** July 7, 2010, in light of Defendants' motion to dismiss Plaintiffs' Fifth Amended Complaint.

Despite the continuance of the scheduling conference due to the pendency of the motion to dismiss, Plaintiffs filed an "Attempted Joint Scheduling Conference and Personal Scheduling Report" on May 7, 2010. Plaintiffs stated in their report that Defendants' counsel was not cooperative in filing the joint scheduling report and refused to meet and confer with them in person. It is this failure that Plaintiffs maintain entitles them to default judgment.

In opposition to Plaintiffs' request for default judgment, Defendants contend that their counsel did meet and confer by telephone with Plaintiffs, but Defendants' counsel did not participate in filing a joint scheduling report. Defendants' counsel explains that this was due to the Court's April

---

[1] Defendants' opposition also treats Plaintiffs' request as one for entry of default judgment.

30, 2010, minute order continuing the scheduling conference until July 7, 2010, in light of a pending motion to dismiss – which alleviated the need to file a joint scheduling report at that time.

Plaintiffs submit no evidence to demonstrate that Defendants failed to comply with the Court's scheduling order by not participating in preparation of the joint scheduling report. There was no need to file a joint scheduling report on May 7, 2010, because the May 14, 2010, scheduling conference had been continued. The conference was rescheduled to prevent the parties from participating in the preparation of a joint report and attending a scheduling conference that would be rendered moot if the Court granted Defendants' pending motion to dismiss. Given that no joint scheduling report was due, and because there is no evidence that Defendants' counsel failed to follow the Court's order in this regard, there is simply no failure to comply on the part of Defendants, let alone non-compliance that justifies the entry of default judgment as a sanction. *Wyle*, 709 F.2d at 589; *Fjelstad*, 762 F.2d at 1338.

**2.     Plaintiffs are Not Entitled to Default Judgment for Defendants' Failure to Comply with the Court's May 28, 2010, Order.**

Plaintiffs also maintain that default judgment should be entered against Defendants because they failed to submit a proposed order as ordered by the Court on May 28, 2010. Defendants contend that, although a proposed order was not submitted timely, such a proposed order has now been filed. As explained above, default judgment is appropriate as a sanction only in the most extreme instances of party misconduct or abuse of the judicial process. *Wyle*, 709 F.2d at 589; *Fjelstad*, 762 F.2d at 1338; *see United States v. Sumitomo Marine & Fire Ins. Co., Ltd.,* 617 F.2d 1365, 1369 (9th Cir. 1980) (mere negligent conduct is insufficient to impose sanctions such as dismissal or default).

Here, Plaintiffs' request for default judgment is misplaced. Defendants' failure to submit a proposed order in compliance with the Court's May 28, 2010, order was not prejudicial to Plaintiffs as it did not cause them any inconvenience or delay. Further, Plaintiffs have not shown that Defendants' failure was a bad-faith, tactical abuse of the judicial process, or that Defendants have demonstrated a pervasive refusal to comply with orders of the Court. Moreover, Defendants' failure to file the proposed order does not "threaten to interfere with the rightful decision of the case." *Wyle*, 709 F.2d at 591. Although Defendants would be wise to comply fully with Court orders in the future

5

and they risk sanctions if they do not, their failure to timely comply with the Court's May 28, 2010, order is not an extreme instance of party misconduct or an abuse of the judicial process that would justify the entry of default judgment. Thus, the Court declines to recommend a case terminating sanction of entry of default judgment.

As a final note, the Court is extremely mindful of the Eastern District's immense caseload and the voluminous number of cases (approximately 1300) pending before each district judge. If Defendants had been carefully adhering to the Court's order, perhaps Plaintiffs' request could have been avoided, at least in part. Further, while Plaintiffs are appearing pro se, and the Court will liberally construe their pleadings in that capacity, Plaintiffs are informed that the use of default judgment as a case-terminating sanction is appropriate in only extreme cases of abuse of judicial process or party misconduct. At some point, misplaced requests for default judgment for infractions of court orders become an abuse of judicial process in and of themselves. While Plaintiffs are correct to pay diligent attention to the Court's orders,[2] Plaintiffs must also be prudent in seeking case-ending sanctions for Defendants' failure to do so. Plaintiffs are informed and reassured that the Court has inherent power to enforce and require compliance with its own orders, and does not require a request from a party to exercise those powers.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs' request for default judgment is DENIED.

IT IS SO ORDERED.

**Dated:   July 6, 2010**                              /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] The "Order Setting Mandatory Scheduling Conference" issued in this case reiterates the need for strict compliance with the Court's orders.