**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| ROBERT MORRIS and MICHELLE MORRIS,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO POLICE DEPARTMENT, OFFICERS CHRISTOPHER LONG, JEREMY DEMOSS,<br><br>Defendants. | 08-CV-01422-OWW-GSA<br><br>MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SIXTH AMENDED COMPLAINT(Doc. 83) |
|---|---|

### I.   INTRODUCTION

Plaintiffs Robert Morris and Michelle Morris ("Plaintiffs") are proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiffs filed a sixth amended complaint ("SAC") on June 24, 2010.  (Doc. 82).

Defendants filed a motion to dismiss the SAC on June 28, 2010. (Doc 83).  Plaintiffs filed opposition to Defendants' motion to dismiss on August 25, 2010.  (Doc. 86).

### II.   FACTUAL BACKGROUND

Plaintiffs' SAC contains allegations regarding two Defendants: Fresno Police Department Officers Christopher Long ("Long") and Jeremy DeMoss ("DeMoss").  Although the caption of the complaint lists the City of Fresno as a defendant, the SAC is devoid of allegations pertaining to the City.

Mrs. Morris asserts a Fourth Amendment excessive force claim against DeMoss.  Mr. Morris asserts a Fourth Amendment claim for excessive force against officer Long.

///

**1**

**Mrs. Morris's Allegations**

Mrs. Morris asserts a claim for "Excessive Force" against officer DeMoss stemming from an incident on "10/28/07." (SAC at 1). According to the SAC, Mrs. Morris was "a victim of an assault and robbery," presumably by some third party. (SAC at 1). It appears that DeMoss was the first officer to arrive at the scene of the assault and robbery, which occurred at 2904 E. Austin Way in Fresno, California. (SAC at 1). Defendant Long stopped Plaintiffs a few blocks away from Austin Way at the intersection of Holland Avenue and Fresno Street. (SAC at 1). At some point, a police officer identified in the SAC as "Alexander" placed Mrs. Morris in handcuffs. (SAC at 2). As Mrs. Morris sat on the curb handcuffed, she demanded that her "rights be observed," prompting officers to laugh. (SAC at 2). DeMoss walked over to Mrs. Morris and, without warning, "snatched Plaintiff up" by "quickly and unexpectedly...grabbing [Mrs. Morris'] right elbow from behind and lifting her up." (SAC at 2). The force used by DeMoss caused large bruses approximately three to four inches in diameter on the inside of Mrs. Morris' right forearm and bicep. (SAC at 2). Mrs. Morris alleges that she was not under arrest and had not broken any laws at the time DeMoss exercised force against her. (SAC at 2). DeMoss placed Mrs. Morris in his patrol car, drove her to her residence, and "dropped [Mrs. Morris] off." (SAC at 2).

**Mr. Morris's Allegations**

Mr. Morris contends that Defendant Long "committed excessive force" against him on October 28, 2007 by conducting a "forced blood draw" and employing unreasonable force during the blood draw. (SAC at 3-4). Morris contends that Long drove him to a Fresno

**2**

Police Department substation and forced him to submit to a blood draw, denying him the "right" to have either a breath test or urine test. (SAC at 4). Plaintiff contends he asked for a field sobriety test, but was told he was being taken for a blood draw. (SAC at 4). Plaintiff contends he was never told of alternative testing procedures, to which he would have consented.

Mr. Morris also alleges that during the blood draw, Long turned Mr. Morris' wrist backwards and twisted his arm into an arm-bar lock. (SAC at 3). While he held Mr. Morris in the arm-bar lock, Long threatened him by saying "move so I can break your arm." (SAC at 3). Mr. Morris alleges that Long used so much force that he dislocated Mr. Morris' shoulder caused Mr. Morris to suffer a torn ligament. (SAC at 3).

### III.  **LEGAL STANDARD**

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b) (6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S.

----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial

**4**

notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### IV. DISCUSSION

**A.  Municipal Liability**

Municipalities such as the City of Fresno, "are 'persons' under 42 U.S.C. § 1983 and thus may be liable for causing a constitutional deprivation." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  In a § 1983 case, a municipality cannot be liable for a constitutional violation on the basis of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Rather, a municipality is "liable only when 'action pursuant to official municipal policy of some nature caused a constitutional tort.'" *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (quoting *Monell*, 436 U.S. at 691).  The "official municipal policy" can be an expressly adopted policy or "a longstanding practice or custom." *Id.* (internal quotation marks omitted).

The SAC is devoid of allegations pertaining to any such practices or policies of the City.  Plaintiff's opposition to the motion to dismiss provides:

> as to the City of Fresno being listed as a defendant, the defense are correct with respect to the Plaintiffs not amending the complaint....after a long discussion between both Plaintiff's the [sic] still feel that the City of Fresno should be held accountable for the allegation listed in the [complaint].  The police departments [sic] policies are one of the City of Fresno [sic].

(Opposition at 1).  Plaintiffs' concession that they failed to amend the complaint to properly assert any facts against the City of Fresno requires granting of Defendants' motion to dismiss. Plaintiffs have been given opportunities to amend their complaint

**5**

1 and have been provided with an explanation of the law and specific
2 reasons why previous versions of the complaint were insufficient to
3 state a claim for municipal liability.  Defendants' motion to
4 dismiss Plaintiffs' claims against the City of Fresno is GRANTED,
5 with prejudice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th
6 Cir. 1992) (where a court instructs a party regarding a specific
7 pleading deficiency, the party's failure to remedy the deficiency
8 may warrant dismissal of a claim with prejudice).

**B.  Mr. Morris' Blood Draw Claim**

"The Fourth Amendment is not violated by ...failure to advise [an arrestee], who did not request or consent to a urine or breath test, of their right to choose among the alternative tests." *Nelson v. City of Irvine*, 143 F.3d 1196, 1203-1204 (9th Cir. 1998). Although the SAC does allege that Mr. Morris requested a field sobriety test, it fails to allege that he consented to alternative chemical testing procedures or even that he objected to a blood draw.  At oral argument, however, Mr. Morris stated that the physical coercion he was subjected to before and during his blood draw prevented him from consenting to an alternative chemical test.

Defendants' motion to dismiss Plaintiff's blood draw claim is GRANTED, without prejudice, except as to the excessive force claim arising out of the force employed during the blood draw.  Mr. Morris will be given one more opportunity to plead his blood draw claim.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Defendants' motion to dismiss Plaintiffs' claims against the City of Fresno is GRANTED with prejudice;

**6**

2) Defendants' motion to dismiss Mr. Morris' Fourth Amendment claim based on Mr. Morris' blood draw is GRANTED, without prejudice, except as to excessive force;

3) Plaintiffs shall file an amended complaint within fourteen (14) days of service of the Memorandum Decision.  Defendants shall filed a response within ten (10) days of service of the amended complaint; and

4) Defendants shall submit a form of order consistent with this Memorandum Decision within five (5) days following electronic service of this decision.

IT IS SO ORDERED.

**Dated:   September 21, 2010**           **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE