1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT MORRIS and MICHELLE MORRIS, <br><br> Plaintiffs, <br><br> v. <br><br> FRESNO POLICE DEPARTMENT, OFFICERS CHRISTOPHER LONG, JEREMY DEMOSS, <br><br> Defendants. | 08-CV-01422-OWW-GSA <br><br> MEMORANDUM DECISION AND ORDER REGARDING DEFENDANTS' MOTION TO STRIKE (Doc. 98) |

## I.   INTRODUCTION

Plaintiffs Robert Morris and Michelle Morris ("Plaintiffs") are proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiffs filed a seventh amended complaint ("SAC") on September 14, 2010.   (Doc. 82).   Defendants filed an answer to the SAC on September 27, 2010.

Currently before the court is Defendants' motion to strike a document entitled "seventh amended complaint" filed by Plaintiffs on October 6, 2010.   (Docs. 98).   Plaintiffs filed opposition to Defendants' motion to strike on November 12, 2010.   (Doc. 100).

## II.   FACTUAL BACKGROUND

Plaintiffs filed their initial complaint on September 23, 2008.   (Doc. 1).   After several incarnations of the complaint were dismissed, Plaintiffs filed a sixth amended complaint on June 24, 2010.   (Doc. 82).

**1**

Defendants' motion to dismiss the sixth amended complaint was heard on September 13, 2010.  During the September 13 hearing, the court told Plaintiffs on the record that their sixth amended complaint was dismissed, with leave to amend.  (Doc. 88).  The court advised the parties that it would issue a written decision on the motion to dismiss, and that Plaintiff would have fourteen days from the date of service of the written decision to file an amended complaint.  (Doc. 88).  The next day, on September 14, 2010, Plaintiffs filed the SAC.  (Doc. 89).

The court issued a Memorandum Decision dismissing Plaintiffs' sixth amended complaint on September 21, 2010.  (Doc. 90).[1] Defendants filed an answer to the SAC on September 27, 2010.  (Doc. 92).

On October 6, 2010, Plaintiffs' filed a document entitled "seventh amended complaint" and a "request to the court and amended complaint as ordered" ("the Request"). (Docs. 96, 97).  The Request appears to be a request for leave to file an eighth amended complaint.  (*See* Doc. 97).

### III. **LEGAL STANDARD**.

**A. Motion to Strike**

Rule 12(f) empowers a court to strike "any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D. Cal. 1992); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335,

---

[1] The order officially dismissing the sixth amended complaint issued on September 29, 2010, (Doc. 94).

**2**

1339 (N.D. Cal. 1991). "[T]he function of a [F.R.Civ.P.] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

**B. Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides in pertinent part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality, however, four factors guide a court's inquiry:

> Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. Loehr, 743 F.2d at 1319; Howey, 481 F.2d at 1190. These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend.

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). A district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint. *Id.* at 186 n.3 (citation omitted).

///

///

3

### IV. **DISCUSSION**.

The court construes the Request filed by Plaintiffs on October 6, 2010 as a request for leave to file an eighth amended complaint. Accordingly, whether Defendants' motion to strike should be granted depends on whether Plaintiff's should be given leave to file an eighth amended complaint.[2]

The Request sets forth two grounds for obtaining leave to amend: (1) the Memorandum Decision warned Plaintiff to comply fully with the court's orders or risk sanctions; and (2) at the time Plaintiffs filed the SAC, they did not have the benefit of the Memorandum Decision's guidance.  (Request at 1).  Neither of Plaintiffs' purported justifications for seeking leave to amend have merit.  Plaintiffs do not face sanctions, and Plaintiffs were fully aware of the consequences of filing the SAC without the benefit of the Memorandum Decision.

On December 8, 2009, the court held a hearing on Defendants' motion to dismiss Plaintiffs' third amended complaint and told Plaitniffs that the complaint would be dismissed with leave to amend.  On December 30, 2009 Plaintiffs filed a fourth amended complaint before the court issued its written decision dismissing the third amended complaint.  On January 26, 2010, the court struck the fourth amended complaint due to the fact that Plaintiffs prematurely filed it before the court issued its written decision on the motion to dismiss the third amended complaint.  (Doc. 63 at 3).  During a subsequent hearing on a motion to dismiss Plaintiffs' fifth amended complaint, the court explained to Plaintiffs that the

---

[2] As Defendants point out, Plaintiffs failed to comply with the local rules applicable to motions for leave to file an amended complaint.

**4**

fourth amended complaint filed on December 30, 2009 was striken because it was filed before the issuance of a written decision and did not address the deficiencies that required dismissal of the third amended complaint.  At the time Plaintiffs filed the SAC on September 14, 2010, they knew that filing the SAC before issuance of a written decision identifying the deficiencies of the sixth amended complaint was imprudent and had resulted in a prior dismissal.   Nonetheless, Plaintiffs filed their SAC before the Memorandum Decision dismissing the sixth amended complaint issued.

Several key factors relevant to determining whether Plaintiffs should be granted leave to amend weigh against granting Plaintiff's Request.  First, Plaintiffs have been given numerous opportunities to plead their complaint.  *DCD Programs*, 833 F.2d at 186 n.6. Where a plaintiff has already had one or more opportunities to amend a complaint, a court has greater discretion to deny a subsequent request for leave under Rule 15.  *Id*.

Second, Defendants would be prejudiced by granting Plaintiffs another opportunity to amend weighs against granting the Request. *Id*. at 186.  Plaintiffs filed the Request after Defendants filed an answer to the SAC.  Granting the Request would impose on Defendants the additional expense of filing yet another answer.   Granting Plaintiffs leave to file an eighth amended complaint would further delay resolution of this case.

Third, granting the Request would countenance Plaintiffs' imprudent strategy of filing untimely amended complaints ignoring the court's instructions and encourage the waste of resources caused by such a strategy.  Plaintiffs' decision to file the SAC the day after oral argument on the motion to dismiss the sixth

1  amended complaint is inexplicable given express instructions to

2  Plaintiffs and supports an inference of bad faith.

3      Finally, given the content of Plaintiff's proposed eighth

4  amended complaint, granting the Request would be futile, as the

5  eighth amended complaint does not correct the deficiencies that

6  required dismissal of the sixth amended complaint.

7      Plaintiffs have not demonstrated that leave to file an eighth

8  amended complaint is necessary or appropriate. Because Plaintiffs'

9  did not obtain leave to file an eighth amended complaint, the

10 complaint filed on October 6, 2010 is a nullity. *See* Fed. R. Civ.

11 P. 15. Defendants motion to strike is GRANTED. The pleadings in

12 this case are settled. If Plaintiffs again violate the rules, they

13 will be held accountable under Rule 11.

14 IT IS SO ORDERED.

15 **Dated:    December 2, 2010           /s/ Oliver W. Wanger**
                              UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

**6**