UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF FRESNO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.   1:08-cv-01422-AWI-MJS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND REQUEST FOR TAKING DEPOSITION OF NAMED AND UNNAMED INDIVIDUALS (ECF No. 144)<br><br>ORDER DENYING THOSE PORTIONS OF PLAINTIFF'S MOTION TO COMPEL RELATING TO DEPOSITION OF OFFICER CHRISTOPHER LONG ON PERSONNEL ISSUES AND PRODUCTION OF OTHER DOCUMENTS THAN OFFICER LONG'S PERSONNEL FILE (ECF No. 145) |

I.　**INTRODUCTION**

　　Plaintiff Robert Morris is proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983 as set forth *inter alia* in his sixth amended complaint ("SAC") filed June 24, 2010. (SAC, ECF No. 82.) Mr. Morris asserts a Fourth Amendment claim for excessive force against Fresno Police Department Officer Christopher Long. Multiple other claims and causes of action have been dismissed.

On October 21, 2011, Plaintiff filed two motions. One requested a "Protective Order with Regards to Michelle Morris' Deposition" and also requested "The Taking Deposition of Officer Christopher Long, Alica Jeremey Demoss, Officer Officer Alexander, Sgt. Selecky, Sgt. Goertenz and any Unknown Officers, and Non-Witnesses that arise from records not yet provided." (Mot. for Protective Order, ECF No. 144.) The second motion is a motion to compel production of personnel records of Officer Christopher Long and "Deposition on Personnel Issues" and production of records of "911 recordings", "Video...and Audio Recordings", and "Alice Lopez records...". (Mot. to Compel, ECF No. 145.)

## II.     ANALYSIS

In an October 17, 2011 Discovery Dispute Conference, this Court authorized Plaintiff to file a motion requesting personnel records of Officer Long so that the issues raised by such request could be fully briefed and, if the Court deemed necessary, argued. Hearing on that motion is scheduled for December 2, 2011. (See Minute Orders, ECF Nos. 146-147.) The Court will address the motion and issue its order thereon in due course.

All other requests and motions set forth or intended to be set forth in Plaintiff's October 21, 2011 motions (ECF Nos.144-145) are DENIED for the following reasons.

Plaintiff is charged with knowledge of Local Rule 251 of the Eastern District of California. That rule requires a party wishing to file a discovery motion to first meet and confer with opposing counsel in an attempt to resolve differences; failing resolution, the moving party must file a joint statement regarding discovery dispute. There is no showing that Plaintiff has attempted to meet and confer with defense counsel regarding all of the multiple issues raised by his motions. Nor has a joint statement been filed with the Court.

In addition, Plaintiff is certainly aware that this Court forbids the filing of a discovery motion without the prior consent of the Court after the parties meet and confer and participate in a telephonic Discovery Dispute Conference with the Court. (See Court Information posted on United States District Court for the Eastern District of California Web Site, Yosemite Division[1].) To the extent Plaintiff may have attempted to raise some of the issues mentioned in his October 21, 2011 motions during the October 17, 2011, Discovery Dispute Conference, the Court made clear that except for production of Officer Long's personnel records, Plaintiff's requests were premature or otherwise improper. No motion other than one seeking production of Officer Long's personnel records was authorized.

Plaintiff's failure to comply with the rules aside, the requested relief is inappropriate. Plaintiff's motion for a protective order (ECF No. 144) appears to request a protective order limiting the use of Michelle Morris' deposition. Plaintiff does not specify where and what limitation he wants or how and when it should apply. To the Court's knowledge, there is nothing pending in which the deposition is threatened to be used. (To the extent Plaintiff seeks to limit trial use, he may file a motion in limine at the appropriate time and in the appropriate way. He must specify precisely by line and page and quote what he seeks to preclude and state the legal and factual grounds for each.) The motion for protective order is DISMISSED without prejudice.

To the extent Plaintiff seeks to depose various named as well as unknown "Non-witnesses" by way of his request (ECF No. 144), there is nothing before the Court to

---

[1] http://www.caed.uscourts.gov/caed/DOCUMENTS/Yosemite/MJS_COURTINFO.pdf

indicate Plaintiff has undertaken to depose any such witnesses in the manner required by the Federal Rules of Civil Procedure and Local Rules and been denied the right to do so. In no event will the Court direct the deposition of "Unknown Officers, and Non-Witnesses."

It does appear from Plaintiff's motion to compel (ECF No. 145), that Plaintiff is attempting to reserve the right to depose Defendant Long if and after he obtains Officer Long's personnel records. Again, such a request is premature and without basis under the applicable discovery rules; there is no showing that Plaintiff has properly noticed a deposition and been denied the right to take it, or that Plaintiff has discussed with Defendant the option of taking the officer's deposition after the Court rules on Plaintiff's request for personnel records.

Plaintiff also seeks to expand the scope of his motion to compel the production of specified 911 recordings, video and audio recordings and records of Alica Lopez, the individual who drew his blood on the night in issue in this case. Plaintiff was not granted leave to file any such motion. As to the recordings and medical records, Plaintiff confirms that Defendant has advised him it does not have any such records. The Court will not order any party to produce what it does not have. As to the 911 records, it is the Court's recollection from the October 17, 2011 conference that defense counsel was willing to look into the whether such records still existed and could be produced. As such, this portion of the request also is premature. Accordingly, this motion to compel is also DISMISSED without prejudice.

In short, except for his motion to compel production of Officer Long's personnel records, Plaintiff's motions are deficient , premature and inappropriate. This Order should be considered a warning to Plaintiff that he, having chosen to proceed *pro se*, has the

same obligation as an attorney at law to comply with all applicable rules of procedure. Failure to do so could result in imposition of sanctions which could exceed the cost of retaining counsel to represent him.

### **ORDER**

It is hereby ordered that except as provided in Minute Orders, ECF Nos. 146-147, Plaintiff's motions for a protective order and motion to compel are DISMISSED without prejudice. (ECF Nos. 144-145.)

IT IS SO ORDERED.

Dated:     November 2, 2011              /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE