James J. Arendt, Esq.           Bar No. 142937
Brande L. Gustafson, Esq.       Bar No. 267130
WEAKLEY & ARENDT, LLP
1630 E. Shaw Avenue, Suite 176
Fresno, California 93710
Telephone: (559) 221-5256
Facsimile: (559) 221-5262

Attorneys for Defendant OFFICER CHRISTOPHER LONG

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS and MICHELLE MORRIS, pro se<br><br>Plaintiffs,<br><br>vs.<br><br>FRESNO POLICE DEPARTMENT, OFFICER CHRISTOPHER LONG, OFFICER JEREMY DEMOSS,<br><br>Defendants. | CASE NO. 1:08-CV-01422-AWI-MSJ<br><br>**STIPULATED PROTECTIVE ORDER RE: DISCLOSURE OF DOCUMENTS**<br><br>Seventh Amended Complaint Filed: September 14, 2010<br>Trial Date: May 8, 2012 |

IT IS HEREBY STIPULATED, by, among, and between Defendant CHRISTOPHER LONG ("Defendant") and plaintiff ROBERT MORRIS ("Plaintiff"), through their respective counsel of record, and ordered by this Court, that:

The documents described below which are maintained by the City of Fresno Police Department and requested by Plaintiff through discovery, may be designated as "Confidential" by the Defendant and will be produced subject to the following protective order detailed below. The documents requested by Plaintiff contain information which Defendant deems confidential. By the release of these documents pursuant to this Stipulation and Protective Order, Defendant does not waive his assertion of the confidentiality privilege protecting the below-described documents from general disclosure.

///

The "Protected Materials" include the following:

- **Personnel Records of Defendant Officer Christopher Long; and**
- **Internal Affairs documents relating to Defendant Officer Christopher Long.**

The Protected Materials shall be treated by the parties as confidential and shall make no further disclosure of such materials except as provided herein:

1. The Protected Materials shall be used solely in connection with the civil case of *Robert Morris v. Christopher Long*, Case No. 1:08-CV-01422-AWI-MSJ, and in the preparation and trial of the case and related proceedings. Neither the Plaintiff nor his attorney(s) may disclose, make copies of, or reveal the contents of such materials for purposes other than for the preparation of this case.

2. The Defendant is not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trial of this matter.

3. A party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "**Confidential Material - Subject to Protective Order**." If any confidential materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "**Confidential Material - Subject to Protective Order**" in a manner agreed upon by the disclosing and requesting parties.

4. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

   a) Kevin G. Little, counsel for Plaintiff Robert Morris;
   b) Paralegal, clerical, secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;
   c) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of this civil action;
   d) Any expert, consultant, or investigator retained in connection with this action;
   e) The finder of fact at the time of trial, subject to the court's ruling on in limine motions and objections of counsel;
   f) Plaintiff, Robert Morris may review the Protected Materials but may not receive or retain any copies thereof.

5.      Prior to the disclosure of any Protected Materials to any person identified in paragraph 4, each such recipient of confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read.  Upon reading this Stipulated Protective Order, such person shall sign the acknowledgment, attached hereto as Exhibit "A", that he or she has read this Stipulated Protective Order, shall abide by its terms, and understands that the Protected Materials shall be returned to Plaintiff's counsel.  Such person must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceedings related to the enforcement of this Protective Order, including without limitation, any proceeding for contempt.  Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further Order of this Court.  Plaintiff's attorney shall keep a record of the identities of those individuals to whom copies of the Protected Materials are given.

6.      The designation of information as "Confidential," and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

7.      A party may apply to the Court for an Order that information or materials labeled "Confidential" are not, in fact, confidential.  Prior to so applying, the party seeking to reclassify such information shall meet and confer with the producing party.  Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order.

8.      <u>Procedures For The Production of Copies of Protected Materials</u>

The following procedures shall be utilized by the parties in production of documents and materials designated "Confidential":

a)   Plaintiff's counsel shall receive one copy of the Protected Materials;

b)   Plaintiff's counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the Protected Materials to any source, other than persons identified in paragraph 4 without further Order of the Court, or written authorization from counsel for Defendant;

c)   Defendant's production of the Protected Materials shall contain red marking on each page identifying the materials as "**Confidential Material - Subject to Protective Order**;"

        d)      If any Protected Materials is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protected Order. The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and each copy thereof, in accordance with this Stipulated Protective Order. Only individuals authorized by this Protective Order to see or receive such materials may be present during the discussion or disclosure of such materials.

9. Should any Protected Materials be disclosed, through inadvertence or otherwise, to any person not authorized to receive it, the disclosing person shall promptly (a) inform the Defendant of the recipient(s) and the circumstances of the unauthorized disclosure, and use best efforts to bind the recipient(s) to the terms of this Stipulated Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it.

10. At the conclusion of this litigation, all Protected Materials, in whatever form stored or reproduced, will remain confidential. Counsel for Plaintiff shall provide Defendant with a list of all persons to whom Protected Materials were disclosed and shall notify Defendant's counsel if any persons fail to return such materials to Plaintiff's counsel. The conclusion of this litigation includes termination of this case following trial or settlement and also includes termination through Order of this Court following a dispositive motion.

11. No later than 30 days after settlement or receiving entry of an Order, judgement or decree terminating this action, counsel for Plaintiff shall return said materials to counsel for Defendant.

12. If any party appeals a jury verdict or Order terminating this case, counsel for Plaintiff shall retain possession of all Protected Materials pending final outcome of that appeal.

13. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protected Order for good cause shown. After this action terminates, any party may seek to modify or dissolve this Order for good cause or by stipulation of the parties.

14. This Court shall retain jurisdiction, even after this lawsuit terminates (a) to make such amendments, modifications or additions to this Stipulated Protective Order as it may from time to time be appropriate upon good cause shown, and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

**IT IS SO STIPULATED:**

DATED: December 2, 2011　　　　　　　　　　　　WEAKLEY & ARENDT, LLP

　　　　　　　　　　　　　　　　　　　By:　/s/ Brande L. Gustafson
　　　　　　　　　　　　　　　　　　　James J. Arendt
　　　　　　　　　　　　　　　　　　　Brande L. Gustafson
　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Christopher Long

DATED: December 2, 2011　　　　　　　　　　　　KEVIN G. LITTLE
　　　　　　　　　　　　　　　　　　　　　　　　ATTORNEY AT LAW

　　　　　　　　　　　　　　　　　　　By:　/s/ Kevin G. Little
　　　　　　　　　　　　　　　　　　　Kevin G. Little
　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff Robert Morris

### ORDER

Good cause appearing, the Stipulation is approved.

IT IS SO ORDERED.

Dated:　December 8, 2011　　　　　　　/s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE