KEVIN G. LITTLE, SBN 149818
ATTORNEY AT LAW
1099 E. Champlain Drive, Suite A-124
Fresno, California 93720
Telephone:  (559) 708-4750
Email: kevinglittle@yahoo.com

Attorney for Plaintiff Robert Morris

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

* * *

| | |
|---|---|
| ROBERT MORRIS, | No. CV-F-08-1422 AWI MJS |
| Plaintiff, | |
| | PLAINTIFF'S MOTIONS IN LIMINE |
| v. | |
| | Hearing: April 30, 2012 |
| FRESNO POLICE OFFICER CHRISTOPHER LONG, | Time: 1:30 p.m. |
| | Courtroom: 2 |
| | Judge: The Hon Anthony W. Ishii |
| Defendant. | |
| | Trial Date: May 8, 2012 |

TO THE HONORABLE COURT

Plaintiff Robert Morris, through his undersigned counsel, hereby submits the following motions in limine:

1.     The plaintiff moves to exclude any evidence or witnesses not timely disclosed during discovery.  This Court could appropriately exercise its discretion to exclude such belatedly disclosed or undisclosed witnesses or evidence.  See American Gem Seafoods, Inc. v. Wei Zhang, 330 F.3d 1020, 1027-1028 (9th Cir. 2004), cert denied, 124 S.Ct. 1602 (2004). The Court also has discretion under FRCP 37(c)(1) to exclude information that was not disclosed pursuant to FRCP 26(a) or disclosed as a supplement to discovery/disclosure pursuant to FRCP 26(e).  See Klonoski v. Mahlab, 156 F.3d 255, 268 (1st Cir. 1998) (noting that the Rule 26(e) "imposes a broad requirement on parties to update their earlier disclosures

MOTIONS IN LIMINE

1   and discovery responses"); <u>Samos Imex Corp. v. Nextel Comms. Inc.</u>, 194 F.3d 301, 305 (1st

2   Cir. 1999) ("[E]xclusion of evidence is a standard sanction for a violation of the duty of

3   disclosure under Rule 26(a)."); <u>Imax Corp. v. Cinema Technologies, Inc.</u>, 152 F.3d 1161,

4   1167-68 (9th Cir. 1998) (upholding the exclusion of evidence not disclosed not disclosed with

5   "reasonable particularity" as required by Rules 26(a) and 26(e)).

6        A review of the pretrial order shows that defense documents document numbers  20,

7   21, 22, 23 (in part), 24, 27, 28, and 29 have not been disclosed to the plaintiff.  Also, defense

8   witnesses 14 and 17-58 have not been disclosed during discovery with reasonable

9   particularity, either in the defendant's initial disclosures or discovery responses.   These

10  exhibits and witnesses should therefore be excluded.

11       2.    A review of the pretrial order makes it apparent that much of the defense

12  evidence will pertain to the plaintiff's personal background rather than the subject incident.

13  The plaintiff therefore moves to exclude several anticipated categories of inadmissible

14  character evidence.   Specifically, the plaintiff moves to preclude the defendants from

15  introducing: (1) any evidence suggesting that he has ever used alcohol excessively; (2)

16  evidence of his prior arrests unrelated to the subject incident; (3) evidence of confrontations

17  with police officers unrelated to the subject incident; (4) evidence of his mental health

18  hospitalization and history unrelated to the incident and his damages resulting therefrom; and

19  (5) evidence of his medical history unrelated to the incident and his damages resulting

20  therefrom.  "Character evidence is normally not admissible in a civil rights case." <u>Gates v.</u>

21  <u>Rivera</u>, 993 F.2d 697, 700 (9th Cir. 1993) (in civil rights case, police officer defendant who shot

22  a suspect should not have been allowed to testify that in his sixteen and one-half years as a

23  police officer, he had not shot anyone); <u>Heyne v. Caruso</u>, 69 F.3d 1475, 1480-1481 (9th Cir.

24  1995) (evidence of unrelated incidents by a party in a civil rights case inadmissible to show

25  conduct in conformity therewith); <u>Heath v. Cast</u>, 813 F.2d 254, 259 (9th Cir.) (Rule 404(b)

26  prohibits the admission of testimony regarding a civil rights plaintiff's other crimes or bad acts

27  where such evidence is probative only of a criminal disposition), <u>cert. denied</u>, 484 U.S. 849

28

1   (1987); <u>Cohn v. Papke</u>, 655 F.2d 191, 193 (9th Cir. 1981) (where the district court erred in

2   admitting evidence of Plaintiff's prior homosexual experience for the purpose of showing that

3   it was within the plaintiff's character to commit homosexual acts in an attempt to show that he

4   solicited the officer); <u>see also</u> Fed.R.Evid. 404(b) ("Evidence of other crimes, wrongs, or acts

5   is not admissible to prove the character of a person in order to show action in conformity

6   therewith."); <u>Davis v. Mason County</u>, 927 F.2d 1473 (9th Cir.), <u>cert denied</u>, 502 U.S. 899

7   (1991); <u>see also</u> Fed.R.Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not

8   admissible to prove the character of a person in order to show action in conformity therewith.").

9   Additionally, the foregoing would constitute improper propensity evidence under Federal Rule

10   of Evidence 404(a) and does not go to dishonesty, as required by Federal Rule of Evidence

11   608(b).  Nor is evidence of alleged alcohol or drug use indicative of dishonesty or otherwise

12   admissible.  <u>United States v. Hedgcorth</u>, 873 F.2d 1307, 1313 (9th Cir.1989) (district court did

13   not abuse its discretion by foreclosing inquiry on past drug use by witnesses, since defendant

14   made no foundational showing that evidence was relevant to witnesses credibility), <u>cert.</u>

15   <u>denied</u>, 493 U.S. 857 (1989).  Finally, the plaintiff does not have any prior criminal offenses

16   that would be admissible for purely impeachment purposes under Federal Rule of Evidence

17   609.

18       Therefore, all of the above-discussed evidence would be improperly admitted under

19   Rules 404(b), 608(b), and 609 and would only serve to label the plaintiff as a "bad person" and

20   unduly prejudice him under Rule 403.  <u>See</u> <u>United States v. Colbert</u>, 116 F.3d 395, 396 (9th

21   Cir.), <u>cert. denied</u>, 522 U.S. 920 (1997); <u>United States v. Dickens</u>, 775 F.2d 1056, 1057 (9th

22   Cir. 1985) (evidence of association with mob not admissible under 609 or 608(b) and thus not

23   admissible for credibility impeachment purposes); <u>United States v. Lew</u>, 875 F.2d 219,

24   222-223 (9th Cir. 1989) (extrinsic evidence of an incident of specific conduct offered to attack

25   credibility properly excluded). Based on the consistent line of authorities excluding character

26   evidence in civil rights cases, the above-referenced items should be excluded at trial.  At

27   minimum, the defense should be required to make a detailed offer of proof regarding any such

28

1   evidence, whether intended to be used as either substantive or impeachment evidence,

2   outside of the presence of the jury prior to asking the plaintiff about it on cross-examination,

3   in order to prevent inappropriate and prejudicial matters from being heard by the jury.

4   3.   The plaintiff also moves to exclude the result of the Fresno Police Department's

5   internal affairs investigation into the underlying incident as evidence of the correctness of the

6   defendant officer's actions.  The results of such subsequent investigations are typically not

7   admissible in civil rights actions.  See Maddox v. City of Los Angeles, 792 F.2d 1408, 1417

8   (9th Cir. 1986).  Therefore, the outcome of the internal affairs investigation is also irrelevant

9   under Federal Rules of Evidence 401 and 402.

10   4.   The plaintiff also moves to preclude the defendant from justifying the force used

11   against him on the basis of any information other than that known to him at the time of the

12   incident.  As the Court well knows, the defendant officer's use force and/or arrest must be

13   justified based on the information then known to him, not later-acquired information.  See

14   Forrett v. Richardson, 112 F.3d 416, 420 (9th Cir. 1997); Graham v. Connor, 490 U.S. 386,

15   396-97 (1989) ("[T]he question is whether the officers' actions are 'objectively reasonable' in

16   light of the facts and circumstances confronting them, without regard to their underlying intent

17   or motivation"); see also  Headwaters Forest Def. v. County of Humboldt, 211 F.3d 1121, 1133

18   (9th Cir. 2000)(stating that despite "the ongoing battle the Humboldt County Sheriff's

19   Department and the Eureka Police Department. . . .  the proper focus of the analysis under

20   Graham is on events immediately confronting the officers when they decided to use pepper

21   spray."), vacated on other grounds by County of Humboldt v. Headwaters Forest Def., 534

22   U.S. 801 (2001); Beck v. Ohio, 389 U.S. 89, 91 (1964) (making same holding in the context

23   of a false arrest claim).

24   5.   Plaintiff also moves to preclude the defendant from presenting lay or expert

25   opinions on legal issues, since such testimony would be clearly improper.  See

26   Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 98-99 (1st Cir. 1997); Marx & Co. v. Diners'

27   Club, Inc., 550 F.2d 505, 512 (2d Cir. 1977)(securities lawyer, called as an expert, could not

28

1   testify to the legal obligations created under a contract); <u>Burkhart v. Washington Metro. Area</u>

2   <u>Transit Auth.</u>, 112 F.3d 1207, 1212-14 (D.C.Cir. 1997) (reversible error to allow an expert in

3   police practices to opine on whether police officers' efforts in communicating with a deaf

4   plaintiff were enough to satisfy federal disability statutes, and stating that "Each courtroom

5   comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to

6   instruct the jury on the relevant legal standards."); <u>Snap-Drape, Inc. v. Commissioner</u>, 98 F.3d

7   194, 197-98 (5th Cir. 1996) (trial court properly excluded taxpayer's expert reports as

8   containing nothing more than legal arguments concerning the tax treatment of certain

9   dividends); <u>Berry v. City of Detroit</u>, 25 F.3d 1342, 1353-54 (6th Cir. 1994) (finding inadmissible

10  the comments of an expert in police practices on the meaning of the legal term "deliberate

11  indifference" in a civil rights case); <u>Aguilar v. International Longshoremen's Union, Local # 10</u>,

12  966 F.2d 443, 447 (9th Cir. 1992) (testimony of purported expert that workers reasonably and

13  foreseeably relied on defendants' promises addressed "matters of law for the court's

14  determination" that were "inappropriate subjects for expert testimony"); <u>Specht v. Jensen</u>, 853

15  F.2d 805 (10th Cir. 1988) (en banc) (reversible error to allow an expert witness who was an

16  attorney to give his opinions on what was required to make consent to a search effective);

17  <u>Adalman v. Baker, Watts & Co.</u>, 807 F.2d 359, 366 (4th Cir. 1986) (finding inadmissible

18  proffered expert opinion concerning whether, under securities laws, disclosure of a particular

19  fact was required in the course of negotiating a transaction).

20        6.    Plaintiff moves to exclude any lay or expert testimony that purports to opine as

21  to the credibility of any witness or party, since such testimony would clearly be improper.  <u>See</u>

22  <u>United States v. Candoli</u>, 870 F.2d 496, 506 (9th Cir. 1989).  To the contrary, testimony

23  introduced to bolster or impugn the credibility of a witness is properly excluded.  <u>United States</u>

24  <u>v. Komisaruk</u>, 885 F.2d 490, 494 (9th Cir. 1989); <u>United States v. Binder</u>, 769 F.2d 595, 602

25  (9th Cir. 1985); <u>United States v. Bighead</u>, 128 F.3d 1329, 1336 (9th Cir. 1997); <u>United States</u>

26  <u>v. Ravel</u>, 930 F.2d 721, 726 (9th Cir. 1991).

27        7.    The plaintiff will seek to exclude any mention of any item that was withheld by

28

1   the defense on the basis of privilege.  Issues to which a party claims a discovery privilege

2   cannot be waived as a matter of convenience at trial, thereby flouting discovery rules.  <u>See</u>

3   <u>United States v. Rylander</u>, 460 U.S. 752, 759  (1983); <u>Williams v. Florida</u>, 399 U.S. 78, 83-84

4   (1970) (both addressing the issue fo the Fifth Amendment privilege against self-incrimination).

5          8.     The plaintiff moves to exclude any collateral evidence that might be introduced

6   to demonstrate bias, such as his prior interactions with members of the Fresno Police

7   Department and his prior complaints based thereupon.  Such evidence is irrelevant, unduly

8   prejudicial, and thus inadmissible under Federal Rules of Evidence 402 and 403.  <u>See</u> <u>United</u>

9   <u>States  v. Abel</u>, 469 U.S. 45, 53 (1984) (district courts have broad discretion to exclude bias

10  evidence under FRE 402 and 403); <u>Lewy v. So. Pac. Transp. Co.</u>, 799 F.2d 1281, 1298 (9th

11  Cir. 1986); <u>see also</u> <u>United States v. Dickens</u>, 775 F.2d 1056, 1058-1059 (9th Cir. 1985)

12  (reversing a criminal defendant's conviction after a trial in which the prosecutor extensively

13  questioned him regarding his connection to an infamous drug ring, stating that "the

14  defendant's bias in his own behalf was self-evident," and that, furthermore, the improper

15  questioning was not intended to show bias and failed to "demonstrate any motive for lying or

16  indicate any bias in connection with this trial" but rather demonstrated "prior bad conduct

17  tending to undermine his character for truthfulness under FRE 608(b)").

18         9.     Plaintiff also moves to preclude any law enforcement expert testimony, since no

19  expert reports were produced during discovery, as required by Federal Rule of Civil Procedure

20  26(a)(2)(B). The defendant has named many law enforcement witnesses in the pretrial order,

21  but none of them should be permitted to give expert testimony, even though most of them are

22  employed by the City of Fresno.  Rule 26(a)(2)(B) requires the provision of an expert report

23  for any employee whose duties regularly involve giving expert testimony or who was specially

24  employed to provide such testimony.  <u>Prieto v. Malgor</u>, 361 F.3d 1313, 1318 (11th Cir. 2004)

25  (noting its agreement with <u>Day v. Consolidated Rail Corp.</u>, 1996 WL 257654 (S.D.N.Y. 1996),

26  which held that allowing a blanket exception for all employee expert testimony under Rule

27  26(a)(2)B) would "create a category of expert trial witnesses for whom no written disclosure

28

1    is required"); First Nat'l. Mortg. Co. v. Federal Realty Inv., 2006 WL 2228941 *14 (N.D.Cal.,

2    Aug. 3, 2006) (noting that the Advisory Committee notes to Rule 26 only contemplate an

3    exception for "the expert whose information was not acquired in preparation for trial but rather

4    because he was an actor or viewer with respect to transactions or occurrences that are part

5    of the subject matter of the lawsuit.").  Repeatedly, courts, including this District, that have

6    addressed the issue at bar have concluded that the Rule 26(a)(2)(B) requires a written report

7    despite the expert being employed by the tendering party in other than a forensic capacity.

8    See, e.g. El Dorado Irrigation Dist. v. Traylor Bros., Inc., 2006 WL 191960 *2 (E.D.Cal., Jan.

9    24, 2006); Minnesota Min. and Mfg. Co. v. Signtech, USA, Ltd., 177 F.R.D. 459, 460

10   (D.Minn.1998) (where the court concluded that all employees who will give expert testimony

11   (and not hybrid fact/expert testimony) are required under Rule 26(a)(2)(B) to produce a report).

12   McCulloch v. Hartford Life and Acc. Ins. Co., 223 F.R.D. 26, 28 (D.Conn. 2004); KW Plastics

13   v. United States Can Co., 199 F.R.D. 687, 688-690 (M.D.Ala. 2000).  Therefore, consistent

14   with Federal Rules of Civil Procedure 26(a)(2)(B) and 37(c)(1), any law enforcement expert

15   should be precluded from testifying.  See Yeti By Molly, Ltd v. Deckers Outdoor Corp., 259

16   F.3d 1101, 1106 (9th Cir. 2001) (Rule 37(c)(1) provides that if a party's expert witness, without

17   substantial justification, fails to disclose such information, then the party "shall not, unless such

18   failure is harmless, be permitted to use [such information] as evidence at a trial, at a hearing,

19   or on a motion....").

20        Moreover, even for "non-retained experts," a party is required to at least have provided

21   for each such witness: "(i) the subject matter on which the witness is expected to present

22   evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts

23   and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Because

24   Defendants failed to disclose the subject matter, facts, and opinions these witnesses would

25   address, and failed to provide expert reports, any "non-retained" expert testimony from the

26   identified law enforcement witnesses should be excluded.

27        10.   The plaintiff also moves to exclude any evidence of his prior record or

28   _____

1   incarcerations.  None of this information was known to the defendant when he used force.

2   Thus, any such testimony is irrelevant.  Moreover, any relevance would be substantially

3   outweighed by the probability that the jury would be prejudiced.  Fed. R. Evid. 401, 403.

4          11.    Any prior drug or alcohol use by plaintiff, which was unknown to Office Long, is

5   also irrelevant.  Moreover, any relevance would be substantially outweighed by the probability

6   that the jury would be prejudiced.  Fed. R. Evid. 401, 403.

7          12.    Any mug shots of plaintiff should also be excluded as irrelevant.  Moreover, any

8   relevance would be substantially outweighed by the probability that the jury would be

9   prejudiced.  Fed. R. Evid. 401, 403.

10         13.    Plaintiff also moves to exclude any evidence or other reference to claims or

11  parties that have been dismissed before trial.  Such evidence or references would clearly be

12  irrelevant and prejudicial.  Fed. R. Evid. 401, 403.

13         14.    Discovery also included many documents pertaining to plaintiff's other contacts

14  with law enforcement and his other arrests.  As argued above, this evidence should be

15  excluded.  Certainly, the defense should also be precluded, if any questioning is allowed on

16  any impeachment topic, from introducing or making reference to documents to buttress its

17  contentions.  This would clearly constitute the use of extrinsic evidence to corroborate a

18  collateral matter in contravention of F.R.E. 608(b).

19         WHEREFORE, for the reasons stated hereinabove, the Court should enter pretrial

20  orders consistent with the plaintiff's in limine motions.

21  Dated: April 13, 2012

22

23  _____

24  Kevin G. Little
    Attorney for Plaintiff Robert Morris

25

26

27

28
    MOTIONS IN LIMINE                    -8-