James J. Arendt, Esq.    Bar No. 142937
Brande L. Gustafson, Esq.    Bar No. 267130

WEAKLEY & ARENDT, LLP
1630 E. Shaw Avenue, Suite 176
Fresno, CA 93710
Telephone: (559) 221-5256
Facsimile: (559) 221-5262

Attorneys for Defendant OFFICER CHRISTOPHER LONG

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS and MICHELLE MORRIS, pro se<br><br>Plaintiffs,<br><br>vs.<br><br>FRESNO POLICE DEPARTMENT, OFFICER CHRISTOPHER LONG, OFFICER JEREMY DEMOSS,<br><br>Defendants. | CASE NO. 1:08-CV-01422-AWI-MJS<br><br>**MOTIONS IN LIMINE OF DEFENDANT CHRISTOPHER LONG**<br><br>Date: April 30, 2012<br>Time: 1:30 p.m.<br>Ctrm: Two (2)<br>The Honorable Anthony W. Ishii<br><br>Trial: May 8, 2012 |

Defendant OFFICER CHRISTOPHER LONG ("Defendant") in the above matter and before the trial and selection of the jury, hereby move this Court, in limine, to instruct the parties and counsel as follows:

1. To preclude evidence questioning the validity of the DUI and blood draw itself beyond Plaintiff's altercation with individuals at 2904 E. Austin Way, Fresno, California.

2. To preclude any reference to a "forced blood draw."

3. To preclude evidence regarding a lack of investigation into underlying alleged puppy theft incident.

4. To preclude evidence regarding follow up investigation the day after the subject incident and the Internal Affairs investigation, except to the extent admissible statements were given.

---

Defendant's Motions In Limine

1.    5.       To preclude questions regarding personnel matters, prior complaints concerning job performance, or prior disciplinary issues as to Defendant Officer Christopher Long or any other Fresno Police Department Officer who testifies in this matter.

## I.

## MEMORANDUM OF POINTS AND AUTHORITIES

**1. MOTION TO PRECLUDE EVIDENCE QUESTIONING THE VALIDITY OF THE DUI AND/OR BLOOD DRAW ITSELF BEYOND PLAINTIFF ROBERT MORRIS' ALTERCATION WITH INDIVIDUALS AT 2904 E. AUSTIN WAY, FRESNO, CALIFORNIA**

Defendant moves this Court for an order excluding any and all evidence, references to evidence, testimony or argument on any matters relating to the validity of the blood draw itself which Plaintiff dismissed in his Seventh Amended Complaint (Doc. No. 89, p. 4:15-22) and the court in its Memorandum Decision and Order Regarding Defendants' Motion to Strike additionally found that Plaintiff's attempt to amend was futile as the amendment did not correct the deficiencies which required dismissal of the sixth amended complaint. *See Doc. No. 103, p. 6:3-6.* As a consequence, the validity of the DUI and/or blood draw within the context of a search and seizure analysis pursuant to the Fourth Amendment is not at issue in this case.

Only relevant evidence is admissible. *Fed. R. Evid. Rule 402*. Evidence is not relevant unless it tends to prove or disprove a fact of consequence. *Fed. R. Evid. Rule 401*. Any evidence or testimony which calls into question the validity of the DUI and/or blood draw, as in addressing whether or not other options for testing the blood alcohol content of Plaintiff were available or offered are not at issue and does not have a tendency to prove or disprove a fact of consequence regarding Plaintiff's claim that Defendant used excessive force. Additionally, any probative value, if any exists, of such evidence and/or testimony is substantially outweighed by its undue prejudice to Defendant, confusion of the issues, and potential to mislead the jury. *Fed. R. Evid. 403*.

As such, Defendant respectfully requests the Court instruct Plaintiff and his attorney (and through them, each of their witnesses and experts) not to mention, or in any other manner convey to the jury anything which tends to refute, contradict, or challenge the validity of the blood draw (beyond Plaintiff's

1  altercation with individuals at 2904 E. Austin Way) which was dismissed by Plaintiff, and thus is not
2  an issue before this court.

**2. MOTION TO PRECLUDE ANY REFERENCE TO A "FORCED BLOOD DRAW"**

Defendant moves this Court for an order excluding any and all references or argument characterizing the blood draw, where Officer Long allegedly used excessive force on Plaintiff, as a "forced" blood draw. The probative value, if any, of referring to the blood draw as being "forced" is substantially outweighed by its undue prejudice to Defendant, confusion of the issues, and potential to mislead the jury by inferring that the blood draw itself was unreasonable, coerced, or was itself excessive force. *Fed. R. Evid. 403*. Such an inference also has the effect of raising issues that are not before the court and were not pleaded in Plaintiff's Ninth Amended Complaint; and is therefore irrelevant and inadmissible. *Fed. R. Evid. 401 and 402*.

As such, Defendant respectfully requests the Court instruct Plaintiff and his attorney (and through them, each of their witnesses and experts) not to mention, or in any other manner refer to or classify the blood draw as a "forced blood draw."

**3. MOTION TO PRECLUDE EVIDENCE REGARDING ALLEGED LACK OF INVESTIGATION OF UNDERLYING ALLEGED PUPPY THEFT INCIDENT**

Defendant moves this Court for an order excluding any and all evidence, references to evidence, testimony or argument on any matters relating to an alleged lack of investigation of the underlying alleged puppy theft incident.

Defendant anticipates that Plaintiff will present testimony that the City of Fresno Police Department failed to conduct an appropriate investigation into the alleged puppy theft incident, including Plaintiff's claim that an altercation took place with some individuals in front of 2904 E. Austin Way. Any alleged inadequacy in such an investigation conducted by non-defendant officers does not tend to prove or disprove a fact of consequence relating to whether or not the force used by Defendant during the blood draw was excessive; and is therefore irrelevant and inadmissible. *Fed. R. Evid. 401 and 402*. The admission of such evidence, even if remotely relevant, would improperly confuse the issues, mislead the jury, and its probative value, if any, is substantially outweighed by the danger of unfair prejudice. *Fed. R. Evid. 403*.

As such, Defendant respectfully requests the Court instruct Plaintiff and his attorney (and through them, each of their witnesses and experts) not to mention, present any evidence and/or testimony or in any other manner convey to the jury anything which tends to allege a lack of investigation into the underlying alleged puppy theft incident.

**4. <u>MOTION TO PRECLUDE EVIDENCE REGARDING FOLLOW UP INVESTIGATION THE DAY AFTER THE SUBJECT INCIDENT AND INTERNAL AFFAIRS INVESTIGATION, EXCEPT TO THE EXTENT THAT ADMISSIBLE STATEMENTS WERE GIVEN</u>**

Defendant moves this Court for an order excluding any and all evidence, references to evidence, testimony or argument on any matters relating to the follow up investigation the day after the subject incident and/or the internal affairs investigation, except to the extent admissible statements were given.

Only relevant evidence is admissible. *Fed. R. Evid. Rule 402*. Evidence is not relevant unless it tends to prove or disprove a fact of consequence. *Fed. R. Evid. Rule 401*. The fact that an investigation was conducted or that there was an internal affairs investigation, except to the extent admissible statements were given regarding the subject incident, does not tend to prove or disprove Plaintiff's claim that Defendant used unreasonable or excessive force on Plaintiff. Additionally, any probative value, if any exists, of such evidence and/or testimony is substantially outweighed by its undue prejudice to Defendant, confusion of the issues, and potential to mislead the jury. *Fed. R. Evid. 403*.

As such, Defendant respectfully requests the Court instruct Plaintiff and his attorney (and through them, each of their witnesses and experts) not to mention, or in any other manner convey to the jury any matters relating to the follow up investigation the day after the subject incident and/or the internal affairs investigation, except to the extent admissible statements were given.

**5. <u>MOTION TO PRECLUDE QUESTIONS REGARDING PERSONNEL MATTERS, PRIOR COMPLAINTS CONCERNING JOB PERFORMANCE, OR PRIOR DISCIPLINARY ISSUES AS TO DEFENDANT OFFICER NATHAN CARR OR ANY OTHER FRESNO POLICE DEPARTMENT OFFICER WHO TESTIFIES IN THIS MATTER.</u>**

Defendant moves this Court in limine to preclude Plaintiff from presenting evidence included in the personnel records of defendant Officer Long and/or any testifying peace officer. This includes, but is not limited to, information of a personal nature as well as information concerning any disciplinary actions or complaints levied against Officer Long or any testifying peace officer. California Penal Code

section 832.7 provides for the confidentiality of peace officer personnel records. This includes personnel records defined under Penal Code section 832.8, and records maintained pursuant to Penal Code section 832.5.

Penal Code section 832.8 defines personnel records as: ". . . any file maintained under that individual's name by his or her employing agency and containing records" relating to: (a) personal data, including marital status, family members, educational and employment history, or similar information; (b) medical history; (c) election of employee benefits; (d) employee advancement, appraisal or discipline; (e) complaints, or investigation of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived and pertaining to the manner in which he or she performed his or her duties; or (f) any other information the disclosure of which would constitute an unwarranted invasion of personal privacy".

Penal Code section 832.5 applies to procedures for investigating citizen complaints against law enforcement personnel, i.e. an internal affairs investigation. Evidence Code section 1040 is a privilege relating to official information acquired in confidence from a public employee in the course of his or her duty and not open or officially disclosed to the public prior to the time the claim of privilege is made.

A public entity has a conditional privilege to refuse to disclose official information and to prevent another person from disclosing such information if: (1) the privilege is claimed by a person authorized by the public entity to do so; and (2) disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice. *Shepherd v. Superior Court*, 17 Cal.3d 107, 124 (1976) *overruled on other grounds*. Thus, Plaintiff should not be entitled to ask questions soliciting information otherwise privileged because statutes which protect personnel records and information from such records also protect the identical information about personnel history which is within the officers' personal recollections. *City of San Diego v. Superior Court,* 136 Cal.App.3d 236, 239 (1981).

Although federal courts are not bound by state statutes or privileges, federal common law recognizes an "official information" privilege that embraces records or information compiled for law enforcement purposes not otherwise available to the public pursuant to 5 U.S.C. § 552(b)(7); *Jackson v. County of Sacramento*, 175 F.R.D. 653, 655 (E.D. Cal. 1997). As a matter of comity, the federal court

should attempt to ascertain what interests inspire relevant state doctrine and should take into account the views of state authorities and the importance of those interests. *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987). Federal courts should give some weight to privacy rights that are protected by state constitutions or state statutes. *Id.*

Furthermore, only relevant evidence is admissible. *Fed. R. Evid. Rule 402*. Evidence is not relevant unless it tends to prove or disprove a fact of consequence. *Fed. R. Evid. Rule 401*. Evidence of other citizen complaints or internal affairs investigations would be irrelevant since they do not prove Officer Long's actions were unreasonable under the totality of the circumstances. Moreover, such "character evidence" is not admissible to prove conduct of a defendant (*Fed. R. Evid. Rule 404*); and admission of any such evidence would be unduly prejudicial and subject to exclusion. *Fed. R. Evid. Rule 403*.

Defendant anticipates that Plaintiff will present evidence and/or testimony relating to internal affairs investigation report numbers 2008-0034, 2008-0026, 2007-0152, and 2007-0100. Such evidence or testimony would be inadmissible character evidence, unless offered to prove something other than propensity to engage in similar conduct. *See Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir.1993) ('Character evidence typically is not admissible in a civil rights case."). The Ninth Circuit applies the following test to determine whether evidence should be admitted under Rule 404(b): "(1) sufficient evidence must exist for the jury to find that the defendant committed the other acts; (2) the other acts must be introduced to prove a material issue in the case; (3) the other acts must not be too remote in time; and (4) if admitted to prove intent, the other acts must be similar to the offense charged." *U.S. v. Ayers*, 924 F.2d 1468, 1473 (9th Cir.1991) (*citing U.S. v. Spillone*, 879 F.2d 514, 518-520 (9th Cir.1989).

Evidence and/or testimony from prior and subsequent internal affairs investigations would fail on elements 2 and 4 as there is no dispute that Officer Long applied a control hold to Plaintiff, what is in dispute is whether the application of that control hold was reasonable under the totality of the circumstances. Evidence of this nature would simply confuse the issues, mislead the jury, and result in undue consumption of time. Therefore, any such evidence and/or testimony should be excluded under Rule 401 and 403.

Likewise, assuming administrative complaints exist on any testifying officer (a not uncommon occurrence in the career of any peace officer), those complaints would not be relevant to the instant action and should be excluded under Rule 401 and 403.

Defendant respectfully requests the Court to instruct Plaintiff and his attorney (and through them, each of their witnesses and experts) not to mention, or in any other manner convey to the jury anything about these subject areas and to specifically exclude testimony and/or evidence relating to internal affairs investigation report numbers 2008-0034, 2008-0026, 2007-0152, and 2007-0100.

DATED: April 13, 2012

                                        WEAKLEY & ARENDT, LLP

                          By:    /s/ Brande L. Gustafson
                                    James J. Arendt
                                    Brande L. Gustafson
                                    Attorneys for Defendant CHRISTOPHER LONG

# **PROOF OF SERVICE**

I, the undersigned, hereby certify that I am employed in the County of Fresno, State of California, over the age of eighteen years and not a party to the within action; my business address is 1630 East Shaw Avenue, Suite 176, Fresno, California 93710.

On the date set forth below, I placed in a sealed envelope and served a true copy of the within

**MOTIONS IN LIMINE OF DEFENDANT CHRISTOPHER LONG**

addressed as follows:

Kevin G. Little, Esq.
1099 E. Champlain Drive, Suite A-124
Fresno, CA 93720

Tel: (559) 412-6050
Fax: (559) 420-0839

Email: kevinglittle@yahoo.com

Attorney for Plaintiff Robert Morris

☐ BY MAIL    I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited in the ordinary course of business.

I caused each envelope, with postage fully prepaid, to be placed in the United States mail, at Fresno, California.

☐ BY HAND    I hand delivered each envelope to the office listed above.

☒ BY FACSIMILE    I served the above-mentioned document from Facsimile Machine No.: (559) 221-5262 to the interested parties at the facsimile numbers listed above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct, and that this proof of service was executed at Fresno, California, on April 13, 2012.

                                    /s/ Carol Mathis
                                    Carol Mathis