**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT MORRIS, ) | 1:08-cv-01422-AWI-MJS |
| ) | |
| Plaintiff, ) | ORDER RE: MOTIONS IN |
| ) | LIMINE |
| v. ) | |
| ) | (Docs. 186 and 187) |
| OFFICER CHRISTOPHER LONG, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**I. INTRODUCTION**

Plaintiff Robert Morris (hereinafter referred to as "Plaintiff") and defendant Officer Christopher Long (hereinafter referred to as "Defendant") have filed competing motions in limine. For reasons discussed below, the motions shall be granted in part and denied in part.

**II. FACTS AND PROCEDURAL BACKGROUND**

On January 11, 2012, Plaintiff filed his ninth amended complaint, asserting one cause of action against Defendant for federal civil rights violations (in particular, excessive force in violation of the Fourth Amendment right to be free of unreasonable searches and seizures) pursuant to 42 U.S.C. § 1983. In the ninth amended complaint, Plaintiff alleged as follows:

"4. . . . [P]laintiff was taken by Officer Long to a Fresno Police Department facility located near Shaw Avenue and 6th Street for purposes of a forced blood draw. During the course of said blood draw, Officer Long unnecessarily and with extreme force administered a control hold on plaintiff's left arm while blood was being drawn from his right arm.  Officer Long continued this extreme use of force for a prolonged time, resulting in severe and permanent injuries to plaintiff's left arm and shoulder. [¶] 5. Officer Long's use of force in connection with the forced blood draw was totally unnecessary, as plaintiff was cooperative throughout his interaction with Officer Long, even though he had been the victim of a battery and robbery . . . ."

On March 13, 2012, the parties filed their motions in limine.  The parties filed their oppositions and replies on April 23, 2012 and April 26, 2012, respectively.

## III.  LEGAL STANDARD

Motions in limine may be "made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."  *Luce v. U.S.,* 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).  "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  *Id.* at 41 n. 4.  Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  "Evidence is relevant if [¶] (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and [¶] (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

## IV.  DISCUSSION

***A. Plaintiff's motions in limine***

***1. Motion in limine #1: Untimely disclosed or undisclosed witnesses and evidence*** – Pursuant to

2

Federal Rule of Civil Procedure 26(a) and (e), Plaintiff first moves to exclude "any evidence or witnesses not timely disclosed during discovery." Plaintiff contends, "A review of the pretrial order shows that defense document numbers 20, 21, 22, 23 (in part), 24, 27, 28, and 29 have not been disclosed to the plaintiff." Plaintiff further contends, "Also, defense witnesses 14 and 17-58 have not been disclosed during discovery with reasonable particularity, either in the defendant's initial disclosures or discovery responses. These exhibits and witnesses should therefore be excluded." In opposition, Defendant contends the motion should be denied because "[m]any of the witnesses and much of the evidence listed by the defense in the pretrial order was done [sic] out of an abundance of caution for purposes of impeachment depending upon how Plaintiff testifies during trial and thus were not required to be disclosed." Defendant further contends, "[T]he names of defense witnesses 14 and 17-58 identified in the pretrial order were either available to Plaintiff through documents he produced during discovery to the defense or through records subpoenas, which Plaintiff had equal opportunity to obtain copies of the subpoenaed records. Similarly, defense exhibits numbers 20-24, and 27-29 from the pretrial order were obtained by means of a record subpoena and thus such information was made known to and equally available to Plaintiff through the discovery process."

Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds it impossible to adjudicate this motion at the present time. Rule 26(a) requires a party provide the opposing party with "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed.R.Civ.P. 26(a)(1)(A)(I). Under Rule 26(e), a party is under a continuing obligation to supplement its discovery responses. *See* Fed.R.Civ.P. 26(e)(1). If a party fails to identify a witness or make a disclosure that is required under Rule 26(a) or (e), Rule 37(c)(1) provides "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Plaintiff contends the documents numbers and witnesses at issue were not disclosed in

3

discovery by Defendant in violation of Rule 26, but has provided no evidence (in the form of his own declaration or a declaration from counsel) to show this was the case. Defendant, conversely, contends many of the witnesses at issue will be used solely for impeachment and were therefore not required to be disclosed under Rule 26, but Defendant has not identified which witnesses these will be. Defendant has also not provided any evidence to show that the identities of the witnesses at issue were known to Plaintiff through documents Plaintiff produced in discovery, nor has Defendant provided evidence to show the documents and witnesses at issue were equally available to Defendant through records subpoenas. Thus, the Court reserves ruling on Plaintiff's motion in limine #1.

***2. Motion in limine #2: "Character evidence"*** – Contending such evidence constitutes impermissible "character evidence," Plaintiff further moves to preclude Defendant from introducing "(1) any evidence suggesting that [Plaintiff] has ever used alcohol excessively; (2) evidence of [Plaintiff's] prior arrests unrelated to the subject incident; (3) evidence of confrontations with police officers unrelated to the subject incident; (4) evidence of [Plaintiff's] mental health hospitalization and history unrelated to the incident and his damages resulting therefrom; and (5) evidence of [Plaintiff's] medical history unrelated to the incident and his damages resulting therefrom."

      ***(I) Evidence suggesting that Plaintiff used alcohol excessively*** – Plaintiff contends such evidence "would only serve to label the plaintiff as a 'bad person' and unduly prejudice him under Rule 403." In response, Defendant contends evidence of Plaintiff's alcohol use has probative value on the issue of damages in that "[s]uch evidence is relevant to Plaintiff's ability to become employed and remain employed as employment for many businesses is contingent upon passing a drug test, which often includes testing for alcohol." Defendant further contends, "[M]any employers require a valid drivers license, especially where the employment requires any kind of travel, which is a difficult proposition where multiple DUIs are involved resulting in a suspended or revoked license." Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court is inclined to agree with Defendant. Defendant's argument, in essence, is evidence of

1   Plaintiff's alcohol use should be admissible because it affects Plaintiff's work life expectancy and

2   earning capacity, which affect the calculation of damages.  Such evidence is relevant and probative

3   on the issue of damages for future lost income.  *Butler v. French,* 83 F.3d 942, 945 (8th Cir. 1996)

4   (citing *Haney v. Mizell Memorial Hospital,* 744 F.2d 1467, 1475 (11th Cir. 1984)).   The Court

5   agrees such evidence could pose a risk of unfair prejudice by casting Plaintiff in a negative light.

6   Problematically for Plaintiff, the ninth amended complaint requests compensatory damages for all

7   past, present and future economic damages.  Because evidence of alcohol use is relevant and

8   probative on the issue of future damages, and because such damages are central to Plaintiff's claim,

9   the Court finds the prejudicial effect of Plaintiff's alcohol use does not outweigh their probative

10   value.  Thus, the Court will not exclude evidence suggesting Plaintiff used alcohol excessively.

11   ***(ii) and (iii) Evidence of Plaintiff's prior arrests and confrontations with police officers***

12   ***unrelated to the subject incident*** – As above, Plaintiff contends such evidence "would only serve

13   to label the plaintiff as a 'bad person' and unduly prejudice him under Rule 403."  In response,

14   Defendant represents to the Court that he "intends to use evidence of Plaintiff's prior arrests and

15   confrontations with police officers to rebut Plaintiff's emotional distress damages[.]" Defendant

16   further contends, "[T]he evidence shows that Plaintiff had been arrested on multiple occasions before

17   and after the incident some of which included physical confrontations with law enforcement, and as

18   such, this evidence would make Plaintiff's claims that the force applied by Defendant caused

19   Plaintiff humiliation, emotional distress, and/or mental anguish less probable."  Having reviewed

20   the pleadings of record and all competent and admissible evidence, the Court agrees with Defendant.

21   *Mata v. City of Farmington*, 798 F.Supp.2d 1215 (D.N.M. 2011) is instructive on this issue.

22           In *Mata*, the plaintiff brought a civil rights action against the City of Farmington, New

23   Mexico, the Farmington Police Department (FPD) and individual officers arising out an incident in

24   which an officer allegedly used excessive force in violation of the Fourth Amendment by pointing

25   his gun at the plaintiff during a traffic stop.  *Mata, supra,* 798 F.Supp.2d at 1219.  On motion in

26   limine, the defendants asked the court to allow them to inquire about the plaintiff's interactions with

27

28                                                  5

FPD, his prior arrests and other violent encounters in which he had been involved, contending, as Defendant does here, that such evidence was relevant to Plaintiff's claim for damages. *Id.* at 1237. The court held that if the plaintiff presented evidence at trial to support his claim for damages, the court would allow defendants to question the plaintiff and his witnesses about his other interactions with FPD, arrests and violent encounters: "[T]his evidence is admissible 404(b) evidence . . . . [¶] The evidence is introduced for a proper purpose, and [defendants] have with precision articulated the purpose for which they offer the evidence. [Defendants] do not with to introduce this evidence to show that [plaintiff] acted violently in the incident in this litigation. They wish to introduce this evidence to contest [plaintiff]'s asserted emotional distress damages. Admission of this evidence to assist the jury in measuring the extent of [plaintiff]'s damages is a legitimate, non-character based use of the evidence." *Id.* at 1238 (citing *Udemba v. Nicoli,* 237 F.3d 8, 15 (1st Cir. 2001)). The court further explained: "This evidence has the tendency to make the existence of [plaintiff]'s entitlement to emotional distress damages based of the incident at issue in this case more or less probable than it would be without the evidence, and, although this evidence may prejudice [plaintiff], the Court does not believe that any prejudice to [plaintiff] would substantially outweigh the probative of this evidence." *Id.* In the ninth amended complaint, Plaintiff requests damages for emotional distress. Defendant seeks to introduce evidence of Plaintiff's prior arrests and confrontations for the purposes of contesting Plaintiff's claim for emotional distress damages. The Court finds *Mata* to be persuasive and will not exclude evidence of Plaintiff's prior arrests and confrontations.

  *(iv) and (v) Evidence of Plaintiff's mental health hospitalization and medical history unrelated to the incident and his damages resulting therefrom* – As above, Plaintiff contends such evidence "would only serve to label the plaintiff as a 'bad person' and unduly prejudice him under Rule 403." In response, Defendant contends, "Evidence of Plaintiff's mental health hospitalization and medical history unrelated to the subject incident has a tendency to show that something other than the conduct of Defendant was the cause of Plaintiff's alleged emotional distress, and thus should properly be admitted." Having reviewed the pleadings of record and all competent and

1   admissible evidence submitted, the Court is inclined to agree with Defendant.  In the ninth amended

2   complaint, Plaintiff attributes physical injuries, mental anguish and emotional distress to Defendant's

3   misconduct.  Plaintiff's mental health and medical histories may contain evidence to controvert the

4   claim that Plaintiff's physical and emotional injuries were caused by Defendant.  *See U.S. E.E.O.C.*

5   *v. Prospect Airport Services, Inc.,* slip copy, 2011 WL 6097748 (D.Nev. 2011), at *3.  Accordingly,

6   the Court finds the probative value of evidence of Plaintiff's mental health and medical history

7   substantially outweighs the danger of unfair prejudice to Plaintiff, and the Court will not exclude

8   such evidence.  Based on the foregoing, Plaintiff's motion in limine #2 shall be denied.

9

10  *3. Motion in limine #3: Internal affairs investigation* – Plaintiff further moves to exclude "the

11  result of the Fresno Police Department's internal affairs investigation into the underlying accident

12  as evidence of the "correctness" of [Defendant's] actions," contending the results of such

13  investigations are irrelevant and "typically not admissible in civil rights actions."  In his opposition,

14  Defendant expressly states he does not oppose this motion in limine.  Accordingly, Plaintiff's motion

15  in limine #3 shall be granted.

16

17  *4. Motion in limine #4: Extrinsic information* – Plaintiff further moves to preclude Defendant

18  "from justifying the force used against [Plaintiff] on the basis of any information other than that

19  known to [Defendant] at the time of the incident," contending an officer's use of force "must be

20  justified based on the information then known to him, not later-acquired information."  As noted

21  throughout this order, "[a]n officer's use of excessive force to effect an arrest is a violation of a

22  person's Fourth Amendment right to be free from *unreasonable* searches and seizures."  *Bryan v.*

23  *MacPherson,* 630 F.3d 805, 817 (9th Cir. 2010) (emphasis added).  Plaintiff correctly observes that

24  "[a]s in other Fourth Amendment contexts . . . , the 'reasonableness' inquiry in an excessive force

25  case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in

26  light of the facts and circumstances *confronting them*, without regard to their underlying intent or

27

28                                                  7

motivation." *Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (emphasis added).  That is to say, reasonableness "must be judged from the perspective of [an] officer on the scene, rather than with the 20/20 vision of hindsight."  *Id.* at 396.  Accordingly, in determining whether an officer's actions were reasonable, the trial court "cannot consider evidence of which the officer[ ] [was] unaware." *Glenn v. Washington County,* 673 F.3d 864, 872-74, 873 n. 8 (9th Cir. 2011) (statements mother of victim fatally shot by responding officers made to 911 operator that victim " 'threaten[ed] to kill everybody' " and "might 'run at the cops with a knife' " could not serve as a basis for summary judgment where district court correctly assumed the officers did not know of such statements, even though the statements might have " 'demonstrat[ed] that the officers' safety concerns were not at odds with information provided to law enforcement").  Plaintiff, however, has not identified any evidence he wishes to exclude pursuant to the foregoing authority; Plaintiff simply wishes to prevent Defendant from introducing evidence to prove or controvert certain portions of the reasonableness inquiry.  This is essentially a request for an evidentiary sanction, not a proper motion in limine.  Thus, Plaintiff's motion in limine #4 must be denied.

*5. Motion in limine #5: Lay/expert opinions on legal issues* – Plaintiff further moves to preclude Defendant from "presenting lay or expert opinions on legal issues, since such testimony would be clearly improper."  In his opposition, Defendant represents to the Court that his experts "will not testify at trial as to what the law is or requires," and "does not oppose the preclusion of the presentation of opinions that constitute legal conclusions, so long as it applies equally to both sides' witnesses."  Accordingly, Plaintiff's motion in limine #5 shall be granted.

*6. Motion in limine #6: Lay/expert testimony evaluating credibility* – Plaintiff further moves to exclude "any lay or expert testimony that purports to opine as to the credibility of any witness or party, since such testimony would clearly be improper."  In his opposition, Defendant "does not oppose the exclusion of lay or expert testimony opining on a witness' credibility, so long as it applies

equally to both sides' witnesses." Accordingly, Plaintiff's motion in limine #6 shall be granted.

***7. Motion in limine #7: Items withheld on ground of privilege*** – Plaintiff further moves to exclude "any mention of any item that was withheld by the defense on the basis of privilege," contending "[i]ssues to which a party claims a discovery privilege cannot be waived as a matter of convenience at trial[.]" Defendant contends the motion should be denied because Plaintiff has not identified any evidence withheld by the defense on the basis of privilege. "A party cannot make factual assertions based on a supposedly privileged document, and then deny its adversary an opportunity to uncover the foundation for those assertions in order to contradict them. [Citations.] [¶] In a similar vein, a party cannot introduce a document as evidence while denying the opponent sufficient discovery with respect to the 'surrounding circumstances and substance' of the document. [Citation.]" *Merisant Co. v. McNeil Nutritionals, LLC,* 242 F.R.D. 303, 311 (E.D.Pa. 2007). A privilege holder " 'may elect to withhold or disclose, but after a certain point his election must remain final.' " *Weil v. Investment/Indicators, Research and Management, Inc.,* 647 F.2d 18, 24 (9th Cir. 1981) (quoting VIII J. Wigmore, Evidence § 2291, at 636 (McNaughton rev. 1961)). Pursuant to the foregoing authority, the Court finds that any document or evidence not disclosed in discovery due to the invocation of a privilege cannot be introduced at trial. *See Remington Arms Co. v. Liberty Mut. Ins. Co.,* 142 F.R.D. 408, 416 (D.Del. 1992) ("Remington's successful assertion of the attorney-client privilege for a particular document will foreclose it from introducing the contends of the privileged document at trial and from relying on the content of legal advice contained on those documents in order to establish any of the elements of its case against Liberty Mutual"). Nevertheless, because Plaintiff has not identified any such evidence for the Court's consideration as part of his motion, the Court reserves jurisdiction over the application of this ruling until such time as Defendant seeks to introduce specific evidence Plaintiffs contends was not produced on ground of privilege.

***8. Motion in limine #8: Evidence of bias*** – Plaintiff further moves to exclude "any collateral

evidence that might be introduced to demonstrate bias, such as his prior interactions with members of the Fresno Police Department and his prior complaints based thereupon," contending such evidence is irrelevant and unduly prejudicial and therefore inadmissible under Rules 402 and 403. Problematically for Plaintiff, "[e]vidence tending to show a substantial reason for bias or interest in an important witness is never collateral or irrelevant." *Barnard v. U.S.,* 342 F.2d 309, 317 (9th Cir. 1965). To the extent Plaintiff intends to suggest any extrinsic evidence that would be admissible to show bias should nonetheless be excluded as unduly prejudicial, Plaintiff has failed to identify what that evidence might be. The Court has already addressed the evidence of Plaintiff's prior interactions with members of the Fresno Police Department in its analysis of Plaintiff's motion in limine #2 above and found such evidence to be admissible for the purposes of controverting Plaintiff's claim for emotional distress damages. Accordingly, Plaintiff's motion in limine #8 shall be denied.

*9. Motion in limine #9: Law enforcement expert testimony* – Plaintiff further moves to exclude "any law enforcement expert testimony, since no expert reports were produced during discovery, as required by Federal Rule of Civil Procedure 26(a)(2)(B)." In his opposition, Defendant represents to the Court he "does not intend to call any City of Fresno police officer to give 'non-retained' expert testimony. Defendant's witnesses from the City of Fresno Police Department will testify as fact witnesses regarding the subject incident itself, the policies and procedures in effect at the time of the subject incident, as well as, the training that is provided to City of Fresno police officers." Based on Defendant's representations, Plaintiff's motion in limine #9 shall be denied without prejudice.

*10. Motion in limine #10: Prior record and incarcerations* – Plaintiff further moves to exclude "any evidence of his prior record or incarcerations," contending "[n]one of this information was known to the defendant when he used force." From this, Plaintiff contends such evidence is irrelevant and/or any relevance would be substantially outweighed by the danger of prejudice to Plaintiff. The Court disagrees. Plaintiff has provided no authority – and the Court's research reveals no authority

1   – to support the proposition that Plaintiff's prior record should be excluded simply because

2   Defendant was unaware of it at the time of the alleged incident.  Plaintiff's argument, in essence, is

3   that such evidence cannot be used to establish any aspect of the reasonableness inquiry.  As with

4   Plaintiff's motion in limine #4, this is not a proper motion in limine, but rather a request for

5   evidentiary sanctions.  Accordingly, Plaintiff's motion in limine #10 shall be denied.

6

7   ***11. Motion in limine #11: Evidence of prior drug or alcohol use*** – Pursuant to Rules 401 and 403,

8   Plaintiff further moves to exclude evidence of "[a]ny prior drug or alcohol use by plaintiff, which

9   was unknown to [Defendant]," contending such evidence is irrelevant and/or "any relevance would

10  be substantially outweighed by the probability that the jury would be prejudiced."  In response,

11  Defendant contends  evidence of Plaintiff's prior drug and alcohol use has probative value on the

12  issue of damages in that "[s]uch evidence is relevant to Plaintiff's ability to become employed and

13  remain employed as employment for many businesses is contingent upon passing a drug test, which

14  often includes testing for alcohol."  Defendant further contends, "[M]any employers require a valid

15  drivers license, especially where the employment requires any kind of travel, which is a difficult

16  proposition where multiple DUIs are involved resulting in a suspended or revoked license."  Having

17  reviewed the pleadings of record and all competent and admissible evidence submitted, the Court

18  is inclined to agree with Defendant.  Defendant's argument, in essence, is that evidence of Plaintiff's

19  drug and alcohol use should be admissible because it affects Plaintiff's work life expectancy and

20  earning capacity, both of which affect the calculation of damages.  Such evidence is relevant and

21  probative on the issue of damages for future lost income.  *Butler v. French,* 83 F.3d 942, 945 (8th

22  Cir. 1996) (citing *Haney v. Mizell Memorial Hospital,* 744 F.2d 1467, 1475 (11th Cir. 1984)).  The

23  Court agrees such evidence could pose a significant risk of unfair prejudice by casting Plaintiff in

24  a negative light.  Problematically for Plaintiff, the ninth amended complaint requests compensatory

25  damages for all past, present and future economic damages.  Because evidence of drug and alcohol

26  use is relevant and probative on the issue of future damages, and because such damages are central

27

28                                          11

1    to Plaintiff's claim, the Court finds the prejudicial effect of Plaintiff's drug and alcohol use does not

2    substantially outweigh their probative value.  Thus, Plaintiff's motion in limine #11 shall be denied.

3

4    *12. Motion in limine #12: Mug shots* – Pursuant to Rules 401 and 403, Plaintiff further moves to

5    exclude "any mug shots of plaintiff," contending such evidence is irrelevant and/or "any relevance

6    would be substantially outweighed by the probability that the jury would be prejudiced."   In

7    opposition, Defendant contends the mug shots, as visual depictions of Plaintiff made shortly after

8    the subject incident, are relevant to Plaintiff's damages.  Having reviewed the pleadings of record

9    and all competent and admissible evidence, the Court is inclined to agree with Plaintiff.

10         In his ninth amended complaint, Plaintiff alleged Defendant administered a control hold,

11   resulting in injuries to his left arm and shoulder.  The mug shots at issue, submitted as exhibits to

12   the declaration of Brande L. Gustafson in support of Defendant's opposition, depict Plaintiff from

13   the shoulders up.  Problematically for Defendant, the shots do not show Plaintiff's arms, and

14   Plaintiff's shoulders are covered by his shirt.  Thus, the photos do not convincingly demonstrate, as

15   Defendant suggests, the extent of Plaintiff's injuries.  Even if his arms and shoulders were entirely

16   visible, the photos would have little relevance to the issue of damages, as the allegations suggest

17   Plaintiff's injuries were primarily internal and would not be manifested in any external trauma.

18         "Trial courts generally exclude mug shots from evidence.  Mug shots, like evidence of prior

19   convictions, are usually not admissible under Fed.R.Evid. 404(b) (evidence of other crimes, wrongs,

20   or acts).  Even if relevant, a mug shot tends to make people believe that the person is 'bad,' and

21   therefore can be unfairly prejudicial.  Fed.R.Evid. 403.  Moreover, the visual impact of a mug shot,

22   apart from mere references to a prior conviction, can leave a lasting, although illegitimate, impact

23   on the jury. [Citation.] Accordingly, the use of mug shots at trial is highly disfavored."  *U.S. v.*

24   *George,* 160 Fed.Appx. 450, 456 (6th Cir. 2005) (unpublished).  In light of the foregoing principles,

25   and the fact that Defendant has not identified any issues for which the mug shots might have some

26   probative value, the Court sees no reason to potentially allow the mug shots into evidence.

27

28                                                    12

Accordingly, Plaintiff's motion in limine #12 shall be granted.

**13. Motion in limine #13: Dismissed claims/parties** – Pursuant to Rules 401 and 403, Plaintiff further moves to exclude "any evidence or other reference to claims or parties that have been dismissed before trial," contending "[s]uch evidence or references would clearly be irrelevant and prejudicial." Plaintiff has provided no argument or evidence to explain how such evidence could conceivably be prejudicial. Plaintiff has also provided no authority – and the Court's research reveals no authority – to support the proposition that evidence is irrelevant simply because it refers to claims or parties that were dismissed. Accordingly, Plaintiff's motion in limine #13 shall be denied.

**14. Motion in limine #14: Miscellany** – Lastly, Plaintiff contends, "Discovery also included many documents pertaining to plaintiff's other contacts with law enforcement and his other arrests . . . . [T]his evidence should excluded. Certainly, the defense should also be precluded, if any questioning is allowed on any impeachment topic, from introducing or making reference to documents to buttress its contentions." It is unclear what exactly Plaintiff is seeking to exclude here. Accordingly, Plaintiff's motion in limine #14 shall be denied.

**B. Defendant's motions in limine**

**1. Motion in limine #1: Validity of the blood draw** – Defendant first moves to exclude "any and all evidence, references to evidence, testimony or argument on any matters relating to the validity of the blood draw[.]" Defendant contends, "Any evidence or testimony which calls into question the validity of the DUI and/or blood draw, as in addressing whether or not other options for testing the blood alcohol content of Plaintiff were available or offered[,] are not at issue and does [sic] not have a tendency to prove or disprove a fact of consequence regarding Plaintiff's claim that Defendant used excessive force." Defendant further contends the probative value of such evidence would be

1  substantially outweighed by the danger of prejudice to Defendant, confusion and misleading the jury.

2  In his opposition, Plaintiff contends the motion should be granted only to the extent necessary "to

3  prohibit [ ] [P]laintiff from litigating the invalidity of his arrest and blood draw, not from presenting

4  the totality of the circumstances attendant to [ ] [D]efendant's use of force."  The parties appear to

5  agree on how the foregoing evidence should be used: Defendant only seeks to exclude the evidence

6  insofar as it relates to the validity of the blood draw, and Plaintiff concedes the evidence should not

7  be used to litigate the blood draw's invalidity; Defendant does not seek to exclude the evidence for

8  the purpose intended by Plaintiff.  Accordingly, Defendant's motion in limine #1 shall be granted.

9

10  ***2. Motion in limine #2: References to "forced blood draw"*** – Defendant further moves to exclude

11  "any and all references or argument characterizing the blood draw, where [Defendant] allegedly used

12  excessive force on Plaintiff, as a 'forced' blood draw," contending the probative value, if any, of

13  referring to the draw as "forced" would be substantially outweighed by the danger of unfair

14  prejudice, confusion and misleading the jury as it would suggest the draw was "unreasonable,

15  coerced, or was itself excessive force."  In opposition, Plaintiff contends, "[T]here were places in

16  [the police] report . . . where [ ] [D]efendant could have indicated if [ ] [P]laintiff underwent a forced

17  blood draw, and he did not.  The absence of these notations . . . has a direct bearing on the credibility

18  of [ ] [D]efendant's testimony that his use of force was necessary because [ ] [P]laintiff said he was

19  not going to submit to the blood draw . . . .  For this very limited purposes [sic], evidence of the lack

20  of documentation of a forced blood draw should be permitted."  Having reviewed the pleadings of

21  record and all competent and admissible evidence submitted, the Court agrees with Plaintiff.

22      California Vehicle Code § 23158 provides in pertinent part that certain licensed or certified

23  individuals "acting at the request of a peace officer may withdraw blood" from persons suspected

24  of driving under the influence of alcohol "for the purpose of determining the alcoholic content

25  therein."  Cal. Veh. Code, § 23158, subd. (a).  "In *Schmerber v. California* (1966) 384 U.S. 757, 86

26  S.Ct. 1826, 16 L.Ed.2d 908, the United States Supreme Court held that an arrestee for driving under

27

28                                                    14

1   the influence of alcohol may be required to submit to a blood test *against his will* provided that 'the

2   means and procedures employed in taking his blood respect [ ] relevant Fourth Amendment

3   standards of reasonableness.' (*Id.* at p. 768, 86 S.Ct. at p. 1834.) [¶] . . . [¶] The courts of this state

4   have frequently summarized *Schmerber* as permitting warrantless *compulsory* seizure of blood for

5   the purpose of a blood-alcohol test if the procedure (1) is done in a reasonable, medically approved

6   manner, (2) is incident to a lawful arrest, and (3) is based upon reasonable belief that the arrestee is

7   intoxicated. [Citations.]" *People v. Ford,* 4 Cal.App.4th 32, 35-36, 5 Cal.Rptr.2d 189 (1992)

8   (emphasis added).  In other words, courts have drawn a distinction between *consensual* blood draws

9   and *forced* blood draws, which are constitutionally permissible so long as the force employed in the

10  draw is not unreasonable.  Given that case law has recognized the constitutionality of forced blood

11  draws, the Court will not impose the restriction requested by Defendant where, as here, the parties

12  agree force *was* employed in drawing blood from Plaintiff, and the dispute is simply whether such

13  force was unreasonable.  Accordingly, Defendant's motion in limine #2 shall be denied.

14

15  ***3. Motion in limine #3: References to "puppy theft"*** – Defendant further moves to exclude "any and

16  all evidence, references to evidence, testimony or argument on any matters relating to an alleged lack

17  of investigation of the underlying alleged puppy theft incident."  The "puppy theft incident" refers

18  to the following: In various iterations of the complaint, Plaintiff alleged that shortly before his arrest,

19  he was involved in an altercation with individuals who assaulted him and robbed him of a purebred

20  Boxer puppy.  Plaintiff further alleged that after the vehicle he was driving was pulled over by

21  Defendant several blocks from the scene, he informed Defendant he had been the victim of an assault

22  and robbery, but Defendant arrested him instead.  Plaintiff further alleged he complained to other

23  officers, but they were not interested in investigating, taking his statement or learning the names of

24  the assailants.  Defendant now contends, "[T]estimony that the City of Fresno Police Department

25  failed to conduct an appropriate investigation into the alleged puppy theft incident, including

26  Plaintiff's claim that an altercation took place with some individuals . . . does not tend to prove or

27

28                                                     15

1   disprove a fact of consequence relating to whether or not the force used by Defendant during the

2   blood draw was excessive[,] and is therefore irrelevant and admissible."   Having reviewed the

3   pleadings of record and all competent and admissible evidence submitted, the Court disagrees.

4        In the Ninth Circuit, the reasonableness inquiry is conducted in a three-step analysis: " 'First,

5   [courts] assess the gravity of the particular intrusion on Fourth Amendment interests by evaluating

6   the type and amount of force inflicted.' Second, [courts] analyze 'the importance of the government

7   interests at stake by evaluating: (1) the severity of the crime at issue, (2) whether the suspect posed

8   an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively

9   resisting arrest or attempting to evade arrest by flight. At this stage of the analysis, [courts] may also

10  consider other factors, such as 'the availability of alternative methods of capturing or subduing a

11  suspect.' Finally, [courts] weigh the gravity of the intrusion against the government's interest to

12  determine whether the force used was constitutionally reasonable." *Mattos v. Agarano,* 590 F.3d

13  1082, 1086 (9th Cir. 2010) (quoting *Miller v. Clark County,* 340 F.3d 959, 964 (9th Cir. 2003) and

14  *Smith v. City of Hemet,* 394 F.3d 689, 693, 701 (9th Cir. 2005) (en banc)) (internal citations omitted).

15  With regard to the second step – that is, the evaluation of the importance of the government's

16  interests – "[o]ther relevant factors include the availability of less intrusive alternatives to the force

17  employed, whether proper warnings were given and whether it should have been apparent to officers

18  that the person they used force against was emotionally disturbed." *Glenn, supra,* 673 F.3d 864.

19       In the Court's view, evidence that Plaintiff informed Defendant he had just been victimized

20  in an assault and robbery could allow a reasonable trier of fact to conclude that Defendant should

21  have known he was dealing with an emotionally disturbed person in need of assistance, not some sort

22  of violent offender.  In the same vein, evidence that the officers refused to investigate the assault and

23  robbery, take down the names of the alleged perpetrators or take Plaintiff's statement, but arrested

24  Plaintiff instead, would tend to suggest Defendant should have known Plaintiff was even more

25  emotionally disturbed than he would have been had the officers followed up on his complaints.  "The

26  problems posed by, and thus the tactics to be employed against, an unarmed, emotionally distraught

27

28                                                  16

individual who is creating a disturbance or resisting arrest are ordinarily different from those involved in law enforcement efforts to subdue an armed and dangerous criminal who has recently committed a serious offense . . . . [W]here it is or should be apparent to the officers that the individual involved is emotionally disturbed, that is a factor that *must* be considered in determining . . . the reasonableness of the force employed." *Deorle v. Rutherford,* 272 F.3d 1272, 1282-83 (9th Cir. 2001) (emphasis added). Accordingly, because evidence of the officers' failure to investigate is probative of whether it should have been apparent to Defendant Plaintiff was emotionally disturbed, and, ultimately, whether Defendant's use of force was reasonable, Defendant is not entitled to exclude such evidence. Defendant contends the evidence's probative value is outweighed by the danger of confusion and unfair prejudice, but has presented no argument or evidence to explain how this might be the case. Thus, Defendant's motion in limine #3 shall be denied.

*4. Motion in limine #4: Evidence regarding follow-up/Internal Affairs investigations* – Defendant further moves to exclude "any and all evidence, references to evidence, testimony or argument on any matters relating to the follow up investigation the day after the subject incident and/or internal affairs investigation, except to the extent admissible statements were given." In his opposition, Plaintiff represents to the Court that he "does not intend on focusing on any investigation that occurred after the use of force incident, or in mentioning that the plaintiff filed an [Internal Affairs] complaint that was sustained in part." Thus, Defendant's motion in limine #4 shall be granted.

*5. Motion in limine #5: Defendant's personnel records* – Defendant further moves to exclude "evidence included in the personnel records of [D]efendant [ ] and/or any testifying peace officer," including "information of a personal nature as well as information concerning any disciplinary actions or complaints levied against [Defendant] or any testifying peace officer." Defendant contends such evidence would be subject to the official information privilege, irrelevant, prejudicial and constitute impermissible character evidence. In response, Plaintiff contends he "does not intend

17

1    on introducing evidence regarding the existence of [ ] [D]efendant's internal affairs complaints, the

2    substance of his performance reviews, or the imposition of any discipline against [Defendant] or any

3    other police officer witness." However, Plaintiff further contends the requested ruling is potentially

4    overbroad, and represents to the Court that there is evidence within Defendant's personnel file that

5    *would* be relevant and admissible for proving intent under Federal Rule of Evidence 404(b) as well

6    as attacking Defendant's credibility.  It is unclear at this point which portions of Defendant's

7    personnel records are or are not admissible.  Therefore, the Court reserves ruling on Defendant's

8    motion in limine #5 until such time as Plaintiff seeks to introduce specific evidence from

9    Defendant's personnel records.  Defendant may submit his personnel file for an in camera review.

10

11                                          **V.  DISPOSITION**

12

13   Based on the foregoing, Plaintiff's motions in limine #3, 5, 6 and 12 shall be GRANTED; Plaintiff's

14   motions in limine # 2, 4, 8, 10, 11, 13 and 14 shall be DENIED; Plaintiff's motion in limine #9 shall

15   be denied without prejudice.  The Court reserves ruling on Plaintiff's motions in limine #1 and 7.

16

17   Defendant's motions in limine # 1 and 4 shall be GRANTED; Defendant's motions in limine # 2 and

18   3 shall be DENIED.  The Court reserves ruling on Defendant's motion in limine #5 until such time

19   as Plaintiff seeks to introduce specific evidence from Defendant's personnel records. Defendant may

20   submit his personnel file for an in camera review.

21   IT IS SO ORDERED.

22

23   Dated:    April 27, 2012
                                              _____
                                              CHIEF UNITED STATES DISTRICT JUDGE

24

25

26

27

28                                                   18