1

2

3

4

5

6

7

8

9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

| | |
|---|---|
| ROBERT MORRIS,                              )<br>                                              )<br>                  Plaintiff,                 )<br>                                              )<br>       v.                                     )<br>                                              )<br>OFFICER CHRISTOPHER LONG,                     )<br>                                              )<br>                  Defendant.                  )<br>_____)  | 1:08-cv-01422-AWI-MJS<br><br>ORDER RE: REQUEST TO<br>SUPPLEMENT WITNESS LIST<br><br>(Doc. 193) |

16

17

18

**I.  INTRODUCTION**

19

20

Plaintiff Robert Morris (hereinafter referred to as "Plaintiff") has filed a request to supplement his witness list.  For reasons discussed below, the request shall be denied.

21

22

23

**II.  FACTS AND PROCEDURAL BACKGROUND**

24

25

26

27

28

On January 11, 2012, Plaintiff filed his ninth amended complaint, asserting one cause of action against defendant Officer Christopher Long (hereinafter referred to as "Defendant") for federal civil rights violations (in particular, excessive force in violation of the Fourth Amendment right to be free of unreasonable searches and seizures) pursuant to 42 U.S.C. § 1983.  On April 3, 2012, the Court issued a pretrial order containing lists of the witnesses the parties expected to call at trial.  On April

25, 2012, Plaintiff filed a request to supplement his witness list.

## III. LEGAL STANDARD

"District courts have 'broad discretion to manage discovery and to control the court of litigation under Federal Rule of Civil Procedure 16.' [Citation.] Where . . . the district court has entered a pretrial order, modifications are allowed 'only to prevent manifest injustice.' [Citation.]" *Hunt v. County of Orange,* 672 F.3d 606, 616 (9th Cir. 2012).  " 'The district court should consider four factors in determining whether to modify the parties' pretrial order: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification. [Citation.] It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified. [Citation.]' " *Id*. (quoting *Byrd v. Guess,* 137 F.3d 1126, 1132 (9th Cir. 1998) (abrogated on other ground as recognized in *Moreland v. Las Vegas Metropolitan Police Dept.,* 159 F.3d 365, 369 (9th Cir. 1998)).  "Where, upon consideration of factors such as [these], the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *U.S. v. First Nat. Bank of Circle,* 652 F.2d 882, 887 (9th Cir. 1981).

## IV. DISCUSSION

Plaintiff seeks to add four newly discovered witnesses to his witness list.  Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court, applying the foregoing principles, finds Plaintiff has failed to establish manifest injustice would result if

modification of the pretrial order to include these witnesses were not allowed.  First, permitting Plaintiff to supplement his witness list at this point in time would cause significant prejudice and surprise to Defendant.  Plaintiff first requested leave to supplement his list through the filing of this motion on April 25, 2012, less than two weeks before the May 8, 2012 trial date, leaving the defense with insufficient time to familiarize itself with the witnesses' expected testimony.  Second, the only way to cure any prejudice would be reopen discovery to allow Defendant to depose the witnesses. Reopening discovery would in turn require a continuance of trial date, and thus the introduction of new witnesses at this stage of the litigation would have an impact on the orderly and efficient conduct of the case.  Although the record does not reveal willfulness or bad faith on the part of Plaintiff in seeking a modification, the foregoing circumstances weigh against modifying the pretrial order.

## V.  DISPOSITION

Based on the foregoing, Plaintiff's request to supplement his witness list is DENIED.

IT IS SO ORDERED.

Dated:    April 27, 2012    

_____
CHIEF UNITED STATES DISTRICT JUDGE