IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS, | 1:08-cv-01422-AWI-MJS |
| Plaintiff, | ORDER RE: REQUEST TO SUPPLEMENT WITNESS LIST |
| v. | |
| OFFICER CHRISTOPHER LONG, | (Doc. 215) |
| Defendant. | |

## I.  INTRODUCTION

Defendant Officer Christopher Long ("Defendant") has filed a request to supplement his witness list in the modified pretrial order and to limit the medical evidence and testimony the parties may present at trial on the issue of damages to that which was in both parties' possession at the time of the April 30, 2012 motions in limine hearing.  For reasons discussed below, the request to supplement witness list shall be denied; the request to limit medical evidence shall be denied without prejudice.

## II.  FACTS AND PROCEDURAL BACKGROUND

The Court refers the parties to its prior orders for a complete chronology of the proceedings.  On January 11, 2012, plaintiff Robert Morris ("Plaintiff") filed his ninth amended complaint, asserting

one cause of action against Defendant for federal civil rights violations (specifically, excessive force in violation of the Fourth Amendment right to be free of unreasonable searches and seizures) pursuant to 42 U.S.C. § 1983. On May 15, 2012, the Court issued a modified pretrial order containing lists of the witnesses the parties expected to call at trial. On July 3, 2012, Defendant filed a request to supplement his witness list with seven impeachment witnesses. Defendant further requested the Court limit the medical evidence and testimony the parties may present at trial on the issue of damages to that which was in both parties' possession at the time of the April 30, 2012 motions in limine hearing. On July 7, 2012, Plaintiff filed his opposition to Defendant's request.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 16(d) provides: "After any conference under this rule, the court should issue an order reciting the action taken. This order controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). "District courts have 'broad discretion to manage discovery and to control the court of litigation under Federal Rule of Civil Procedure 16.' [Citation.] Where . . . the district court has entered a pretrial order, modifications are allowed 'only to prevent manifest injustice.' [Citation.]" *Hunt v. County of Orange,* 672 F.3d 606, 616 (9th Cir. 2012). " 'The district court should consider four factors in determining whether to modify the parties' pretrial order: (1) the degree of prejudice or surprise to the [opposing party] if the order is modified; (2) the ability of the [opposing party] to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification. [Citation.] It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified. [Citation.]' " *Id*. (quoting *Byrd v. Guess,* 137 F.3d 1126, 1132 (9th Cir. 1998) (abrogated on other ground as recognized in *Moreland v. Las Vegas Metropolitan Police Dept.,* 159 F.3d 365, 369 (9th Cir. 1998)). "Where, upon consideration of factors such as [these], the court determines

1  that refusal to allow a modification might result in injustice while allowance would cause no
2  substantial injury to the opponent and no more than slight inconvenience to the court, a modification
3  should ordinarily be allowed." *U.S. v. First Nat. Bank of Circle,* 652 F.2d 882, 887 (9th Cir. 1981).

### IV. DISCUSSION

*A. Defendant's request to supplement witness list* – Defendant first requests he be allowed to add the following individuals to his witness list: Officer Shawn Bishop, Sergeant William Grove, Sergeant Anthony Dewall, Officer Greg Jouroyan, Stephanie Pina, Officer Darren Nelson and Rhonda Smith. Defendant contends these individuals were percipient witnesses to collateral matters involving himself, Heather Ziegenbein and Bryon Stuckey, and that their testimony may be needed to impeach Ziegenbein's and Stuckey's testimony regarding such matters. Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court, applying the foregoing principles, finds Defendant has failed to establish manifest injustice would result if supplementation of the modified pretrial order to include these witnesses were not allowed.

In a declaration submitted with the request, defense counsel Brande L. Gustafson testifies omission of these individuals from the earlier pretrial orders was inadvertent: "I became aware after reviewing the 41 witnesses listed for the Plaintiff and the 98 witnesses listed for the Defendant that the seven impeachment witnesses . . . had inadvertently been omitted from the witness[ ] lists. Defense counsel had been operating under the mistaken belief that these seven witnesses had been on the witness list of the Joint Pretrial Statement and were therefore also on the witness list for the Pretrial Orders." Problematically for Defendant, Plaintiff contends – and Defendant does not dispute – that the identities of the individuals were not disclosed previously in the litigation. Defendant further concedes the names of the individuals were redacted in discovery responses produced to Plaintiff pursuant to court order. Under these circumstances, the Court cannot presume Defendant intended to include these individuals on his witness list, and inclusion of these individuals at this

3

stage of the litigation would cause significant surprise to Plaintiff given Defendant's nondisclosures.

Permitting Defendant to supplement his witness list at this point in time would also cause significant prejudice to Plaintiff. Defendant first requested leave to supplement his witness list through the filing of this request on July 3, 2012. Although this was seven weeks before the August 21, 2012 trial date, it was only six days before the July 9, 2012 filing date for further motions in limine, leaving Plaintiff insufficient time to familiarize himself with the witnesses' expected testimony before moving to preclude it. The only way to remedy such prejudice would be to extend discovery to allow Plaintiff to depose the witnesses and to set a new briefing schedule for motions in limine. These actions would in turn require a continuance of the trial date. Thus, introduction of new witnesses at this stage of the litigation would have an impact on the orderly and efficient conduct of the case. Although the record does not reveal willfulness or bad faith on the part of Defendant in seeking a modification, the foregoing circumstances weigh against modifying the modified pretrial order. Accordingly, Defendant's request to supplement must be denied.[1]

***B. Defendant's request to limit medical evidence*** – Defendant further requests the Court limit the medical evidence and testimony the parties may present at trial on the issue of damages to that which was in both parties' possession at the time of the April 30, 2012 motions in limine hearing. Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds this issue to be more appropriately addressed at a motion in limine hearing. Defendant has raised this issue in his motions in limine filed July 9, 2012. Accordingly, Defendant's request to limit medical evidence at trial shall be denied without prejudice

---

[1] The Court further notes Defendant does not seek to introduce these witnesses to testify on the emergent matters that led the Court to reopen limited discovery and vacate all previous dates back on April 30, 2012. Rather, Defendant wishes to use these witnesses to rebut the testimony of persons whose identities were disclosed *last year* by Plaintiff.

## V.  DISPOSITION

Based on the foregoing, Defendant's request to supplement his witness list is DENIED. Defendant's request to limit the medical evidence and testimony the parties may present at trial on the issue of damages to that which was in both parties' possession at the time of the April 30, 2012 motions in limine hearing is DENIED without prejudice.

IT IS SO ORDERED.

Dated:    July 10, 2012

CHIEF UNITED STATES DISTRICT JUDGE