IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS, ) | 1:08-cv-01422-AWI-MJS |
| ) | |
| Plaintiff, ) | ORDER RE: REQUEST FOR |
| ) | CLARIFICATION AND |
| v. ) | PARTIAL RECONSIDERATION |
| ) | |
| OFFICER CHRISTOPHER LONG, ) | (Docs. 247) |
| ) | |
| Defendant. ) | |

## I. INTRODUCTION

Plaintiff Robert Morris has filed a request for clarification and partial reconsideration of the Court's August 8, 2012 order re: further motions in limine. The Court hereby clarifies its previous order. For reasons discussed below, the motion for partial reconsideration shall be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

The Court refers the parties to previous orders for a complete chronology of the proceedings. On January 11, 2012, plaintiff Robert Morris (hereinafter referred to as "Plaintiff") filed his ninth amended complaint, asserting one cause of action against defendant Officer Christopher Long (hereinafter referred to as "Defendant") for federal civil rights violations (in particular, excessive

force in violation of the Fourth Amendment right to be free of unreasonable searches and seizures) pursuant to 42 U.S.C. § 1983.  Within the ninth amended complaint, Plaintiff alleged as follows:

> "4. . . . [P]laintiff was taken by Officer Long to a Fresno Police Department facility located near Shaw Avenue and 6th Street for purposes of a forced blood draw. During the course of said blood draw, Officer Long unnecessarily and with extreme force administered a control hold on plaintiff's left arm while blood was being drawn from his right arm.  Officer Long continued this extreme use of force for a prolonged time, resulting in severe and permanent injuries to plaintiff's left arm and shoulder. [¶] 5. Officer Long's use of force in connection with the forced blood draw was totally unnecessary, as plaintiff was cooperative throughout his interaction with Officer Long, even though he had been the victim of a battery and robbery . . . ."

On April 13, 2012, the parties filed their initial motions in limine.  The parties filed further motions in limine on July 8, 2012 and oppositions and replies on July 23, 2012 and July 30, 2012, respectively.  On August 8, 2012, the Court issued an order on the parties' further motions in limine, which were subsequently addressed at a hearing on August 10, 2012.  On August 11, 2012, Plaintiff filed this request for clarification and partial reconsideration of the Court's August 8, 2012 order.

### III.  LEGAL STANDARD

"Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including [¶] (1) when and to what Judge or Magistrate Judge the prior motion was made; [¶] (2) what ruling, decision, or order was made thereon; [¶] (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [¶] (4) why the facts or circumstances were not shown at the time of the prior motion."  Local Rule 230(j).  Reconsideration of motions may also be granted under the standards applicable to reconsideration of a final judgment under Federal Rule of Civil Procedure 59(e).  Under Rule 59(e), "[r]econsideration is appropriate

if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

## IV.  DISCUSSION

Plaintiff first moves for clarification of the Court's ruling on his motion in limine #1.  In its August 8, 2012 order re: further motions in limine, the Court stated as follows on the issue of Plaintiff's #1:

> "***1. Motion in limine #1: Untimely disclosed or undisclosed witnesses and evidence*** – In his initial motions in limine filed April 13, 2012, Plaintiff, pursuant to Federal Rules of Civil Procedure 26(a) and (e), first moved to exclude 'any evidence or witnesses not timely disclosed during discovery.' In particular, Plaintiff contended the defense had listed documents (nos. 20-22, 23 (in part), 24 and 27-29) and witnesses (nos. 14 and 17-58) in the pretrial order issued April 3, 2012 that had not been disclosed to Plaintiff or disclosed during discovery with reasonable particularity, either in Defendant's initial disclosures or responses to written discovery requests.  Finding Plaintiff had failed to provide evidence (in the form of his own declaration or a declaration from counsel) to show this was the case, the Court reserved ruling on the motion in its April 27, 2012 order [re: the parties' initial motions in limine].  Plaintiff now renews this motion, pointing to a declaration filed April 29, 2012 by Plaintiff's counsel Kevin Little that Plaintiff contends establishes Defendant did not comply with his discovery obligations. [¶] In opposition, Defendant contends Rule 26 does not require the disclosure of witnesses or evidence where they would be used solely for impeachment purposes."

The Court further stated:

> "Rule 26 provides in pertinent part, "[A] party must, without awaiting a discovery request, provide to the other parties: [¶] (I) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; [¶] (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(A). To the extent Defendant intends for his argument here to be construed as a representation he intends to use the witnesses and evidence at issue solely for impeachment purposes, the Court would

3

> agree Defendant's failure to disclose them would not preclude their admissibility/ability to testify. To the extent Defendant does *not* so intend, the Court, having reviewed the pleadings of record and all competent and admissible evidence submitted, would find as follows: [¶] • defense witness nos. 19 and 20 may be permitted to testify; [¶] • defense witness nos. 18 and 21-56 are precluded from testifying; [¶] • defense exhibit nos. 20-23, 27 and 29 are admissible; [¶] • defense exhibit nos. 24 and 28 are inadmissible. [¶] The Court shall leave it to Defendant to clarify at the hearing how he intends to proceed, and shall rule accordingly. Thus, ruling on Plaintiff's motion in limine #1 remains RESERVED."

Plaintiff now requests an explanation why the Court did not make a ruling as to witness nos. 14, 17, 57 or 58 in its August 8, 2012 order. The failure to address the foregoing witnesses was oversight. Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds that to the extent Defendant does not intend to use witness nos. 14, 17, 57 and 58 for impeachment purposes, they would be precluded from testifying. In any case, the Court does not see why this is an issue. At the August 10, 2012 hearing, defense counsel represented to the Court that they intended to use the witnesses and exhibits at issue solely for impeachment purposes. Based on these representations, Defendant will not be allowed to use these witnesses for substantive purposes.

   Plaintiff further moves for reconsideration of the Court's ruling on defense exhibit nos. 20-24 and 27-29, but provides no compelling reason why reconsideration should be granted. Exhibits nos. 21-23, 27 and 29, which the Court ruled were admissible, are records maintained by third parties *on behalf of Plaintiff*. In light of this fact, and the fact Plaintiff (1) identified the documents either in his deposition or in response to discovery requests and (2) was given notice Defendant had served subpoenas on those third parties specifically seeking such information, Plaintiff cannot reasonably contend he was prejudiced simply because he did not timely receive copies of the documents *from Defendant* after Defendant obtained them for himself. Even if Plaintiff were prejudiced, he could have minimized such prejudice by propounding document requests on Defendant or subpoenaing the documents directly; nothing suggests Plaintiff's ability to acquire the documents was in any way affected. The same could be said about the documents comprising exhibit no. 20. Admittedly, Defendant has not pointed to – and the Court has been unable to locate – any evidence in the record showing Defendant expressly disclosed to Plaintiff he might be using the exhibits at issue to support

4

his claims or defenses, as required under Rule 26. In the Court's view, however, Plaintiff cannot reasonably contend he did not expect Defendant might do so, given the exhibits consist of records going to Plaintiff's medical, employment and criminal history and would have been viewed by a prudent litigant in Plaintiff's position as being especially informative to a case as this. In any event, the Court fails to see why this is of concern, given defense's representation the exhibits are to be used for impeachment. Accordingly, Plaintiff's motion for partial reconsideration shall be denied.

## V.  DISPOSITION

Based on the foregoing, Plaintiff's motion for partial reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   August 14, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE