IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICER CHRISTOPHER LONG,<br><br>        Defendant. | 1:08-cv-01422-AWI-MJS<br><br>ORDER DENYING MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE<br><br>(Doc. 301) |

## I. INTRODUCTION

Plaintiff Robert Morris has filed a motion for production of trial transcripts at government expense. For reasons discussed below, the motion shall be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

The Court refers the parties to previous orders for a complete chronology of the proceedings. On January 11, 2012, plaintiff Robert Morris (hereinafter referred to as "Plaintiff") filed his ninth amended complaint, asserting one cause of action against defendant Officer Christopher Long (hereinafter referred to as "Defendant") for federal civil rights violations – in particular, excessive

force in violation of the Fourth Amendment right to be free of unreasonable searches and seizures – pursuant to 42 U.S.C. § 1983. A jury trial commenced on August 21, 2012. On September 5, 2012, the jury returned a verdict of not liable, finding Defendant had not used excessive force against Plaintiff in violation of the Fourth Amendment. On September 19, 2012, Plaintiff filed an application (doc. 296) to proceed *in forma pauperis* for the purpose of appealing the judgment to the U.S. Court of Appeals for the Ninth Circuit. In conjunction with that motion, Plaintiff requested he be provided trial transcripts at government expense. Plaintiff renewed his request for trial transcripts in a formal motion (doc. 301), unopposed by Defendant, filed October 3, 2012.

### III. LEGAL STANDARD

"Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference;" fees for transcripts furnished outside of criminal proceedings or habeas petitions to persons appealing *in forma pauperis*, as here, "shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). The appellant "has the burden of demonstrating nonfrivolity and substantiality of the claims." *Randle v. Franklin,* slip copy, 2012 WL 201757 (E.D.Cal. January 23, 2012), at *2 (citing *Maloney v. E.I. du Pont de Nemours & Co.,* 396 F.2d 939, 940 (D.C.Cir. 1967)).

### IV. DISCUSSION

In his motion, Plaintiff fails to explain the basis for his request for trial transcripts. Plaintiff presumably requires transcripts to assist with his appeal, but even so, he must identify the issues he intends to raise on appeal and explain why those issues are meritorious in order to meet the abovementioned standard. That was not done here. Under these circumstances, Plaintiff cannot

demonstrate his appeal is not frivolous and presents a substantial question, and his motion for production of trial transcripts must be therefore be denied.

### V. DISPOSITION

Based on the foregoing, the motion of plaintiff Robert Morris for production of trial transcripts at government expense is DENIED.

IT IS SO ORDERED.

Dated: October 19, 2012

CHIEF UNITED STATES DISTRICT JUDGE

3