IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MORRIS, ) | 1:08-cv-01422-AWI-MJS |
| ) | |
| Plaintiff, ) | ORDER DENYING MOTION |
| ) | FOR RECONSIDERATION |
| v. ) | |
| ) | (Doc. 305) |
| OFFICER CHRISTOPHER LONG, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I. INTRODUCTION

Plaintiff Robert Morris has filed a motion for reconsideration of the Court's October 19, 2012 order denying his October 3, 2012 motion for production of trial transcripts at government expense. For reasons discussed below, the motion for reconsideration shall be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

The Court refers the parties to previous orders for a complete chronology of the proceedings. On January 11, 2012, plaintiff Robert Morris ("Plaintiff") filed his ninth amended complaint, asserting one cause of action against defendant Officer Christopher Long ("Defendant") for federal civil rights

Case 1:08-cv-01422-AWI-MJS   Document 306   Filed 10/31/12   Page 2 of 9


violations – in particular, excessive force in violation of the Fourth Amendment right to be free of unreasonable searches and seizures – pursuant to 42 U.S.C. § 1983. A jury trial commenced on August 21, 2012. On September 5, 2012, the jury returned a verdict of not liable, finding Defendant had not used excessive force against Plaintiff in violation of the Fourth Amendment.

On September 19, 2012, Plaintiff filed an application to proceed *in forma pauperis* for the purpose of appealing the judgment to the U.S. Court of Appeals for the Ninth Circuit. In conjunction with that motion, Plaintiff requested he be provided trial transcripts at government expense. Plaintiff renewed his request for trial transcripts in a formal motion filed October 3, 2012. On October 19, 2012, the Court denied Plaintiff's motion for production of trial transcripts. On October 25, 2012, Plaintiff filed his motion for reconsideration of the Court's October 19, 2012 order.

### III. LEGAL STANDARD

"Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including [¶] (1) when and to what Judge or Magistrate Judge the prior motion was made; [¶] (2) what ruling, decision, or order was made thereon; [¶] (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [¶] (4) why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j). Reconsideration of motions may also be granted under the standards applicable to reconsideration of a final judgment under Federal Rule of Civil Procedure 59(e). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may

also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

## IV. DISCUSSION

Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds Plaintiff has failed to meet the foregoing standard for reconsideration. As the sole basis for the motion, Plaintiff contends the Court's October 19, 2012 order denying his October 3, 2012 motion for trial transcripts "requires reconsideration because it erroneously concluded that plaintiff did not identify the issues he intended to raise on appeal in connection with his request, in order to demonstrate that the issues were non-frivolous and substantial. However, . . . , [Plaintiff] identified several non-frivolous appeals issues . . . ." These assertions are wrong in two respects.

The Court did not deny Plaintiff's motion for trial transcripts because "it . . . concluded that plaintiff did not identify the issues he intended to raise on appeal," as Plaintiff contends. This statement is disingenuous and misreads the Court's October 19, 2012 order. The order stated: "[Plaintiff] must identify the issues he intends to raise on appeal *and explain why those issues are meritorious* in order to meet the . . . standard [for production of trial transcripts at government expense]. That was not done here." *Morris v. Long,* slip copy, 2012 WL 5208503 (E.D.Cal. 2012), at *1 (emphasis added). The Court was well aware Plaintiff had identified the issues he intended to raise on appeal in his September 19, 2012 application to proceed *in forma pauperis*. However, Plaintiff provided no argument or evidence to explain how those issues could conceivably have any merit and were thereby non-frivolous and substantial. *See Morris, supra,* at *1 ("[F]ees for transcripts furnished outside of criminal proceedings or habeas petitions to persons appealing *in forma pauperis*, as here, 'shall be paid by the United States if the trial judge . . . certifies that the appeal is not frivolous (but presents a substantial question)' ") (internal citations omitted). In light of these omissions, Plaintiff's contention he "identified several non-frivolous appeals issues"

3

presupposes, incorrectly, that simply identifying the issues a litigant intends to raise on appeal necessarily means those issues are not frivolous and present a substantial question. Plaintiff has provided no authority – and the Court's research reveals no authority – to support this proposition.

In his September 19, 2012 motion to proceed *in forma pauperis*, Plaintiff alleged as his first issue on appeal: "1. The trial judge prejudicially erred in refusing to instruct the jury that I had a constitutional right to criticize or complain to the police, and that such activity could not justify the force used against me. This was my theory of the case and therefore had to be instructed." Problematically for Plaintiff, no argument or evidence was provided in his September 19, 2012 motion or October 3, 2012 motion for trial transcripts to suggest this contention could conceivably be meritorious in any sense. The Court acknowledges that "[e]ach party is . . . ' "entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence," ' and "[a] district court . . . commits error when it rejects proposed jury instructions that are properly supported by the law and the evidence." *Clem v. Lomeli,* 566 F.3d 1177, 1181 (9th Cir. 2009) (internal citations omitted). But Plaintiff never expressly represented to the Court this was the only instruction presenting his theory of the case. To the extent Plaintiff intended to suggest the Court was nevertheless required to give the proffered instruction because it was supported by the law and consistent with the evidence presented at trial, Plaintiff was required to explain how that was so. He did not. " 'It is not reversible error to reject a [party's] proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that [ ] theory.' " *Duckett v. Godinez,* 67 F.3d 734, 739 (9th Cir. 1995). Even assuming the proffered instruction perfectly encapsulated Plaintiff's theory of the case, Plaintiff provided no argument or evidence to explain how the theory was not adequately covered by the other instructions ultimately given by the Court. *See Fischer v. Red Lion Inns Operating L.P.,* 972 F.2d 906, 910 (8th Cir. 1992) ("Jury instructions must be read together, and if taken as a whole they correctly state the law, fairly submit the case, and do not mislead the jury, then there is no prejudicial error"). There is simply no indication the Court's failure to give the instruction prejudiced the outcome of the proceedings or was erroneous.

In his September 19, 2012 motion to proceed *in forma pauperis*, Plaintiff further alleged as his second issue on appeal: "2. The trial judge prejudicially erred in excluding evidence that the defendant officer had committed an act of dishonesty in an unrelated internal affairs matter, since said evidence was admissible under [Federal Rule of Evidence] 608(b)." This issue presumably arises out of an August 26, 2012 brief filed by Plaintiff regarding certain evidentiary issues that had been raised at trial. Among other things, Plaintiff requested the Court admit portions of Defendant's deposition testimony wherein Defendant stated he told a witness to a police department investigation of an incident in which Defendant had injured an animal that if he were in the witness's position, he would not "turn over" to the department photographs of the animal possessed by the witness. Arguing such evidence established Defendant violated California Penal Code § 136.1(a)(2) and therefore qualified as impeachment evidence under Rule 608(b), Plaintiff contended the Court was required to admit the evidence. In an opposition filed August 27, 2012, Defendant contended the evidence fell outside the scope of Rule 608(b) and was further precluded by Rule 403. The Court, having considered the issue, agreed with Defendant and denied Plaintiff's request at a hearing on the record. The Court did not issue a written order, but will now explain the reasoning it followed here.

Rule 608(b) provides in pertinent part: "Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of: [¶] (1) the witness." Fed. R. Evid. 608(b)(1). "Rule 608(b) addresses situations in which a witness's prior activity, whether exemplified by conduct or by a statement, in and of itself casts significant doubt upon his veracity." *U.S. v. Winchenbach,* 197 F.3d 548, 558 (1st Cir. 1999) (citing *Kasuri v. St. Elizabeth Hosp. Medical Center,* 897 F.2d 845, 854 (6th Cir. 1990)). "Thus, Rule 608(b) applies to, and bars the introduction of, extrinsic evidence of specific instances of a witness's *misconduct* if offered to impugn his credibility. [Citation.] So viewed, Rule 608(b) applies to a statement, as long as the statement in and of itself stands as an independent means of impeachment

without any need to compare it to contradictory trial testimony. [Citations.]" *Winchenbach, supra,* at p. 558 (emphasis original). In light of the foregoing principles, the evidence at issue was clearly not admissible for the purpose stated by Plaintiff: the testimony Defendant suggested a witness not "turn over" photographs is extrinsic evidence of a specific act of conduct of Defendant's that *in and of itself* called Defendant's credibility into question, and was therefore not permissible for attacking Defendant's credibility under the plain language of Rule 608(b). At the time of his request, Plaintiff did not identify any issue for which this evidence might have been probative other than Defendant's general propensity for truthfulness or untruthfulness. Even now, faced with the Court's denial of his motion for production of transcripts at government expense, Plaintiff fails to identify any such issues.

The foregoing analysis assumes, of course, that Defendant's statement was misconduct to begin with. Such an assumption was not, in fact, warranted. While the statement could arguably have supported finding misconduct of a certain nature, it was insufficient to demonstrate a violation of the statute invoked by Plaintiff. Section 136.1 provides in pertinent part: "[A]ny person who does any of the following is guilty of a public offense and shall be punished by imprisonment in a county jail for not more than one year of in the state prison: [¶] . . . [¶] (2) Knowingly and maliciously attempts to prevent or dissuade any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law." Cal. Pen. Code, § 136.1, subd. (a)(2). "The language of section 136.1 focuses on an unlawful goal or effect, *the prevention of testimony*, rather than on any particular action taken to produce that end . . . . The gravamen of the offense is the *cumulative outcome* of [a] number of acts[.]" *People v. Salvato,* 234 Cal.App.3d 872, 884, 285 Cal.Rptr. 837 (1991) (emphasis added). Plaintiff provided no authority – and the Court's research revealed no authority – to support the proposition that Defendant's suggestion the witness not "turn over" *photographs* to the police constituted an attempt to dissuade the witness from *testifying* in the investigation in violation of section 136.1. Plaintiff provides no such authority even now.

Even assuming the evidence at issue were somehow admissible under Rule 608(b), the Court nonetheless retained discretion to exclude it as being more prejudicial than probative under Rule 403.

*See U.S. v. Price,* 566 F.3d 900, 912 (9th Cir. 2009); *U.S. v. Walls,* 577 F.2d 690, 696 (9th Cir. 1978). The Court found the exercise of such discretion was warranted because the risk of undue prejudice to Defendant was significant. The risk of confusing the issues and misleading the jury was likewise significant. The parties would have been required to explain Defendant's interaction with the animal to the jury because without such context, Defendant's statement would have made no sense and the jury would have been left with a conceptual void. Given the Court had already ruled in a prior order that evidence of Defendant's interactions with animals was inadmissible for the purposes previously identified by Plaintiff and saw no reason to revisit that ruling, the Court found it prudent to exclude the evidence. Thus, the Court denied Plaintiff's request to admit the stated portions of Defendant's deposition testimony. Plaintiff has since provided no argument or evidence to explain how it was erroneous and prejudicial for the Court to exclude the testimony under Rule 403. Without doing so, Plaintiff cannot establish the issue is non-frivolous and substantial.

In his September 19, 2012 motion to proceed *in forma pauperis*, Plaintiff further alleged as his third issue on appeal: "3. The trial judge prejudicially erred in excluding evidence of the defendant officer's habit of responding to verbal criticism with physical force, as said evidence was relevant and admissible under [Federal Rule of Evidence] 406." The evidence here presumably refers to (1) the testimony of Matthew Hare, Lori Hare and Edward Hare regarding two incidents between Matthew Hare and Defendant; (2) the testimony of Heather Ziegenbein and Bryon Stuckey regarding two unrelated on-duty use-of-force incidents involving Defendant and Ziegenbein and Defendant and Stuckey; and (3) evidence of Defendant's interactions with animals. This evidence was addressed in detail by the Court in a previous order issued at the motion in limine stage. *Morris v. Long,* slip copy, 2012 WL 3276938 (E.D.Cal. 2012), at *10-*13. Plaintiff has provided no argument or evidence to explain how the Court's ruling was erroneous or prejudicial. As with the previous issue, Plaintiff cannot establish this issue is non-frivolous and substantial without doing so.

In his September 19, 2012 motion to proceed *in forma pauperis*, Plaintiff further alleged as his fourth and final issue on appeal: "4. The trial judge prejudicially erred in excluding evidence of

the absence of a business record under [Federal Rule of Evidence] 803(7); this evidence was directly relevant to the defendant officer's credibility." The evidence alleged here presumably refers to American Ambulance service records from the day of Plaintiff's arrest, which Plaintiff sought to introduce in a motion filed August 28, 2012. Contending the records were admissible under Rule 803(7)[1], Plaintiff argued that because the records showed Plaintiff's wife, Michelle, had been treated for injuries by ambulance personnel but made no mention of Plaintiff, they necessarily established that Plaintiff had not been treated. The Court denied Plaintiff's motion at a hearing on the record. In particular, the Court was concerned that Plaintiff was attempting to equate the absence of actual evidence (i.e., the lack of records showing Plaintiff was treated) with negative evidence (i.e., as proof of the fact Plaintiff was *not* treated) without first establishing this was a situation where silence in the records tended to prove or disprove the existence of a fact. The Court found Plaintiff could not show this was such a situation simply by authenticating the records with a declaration from the custodian of records, as Plaintiff did, without also providing testimony from the ambulance personnel who would ordinarily have prepared the records. *See* Fed. R. Evid. 803(7). Plaintiff has provided no argument or evidence in his September 19, 2012 motion to proceed *in forma pauperis*, his October 3, 2012 motion for production of trial transcripts or his October 25, 2012 motion for reconsideration of the Court's October 19, 2012 order denying his October 3, 2012 motion to explain how the foregoing ruling might have been prejudicial or erroneous, as he has contended on appeal. Therefore, his conclusory statement the "trial judge prejudicially erred in excluding" the American Ambulance records cannot be deemed to have raised a sufficiently non-frivolous and substantial question on appeal entitling him to production of trial transcripts at government expense.

---

[1] Rule 803 provides in pertinent part: "The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: [¶] . . . [¶] (7) Evidence that a matter is not included in a record . . . if: [¶] (A) the evidence is admitted to prove that the matter did not occur or exist; [¶] (b) a record was regularly kept for a matter of that kind; and [¶] (c) neither the possible source of the information nor other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803.

## V. DISPOSITION

Based on the foregoing, Plaintiff's motion for reconsideration of the Court's October 19, 2012 order denying his October 3, 2012 motion for trial transcripts at government expense is DENIED.

IT IS SO ORDERED.

Dated:    October 30, 2012

CHIEF UNITED STATES DISTRICT JUDGE

9